# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## SUCV2004-00217
### Walsh v Kenworth Truck Company

| | | | |
|---|---|---|---|
| File Date | 01/16/2004 | Status | Disposed: transferred to other court (dtrans) |
| Status Date | 02/17/2004 | Session | C - Civil C |
| Origin | 1 | Case Type | B05 - Products liability |
| Lead Case | | Track | A |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 04/15/2004 | Answer | 06/14/2004 | Rule12/19/20 | 06/14/2004 |
| Rule 15 | 04/10/2005 | Discovery | 03/06/2006 | Rule 56 | 05/05/2006 |
| Final PTC | 09/02/2006 | Disposition | 01/15/2007 | Jury Trial | Yes |

**Plaintiff**
Joseph W Walsh
Active 01/16/2004

**Private Counsel** 528465
Christopher S Williams
Wiliams & Associates (Christopher S)
11 Beacon Street
Suite 1100
Boston, MA 02108-3014
Phone: 617-303-0909
Fax: 617-723-7702
Active 01/16/2004 Notify

**Defendant**
Kenworth Truck Company
Service pending 01/16/2004

**Private Counsel** 541882
James M Campbell
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd Floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 02/17/2004 Notify

**Private Counsel** 546512
Kathleen M Guilfoyle
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd Floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 02/17/2004 Notify

| Date | Paper | Text |
|---|---|---|
| 01/16/2004 | 1.0 | Complaint filed with request for trial by jury |
| 01/16/2004 | | Origin 1, Type B05, Track A. |
| 01/16/2004 | 2.0 | Civil action cover sheet filed |
| 02/13/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | Kenworth Truck Company  U. S. Dist.#(04-10304JLT). |
| 02/17/2004 | | Case REMOVED this date to US District Court of Massachusetts |

case01 234594 y y y y y                                                                 Page 1 of 2

. HEREBY ATTEST AND CERTIFY ON
FEB. 17, 2004
THAT THE
**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY. _[signature]_

ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                TRIAL COURT
                                                            SUPERIOR COURT
                                                            DEPARTMENT
                                                            C.A. NO:

JOSEPH W. WALSH,                    )
    Plaintiff,                      )
                                    )
V.                                  )           04-0217
                                    )
KENWORTH TRUCK COMPANY              )
    Defendant.                      )

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Joseph W. Walsh is a resident of Miami, Florida.

2. Defendant Kenworth Truck Company ("Kenworth") is, upon information and belief, a corporation organized under the laws of the State of Washington, with a usual place of business in Kirkland, Washington. At all times material hereto, defendant was engaged in the design, manufacture, assembly, packaging, advertising, marketing, distribution and sale of trucks, under the trade name "KENWORTH", including "MODEL # K100E" (the "product"), which it advertises, markets, distributes and/or sells in the Commonwealth of Massachusetts. At all times material hereto, defendant did business in the Commonwealth.

3. On or about June 28, 2002, plaintiff was the owner of the product.

4. On or about June 28, 2002, Plaintiff, stepped onto the platform area of cab of the product to check the alternator belt, when he stepped on a hot water hose which burst, spraying plaintiff with hot water.

5. As a direct and proximate result of being sprayed by the hot water, plaintiff suffered third

degree burns to his right leg, causing him to endure extreme pain and suffering and continuing disability, as well as incur medical bills for treatment for his injuries and to sustain a loss of earning capacity.

## COUNT I

6. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1 through 5 of the Complaint.

7. Defendant Kenworth was negligent and careless in the design, manufacture, assembly, packaging, advertising, marketing, distribution and sale of the product, and in failing to warn and properly and adequately instruct expected users of the product of the dangers associated with foreseeable uses and misuses of the product.

8. As a direct and proximate result of the negligence of the defendant, plaintiff was injured, has suffered extreme pain of mind and body, has been disabled from carrying out his usual duties, has incurred medical expenses for treatment of his injuries, has suffered a loss of earning capacity and has sustained other injuries and damages.

WHEREFORE, plaintiff demands judgment against defendant Kenworth in an amount to be determined by a jury, together with costs and interest.

## COUNT II

9. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1 through 5 of the Complaint.

10. As a result of the sale of the product, defendant Kenworth expressly and/or impliedly warranted that the product was merchantable, fit for the purposes for which it was intended, free of defects and not unreasonably dangerous for use by the plaintiff.

11. Defendant Kenworth breached its warranty of merchantability in that the product was not

2

fit for the purposes for which it was intended, was defective, unreasonably dangerous and not merchantable. Further, said warranty was breached by failing to warn and properly and adequately instruct foreseeable users of the dangers associated with the hot water lines of the truck, as well as with foreseeable uses and misuses of the product.

12. As a direct and proximate result of the defendant's breach of warranty of merchantability, plaintiff was injured, has suffered extreme pain of mind and body, has been disabled from carrying out his usual duties, has incurred medical expenses for treatment of his injuries, has suffered a loss of earning capacity and has sustained other injuries and damages.

WHEREFORE, plaintiff demands judgment against defendant Kenworth in an amount to be determined by a jury, together with costs and interest

### COUNT III

13. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1 through 5 of the Complaint.

14. As a result of the sale of the product, defendant Kenworth expressly and/or impliedly warranted that the product was fit for the particular purpose for which it was intended, and free of defects and not unreasonably dangerous for use by the plaintiff.

15. Defendant Kenworth breached its warranty of fitness for a particular purpose in that the product was not fit for the particular purpose for which it was intended, was defective and unreasonably dangerous.

16. As a direct and proximate result of the defendant's breach of warranty of fitness for a particular purpose, plaintiff was injured, has suffered extreme pain of mind and body, has been disabled from carrying out his usual duties, has incurred medical expenses for treatment of his injuries, has suffered a loss of earning capacity and has sustained other

3

injuries and damages.

WHEREFORE, plaintiff demands judgment against defendant Kenworth in an amount to be determined by a jury, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

>Plaintiff,
>By his attorneys,
>WILLIAMS & O'LEARY, LLP
>
>_/s/ Christopher S. Williams_
>Christopher S. Williams
>BBO# 528465
>Christopher J. Connolly
>BBO# 634044
>11 Beacon Street, Suite 1100
>Boston, MA 02108
>(617) 303-0909

1/15/04

I HEREBY ATTEST AND CERTIFY ON FEB. 17, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _/s/ Lorraine A. Antonica_

ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-0217 C | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Joseph W. Walsh | Kenworth Truck Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Christopher S. Williams<br>WILLIAMS & O'LEARY, LLP, 11 Beacon St., Ste.<br>Board of Bar Overseers number: 528465  1100, Boston, MA 02108 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | (XX) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $ 40,000 (approx)
2. Total Doctor expenses ................................................... $..........
3. Total chiropractic expenses ............................................. $..........
4. Total physical therapy expenses ......................................... $..........
5. Total other expenses (describe) ......................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ............................. $ 20,000 (approx)
C. Documented property damages to date ........................................ $..........
D. Reasonably anticipated future medical and hospital expenses ................ $..........
E. Reasonably anticipated lost wages ......................................... $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff suffered third degree burns to his right leg, which required a twelve day in-patient admission to the hospital and skin graft surgery.
   $..........
   TOTAL $ 60,000 (approx)

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 1/15/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
FEB. 17, 2004 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

*Suffolk Superior Civil # 04-0217*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSCHUSETTS

*U.S. DIST # 04-10304 JLT*

| | |
|---|---|
| JOSEPH W. WALSH,<br>Plaintiff,<br><br>vs.<br><br>KENWORTH TRUCK COMPANY,<br>Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO:   Chief Judge and Judges of the
      United States District Court
      For the District of Massachusetts

The defendant, Kenworth Truck Company ("Kenworth"), an unincorporated division of PACCAR INC., hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 in connection with the above-captioned action. As grounds for its Notice of Removal, Kenworth states as follows:

1.   This action was commenced in the Suffolk Superior Court and is now pending before that court.

2.   As appears from the docket, files, and records of the Suffolk Superior Court, a civil action was commenced on or about January 15, 2004. Undersigned counsel received notice of the complaint on or about January 22, 2004 and agreed to accept service on behalf of Kenworth. The original summons and complaint were served on

counsel for Kenworth on February 11, 2004. A copy of said complaint is attached hereto as Exhibit A.

3. This civil action arises out of personal injuries allegedly sustained by the plaintiff, Joseph Walsh ("the plaintiff"), on or about June 28, 2002. Specifically, the plaintiff alleges that he sustained third-degree burns on his right leg when a hot water hose in his Kenworth Model K100E Truck burst as the plaintiff was checking the alternator belt. As a result of his alleged injuries, the plaintiff was required to undergo skin graft surgery. While the lost wages and medical expenses, to date, approximate $60,000, the plaintiff alleges that he has a continuing disability and loss of earning capacity.

4. The plaintiff states in his complaint that he is a resident of Miami, Florida.

5. Kenworth is an unincorporated division of PACCAR INC. which is a Delaware Corporation with a principal place of business in Washington.

6. Jurisdiction of the Federal Court is founded on the complete diversity of citizenship between the plaintiff and the defendant. Given the plaintiff's allegations, Kenworth believes that the amount in controversy exceeds $75,000 exclusive of interests and costs.

7. This Notice of Removal is filed within thirty (30) days of receipt of the complaint in this action by Kenworth.

WHEREFORE, Kenworth Truck Company requests that this action be removed from the Suffolk Superior Court to the United States District Court for the District of Massachusetts.

        KENWORTH TRUCK COMPANY
        By its attorneys,
        CAMPBELL CAMPBELL EDWARDS & CONROY,
        PROFESSIONAL CORPORATION,

*/s/ Kathleen M. Guilfoyle*
James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

DATED: February 13, 2004

I HEREBY ATTEST AND CERTIFY ON FEB. 17, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. *[signature]*
ASSISTANT CLERK.

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

Christopher S. Williams, Esq.
Williams & O'Leary, LLP
11 Beacon Street – Suite 1100
Boston, MA 02108

*/s/ Kathleen M. Guilfoyle*
Kathleen M. Guilfoyle

3

COMMONWEALTH OF MASSCHUSETTS

SUFFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO. SUCV2004-00217

JOSEPH W. WALSH,                    )
    Plaintiff,                      )
                                    )
                                    )
vs.                                 )
                                    )
KENWORTH TRUCK COMPANY,             )
    Defendant.                      )
                                    )



### NOTICE OF REMOVAL

TO:   Civil Clerk's Office
      Suffolk Superior Court
      810 US Post Office & Courthouse
      90 Devonshire Street
      Boston, MA 02109

      Christopher S. Williams, Esq.
      Williams & O'Leary, LLP
      11 Beacon Street – Suite 1100
      Boston, MA 02108

Please take notice that the defendant, Kenworth Truck Company, has on the 13th day of February, 2004, filed a Notice of Removal pursuant to 28 U.S.C. sec. 1441 et seq., containing a statement of facts which entitle it to remove the case to the United States District Court, District of Massachusetts.

A copy of the Notice of Removal filed with the United States District Court has been filed together with this notice.

KENWORTH TRUCK COMPANY
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY,
PROFESSIONAL CORPORATION,

*Kathleen M. Guilfoyle*

James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

DATED:     February 13, 2004

## CERTIFICATE OF SERVICE

I certify that on February 13, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

Christopher S. Williams, Esq.
Williams & O'Leary, LLP
11 Beacon Street – Suite 1100
Boston, MA  02108

*Kathleen M. Guilfoyle*
Kathleen M. Guilfoyle

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-217

JOSEPH W. WALSH , Plaintiff(s)

v.

KENWORTH TRUCK COMPANY , Defendant(s)

## SUMMONS

To the above-named Defendant: Kenworth Truck Company

You are hereby summoned and required to serve upon Christopher S. Williams, Esq. WILLIAMS & O'LEARY, LLP, 11 Beacon Street, Suite 1100, Boston, MA 02108 plaintiff's attorney, whose address is _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ninth day of February , in the year of our Lord two thousand four .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.