UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br>Plaintiff,<br><br>vs.<br><br>KENWORTH TRUCK COMPANY,<br>Defendant. | CIVIL ACTION NO. 04-10304JLT |

## ANSWER AND JURY DEMAND
## OF KENWORTH TRUCK COMPANY

Defendant Kenworth Truck Company ("Kenworth") responds as follows to the Complaint of plaintiff Joseph W. Walsh (the "plaintiff"):

1. Kenworth is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 1 of the Complaint.

2. Kenworth denies the averments set forth in the first sentence of Paragraph 2 of the Complaint. Further responding, Kenworth denies that it does business and/or sells products in Massachusetts and admits the remaining averments contained in the second and third sentence of Paragraph 3 of the Complaint.

3-5. Kenworth is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraphs 3 through 5 of the Complaint.

### COUNT I

6. Kenworth repeats and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 5 of the Complaint.

7-8.   Kenworth denies the averments contained in Paragraphs 7 and 8 of Count I of the Complaint.

## COUNT II

9.   Kenworth repeats and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 5 of the Complaint.

10.   Kenworth states that the averments contained in Paragraph 10 of Count II of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Kenworth states that the subject product conformed with all applicable warranties.

11-12.   Kenworth denies the averments contained in Paragraphs 11 and 12 of Count II of the Complaint.

## COUNT III

13.   Kenworth repeats and incorporates by reference herein its responses to the allegations contained in Paragraphs 1 through 5 of the Complaint.

14.   Kenworth states that the averments contained in Paragraph 14 of Count III of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Kenworth states that the subject product conformed with all applicable warranties.

15-16.   Kenworth denies the averments contained in Paragraphs 15 and 16 of Count III of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Kenworth upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, against Kenworth on a theory of negligence because the alleged losses were proximately caused by the negligence of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth because his alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Kenworth bears no responsibility.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth because the conduct of persons other than Kenworth was the sole proximate cause of Plaintiff's alleged injuries and damage.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth because Plaintiff's alleged losses were caused by the acts or omissions of persons for whose conduct Kenworth is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent Plaintiff Joseph Walsh failed to take reasonable steps to mitigate his alleged losses.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth because his alleged losses were caused by misuse of the product.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth on a breach of warranty theory because, if the product was defective (which Kenworth specifically denies), then Plaintiff Joseph Walsh was aware of the defect and the risk created by it, nonetheless used the product unreasonably, and by his unreasonable conduct proximately caused Plaintiff's alleged losses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth because Plaintiff failed to provide Kenworth sufficient information regarding his claim or of any alleged breach of warranty in a timely fashion, and Kenworth has been prejudiced by that failure.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery against Kenworth to the extent the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

## ELEVENTH AFFIRMATIVE DEFENSE

Kenworth specifically reserves the right to assert additional affirmative defenses as they become known to it.

## JURY DEMAND

Kenworth Truck Company demands a trial by jury on all counts so triable.

WHEREFORE, Kenworth having responded to the Complaint, prays unto the Court as follows:

1. That all claims against Kenworth be dismissed with prejudice;

2.  For recovery of its costs and attorneys' fees, to the extent permitted by law; and

3.  For all other relief deemed just and appropriate by this Court.

        KENWORTH TRUCK COMPANY
        By its attorneys,
        CAMPBELL CAMPBELL EDWARDS & CONROY,
        PROFESSIONAL CORPORATION,

*/s/ Kathleen M. Guilfoyle*
James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

DATED: March 1, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 3/1/04.

*/s/ Kathleen M. Guilfoyle*