UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br><br>    Plaintiff,<br><br>v.<br><br>PACCAR, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. NO. 04-10304-MBB<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING THE INCOMPLETE ACCESS PACKAGE

Defendant PACCAR Inc. ("PACCAR") moves in limine, pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence, to exclude testimony or evidence regarding the fact that the Kenworth K100E was sold without rear decking, that Kenworth required the initial purchaser to sign a waiver acknowledging that it was not receiving a complete rear access package, and that Kenworth subsequently made a decision not to sell trucks without complete rear access packages. PACCAR moves to exclude this testimony or evidence as irrelevant given that the plaintiff has testified that there was rear decking on his truck at the time of the accident in June, 2002 and that the presence or absence of rear decking is irrelevant to the plaintiff's claims in this action. To the extent that such information is even tangentially relevant, which PACCAR disputes, the potential prejudicial impact of that evidence far outweighs any probative value that it may have.

## FACTS

This is a negligence action arising out of an alleged accident on June 27, 2002 involving the plaintiff, an experienced commercial trucker. Specifically, the plaintiff alleges that he sustained burn injuries to his right leg after his right foot came in contact with a heater hose coming from an Artic Fox fuel heater in the left fuel tank of his 1988 Kenworth K100E truck ("the truck") broke. The plaintiff had purchased the truck in 1997 from a private seller with over three million miles on it. At the time the plaintiff purchased the truck he inspected it, he observed the hoses coming out of the fuel tank and he made no effort to determine the purpose of the hoses. The plaintiff's sole claim against PACCAR is one of negligent design and negligent failure to warn. Specifically, the plaintiff alleges that he did not know that the fuel heater was in the left fuel tank and that it was in his path of travel as he climbed up and down the steps on the left fuel tank to climb onto and off of the rear deckplate.

On October 25, 2005, the deposition of Richard Sedgley, the Rule 30(b)(6) witness of PACCAR took place. During the deposition, Mr. Sedgley testified that Kenworth offered a rear access package which consisted of a grab handle behind the cab, steps on the fuel tank, and a deckplate. He further testified that it was Kenworth's recommendation that its customers adhere to the "three point contact rule" when climbing onto or off of the rear of the cab. This rule requires that both feet and at least one arm be in contact with the stairs, grab handle and rear deckplate for safety reasons. When the subject truck was sold in 1988, it was equipped only with a grab handle and side fuel tank steps. Given that it was being sold with an incomplete rear access package, Kenworth required the customer to sign a waiver form and a label was placed on the truck. The

2

label read as follows: "Caution: Do not climb on bare fuel tanks or rear frame rails. Steps, handholds, and/or deck plates should be added if rear access is required." Deposition of Richard Sedgley at 90, l. 9-12. At some point, Kenworth ceased the practice of selling trucks with incomplete access packages at some time after 1988. The plaintiff testified that there was a rear deckplate on the truck at the time he purchased it used in 1997 and he has not alleged that his accident occurred as a result of the presence or absence of the rear deckplate at the time of the truck's initial sale to Werner.

## ARGUMENT

I. Evidence Regarding the Rear Access Package Provided by Kenwoth to the Initial Customer and Kenworth's Subsequent Change in Policies Regarding the Sale of Incomplete Rear Access Packages is Totally Irrelevant to the Plaintiff's Claims and Should be Excluded.

The plaintiff has alleged that PACCAR was negligent in its placement of the Artic Fox heater in the fuel tank and in its failure to warn customers of the potential danger of stepping on heater hoses. The plaintiff has not alleged in any pleading or at his deposition, that Kenworth's decision to sell the subject truck with an incomplete access package and its subsequent decision to stop selling trucks with incomplete rear access packages played any role in his claim. Moreover, the plaintiff has testified that there was a rear deckplate on the truck at the time he purchased it. As such, testimony of such issue is irrelevant pursuant to Fed. R. Evid. 401 and should be excluded pursuant to Fed. R. Ev. 402. For the same reasons, any testimony regarding the contents or adequacy of the warning decal is also irrelevant as the plaintiff does not contend in this case that the presence or absence of a handhold, steps, or a deckplate played any role in his accident.

Even assuming arguendo that such evidence was relevant, the potential prejudicial impact of such evidence far outweighs any probative value such evidence may have and

3

it should be excluded pursuant to Fed. R. Ev. 403. Admission of evidence on this issue will lead to juror confusion, delay and needless expense of judicial resources.

## CONCLUSION

For the above-stated reasons, PACCAR requests that its motion in limine be allowed and that the plaintiff be precluded from offering evidence on this subject.

**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.


/s/ Kiley M. Belliveau
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com


## CERTIFICATE OF SERVICE

I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 1, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA 02108


/s/ Kiley M. Belliveau

4