UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH W. WALSH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PACCAR, INC., )<br>)<br>Defendant. )<br>) | C.A. NO. 04-10304-MBB |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING PRIVATE CONVERSATIONS BETWEEN THE PLAINTIFF AND HIS WIFE

Defendant PACCAR Inc. ("PACCAR") moves in limine, pursuant to Rule 501 of the Federal Rules of Evidence and M.G.L.A c. 233 §20 to preclude plaintiff Joseph Walsh ("the plaintiff") and his spouse Patricia Walsh from testifying as to private conversations they may have had. As further grounds for its motion, PACCAR states that testimony concerning any such conversations is also inadmissible hearsay pursuant to Federal Rule of Evidence 801 and it does not fall within any recognized exception to the hearsay rule.

As grounds for its motion, PACCAR states that this is a negligence action arising out of an alleged accident on June 27, 2002 involving the plaintiff. Specifically, the plaintiff alleges that he sustained burn injuries to his right leg after his right foot came in contact with a heater hose coming from an Artic Fox fuel heater in the left fuel tank of his 1988 Kenworth K100E truck ("the truck") broke. The plaintiff had purchased the truck

in 1997 from a private seller with over three million miles on it. The plaintiff has been married to Patricia Walsh since 1973. Although Mrs. Walsh did not witness the accident, and the plaintiff testified that he had no discussions with his wife regarding the accident or his damages, he has nevertheless identified her as a witness.

## ARGUMENT

I. **Massachusetts Spousal Disqualification Statute and Federal Rule of Evidence 501 Bar Testimony of Private Conversations Between Spouses.**

M.G.L. c. 233 §20 specifically provides that except in limited circumstances not relevant here, "neither husband not wife shall testify as to private conversations with the other." This is a rule of disqualification and not of privilege and, therefore, testimony as to private conversation is inadmissible even if both spouses wish such evidence to be admitted. Kaye v. Newhall, 356 Mass. 300 (1969). The spousal communication disqualification is applied in federal proceeding through Federal Rule of Evidence 501. Burnell v. Hampshire County, 307 F.3d 1, 8 n.3 (1st Cir. 2002).

II. **Testimony as to Conversations Between Joseph and Patricia Walsh is also Inadmissible Hearsay Pursuant to Federal Rule of Evidence 802.**

Even if the Court was to determine that the conversations between Joseph and Patricia Walsh were not "private" conversations and thus not governed by the disqualification statute, testimony as to conversations between the spouses would still be barred by the hearsay rule set forth in Federal Rule of Evidence 802. Garside v. Osco Drug, Inc., 895 F.2d 46, 49-50 (1st Cir. 1990)

CONCLUSION

For the above-stated reasons, PACCAR requests that its motion in limine be allowed and that the plaintiff and Patricia Walsh be precluded from offering testimony as to the substances of conversations that they had.

**PACCAR, Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.


_____/s/ Kathleen M. Guilfoyle___
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

3

## CERTIFICATE OF SERVICE

      I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 1, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108

                                                  /s/  Kiley M. Belliveau