UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PACCAR, INC., ) <br> ) <br> Defendant. ) | C.A. NO. 04-10304-MBB |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
REGARDING HIS FAILURE TO WARN CLAIM AS THE
ALLEGED DANGER WAS OPEN AND OBVIOUS**

Defendant PACCAR Inc. ("PACCAR") moves in limine, pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence, to exclude the plaintiff Joseph Walsh ("the plaintiff") from offering evidence that PACCAR failed to warn him of the dangers of stepping on heater hoses. As grounds for its motion, PACCAR states that there is no duty to warn about an open and obvious danger. As such the introduction of evidence regarding this issue is totally irrelevant. Moreover, to the extent that the evidence has any relevance, which PACCAR denies, any probative value the evidence may have is outweighed by the potential prejudice to PACCAR if such evidence is admitted.

FACTS

This is a negligence action arising out of an alleged accident on June 27, 2002, involving the plaintiff, an experienced commercial trucker. Specifically, the plaintiff alleges that he sustained burn injuries to his right leg after his right foot came in contact with a heater hose coming from an Artic Fox fuel heater in the left fuel tank of his 1988 Kenworth K100E truck ("the truck") broke. The plaintiff had purchased the truck in

1997 from a private seller with over three million miles on it. At the time the plaintiff purchased the truck he inspected it, he observed the hoses coming out of the fuel tank and he made no effort to determine the purpose of the hoses. The plaintiff has no evidence that the hoses at issue were ever replaced by the prior owners during the first three million miles and he did not replace them during the nine and one-half years that he has owned the truck. Written discovery was served on the plaintiff by PACCAR and he was asked questions regarding the failure to warn claim.

Interrogatory No. 25

Set forth verbatim the warnings and instructions which you alleged PACCAR or Kenworth failed to give, and state how that warning would have prevented injury to you

Answer to Interrogatory No. 25.

…. PACCAR/Kenworth should also have provided some type of warning about stepping on the cap and hose, which are directly in the path of travel to the back of the truck. If I had known that you could not step on this area, or that it might cause the line to break, I would not have done so.

At his deposition, the plaintiff testified that he knew that it was inappropriate to step on the fuel tank of the truck and that he knew that it was unsafe to step on hoses coming out of the fuel tank.

Q: And you had an understanding it was not appropriate to step on the tank itself?

A: Correct.

Deposition of Joseph Walsh at Page 42.

Q: Did you think that stepping on a hose, particularly a hose that comes out of a gas tank might be dangerous?

A: Stepping on any hose, I suppose, might be dangerous.

Q: And you knew that, right?

A: Of course.

Deposition of Joseph Walsh at Page 123.

2

<u>ARGUMENT</u>

I.   The Plaintiff Should be Precluded From Offering Evidence on His Failure to Warn Claim as There is No Duty to Warn About an Open and Obvious <u>Danger.</u>

Massachusetts case law is firmly established that there is no duty to warn about an open and obvious danger. <u>Bavuso v. Caterpillar</u>, 408 Mass. 694 (1990); <u>Barbosa v. Hopper Feeds, Inc.</u>, 404 Mass 610, 614. (1990). Where the danger presented by the product is obvious, no duty to warn exists because a warning will not reduce the likelihood of injury. <u>Bavuso</u>, 408 Mass. at 699, quoting <u>Colter v. Barber-Greene Co.</u>, 403 Mass. 50, 59 (1988). In addition, there is no duty to warn where the plaintiff appreciated the danger substantially to the same extent as a warning would have provided. <u>Slate v. Bethlehem Steel Corp.</u>, 400 Mass. 378, 382 (1987). In the present case, the plaintiff, an experienced owner/operator of commercial trucks, testified that he knew that he should not step on hoses coming out of a fuel tank and that is the very warning that he testified should have been provided.

II   The Plaintiff Should be Precluded From Offering Evidence on His Failure to Warn Claim as the Alleged Failure to Warn Is Not Causally Related to the <u>Plaintiff's Alleged Injuries.</u>

The plaintiff's deposition testimony establishes that he appreciated the risk of stepping on the fuel tank or on the hoses connected to the fuel tank. The plaintiff is an experienced commercial trucker who has been working with trucks since the age of twelve. The plaintiff testified at his deposition that he did not need to consult an owner's manual for the truck because he has been driving trucks for twenty-five years. Deposition of Joseph Walsh at Page 43-44.

The plaintiff alleges in this case that PACCAR should have provided "some type of warning about stepping on the cap and hose." Joseph Walsh's Answer to Interrogatory

3

25. Even if the court determines that PACCAR was required to provide such a warning, the "plaintiff may not recover if it can be shown that . . . he already appreciated the very danger the warning would have described. In such event there would be no connection between the negligent failure to warn and the plaintiff's damages." Laaperi v. Sears, Roebuck & Co., 787 F.2d 726, 732 (1st Cir. 1986). The plaintiff's admitted awareness of the hazards associated with stepping on hoses connected to the fuel tank precludes a finding for the plaintiff on his failure to warn claim because PACCAR's alleged failure to warn was not the proximate cause of the plaintiff's injuries. See Cary v. Lynn Ladder & Scaffolding Co., Inc., 427 Mass. 1003, 1003-1004 (1998) (affirming summary judgment for defendant ladder manufacturer where plaintiff was aware of risk such that warning was not required and defendant was not causally responsible for plaintiff's accident); Colter, 403 Mass. at 59.

## CONCLUSION

For the above-stated reasons, PACCAR requests that its motion in limine be allowed and that the plaintiff be precluded from offering evidence on his failure to warn claim.

**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

/s/ Kathleen M. Guilfoyle
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO # 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

## **CERTIFICATE OF SERVICE**

    I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 1, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108


                                                /s/  Kiley M. Belliveau