UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH W. WALSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 04-10304-MBB |
| ) | |
| PACCAR, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM INTRODUCING EVIDENCE AS TO LOST INCOME AND CERTAIN EVIDENCE PERTINENT TO HIS PURCHASE OF THE TRUCK PURSUANT TO RULE 37(c)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

The crux of this negligence action filed by plaintiff Joseph Walsh ("the plaintiff") is that in 1997 he purchased a used 1988 Kenworth K100E truck ("the truck") from a private seller, that the truck contained an Artic Fox Fuel heater ("the heater") in the left fuel tank, that he was not informed either orally, or via written documentation, that the truck contained a fuel heater, and that he was injured five years later when he stepped on one of the heater hoses. As a result of this accident, the plaintiff seeks the recovery of, inter alia, lost income that he would have allegedly received during the three to four weeks that he was out of work recovering from the injuries. To date, however, the plaintiff has not produced one scintilla of evidence to support this damage claim. The plaintiff has not produced any documents that identify the seller of the used truck to the plaintiff that prevail and he has prevented the defendant, PACCAR Inc. ("PACCAR"), from obtaining that information by refusing to go to the Registry of Motor Vehicles to

obtain the information[1]. PACCAR has moved under Fed. R. Civ. P. 37(c)(1) to preclude the plaintiff from offering testimony that he never was informed of the fuel heater and to preclude the plaintiff from offering any evidence as to lost income on the grounds that such highly relevant evidence was never disclosed. To hold otherwise, would merely endorse the plaintiff's tactics of trial by ambush, the very practice that the automatic disclosure requirements sought to eliminate.

## FACTS

This is a negligence action arising out of an alleged accident on June 27, 2002 involving the plaintiff. Specifically, the plaintiff alleges that he sustained burn injuries to his right leg after his right foot came in contact with a heater hose coming from an Artic Fox fuel heater in the left fuel tank of his 1988 Kenworth K100E truck ("the truck") broke. The plaintiff alleges that a small pin hole developed in the hose and that hot radiator fluid was sprayed on his leg. The plaintiff had purchased the truck in 1997 from a private seller for $12,000 based on an advertisement that he read in the Want Advertiser. At the time of the purchase, the truck had over three million miles on it. The plaintiff alleges that he was not informed by the private seller that the truck contained a fuel heater and that he received no documentation for the truck. The plaintiff further alleges that he sustained approximately $20,000 in lost income during the 4 weeks that he was out of work.

Suit was filed on January 15, 2004 and on October 18, 2004, the plaintiff served his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), a true and accurate copy of which is attached hereto as Exhibit A. With respect to liability, the only documents that

---

[1] Moreover, while repeated authorizations have been sent to the plaintiff in Florida, he is actually spending most of his time in Massachusetts and he has had sufficient time to make further alterations to his truck.

the plaintiff produced were a few photographs of the truck and with respect to damages, the only information produced were medical records and bills. The damage calculation with respect to "Lost Earnings" was labeled "Incomplete at this time." Now, over three years later and less than a week from trial, this response remains unchanged[2].

PACCAR served interrogatories and document requests on the plaintiff in August 2005, and the plaintiff served responses to the discovery in November, 2005, true and accurate copies of which are attached hereto as Exhibit B. Once again, the plaintiff provided no information or documents that addressed either the lost earnings claim or documents related to the purchase of the truck by the plaintiff.

## LOST INCOME

In its written discovery, PACCAR sought to obtain information related to the truck and to lost income, but nothing was provided. Specifically, when asked to "describe in complete detail any claim which you have for lost wages and lost earning capacity...", the plaintiff answered as follows:

> After returning to Florida, I made an appointment to have the stitches
> Removed and return to work. I was told by the doctor to return in
> Seven days and he would then remove the stitches. I was then told
> Not to work for 7-10 days. Seven days later, I loaded and left for Boston.

Answer to Interrogatory No. 11.

PACCAR also sought the production of the plaintiff's tax returns, employment records, and pay records. The plaintiff responded that he had no such documents in his possession custody or control. It should be noted that the plaintiff's accountant is his brother-in-law.

---

[2] PACCAR is not objecting to the fact that a supplemental automatic disclosure was not provided, instead, it is objecting to the failure to produce the documents.

## TRUCK INFORMATION

PACCAR sought the identity of the prior owners of the truck and the only information that the plaintiff was able to provide was the following:

> The truck was bought new by Werner, of Omaha, Nebraska. I bought the truck in 1997 from a private party in Massachusetts. The owner told me that he was the second owner.

Answer to Interrogatory No. 19

PACCAR also sought the production of all documents pertinent to the purchase of the truck including the sales documents, titles, Registry of Motor Vehicle documents as well as all maintenance and repair records. The plaintiff responded that he had no such documents in his possession, custody or control.

The plaintiff was deposed on January 27, 2006 and he testified that he might still have copies of the title for the truck and he agreed to produce them if he had them and as specifically requested in the document requests.

Over the next year, repeated requests were made for lost income information, tax returns, the title for the truck and the logs. PACCAR served employment authorizations on all of the plaintiff's employers and received no information pertinent to the lost wages claim. In addition, PACCAR requested that the plaintiff execute an authorization for the release of tax returns. PACCAR concedes that the initial release was returned by the Internal Revenue Service as it was processed one day after the authorization had expired. Renewed efforts were made to obtain these documents and several emails and correspondence were exchanged by the parties on the subject. In December, 2006, we were informed by the Registry that it would release the original title showing the transfer to the plaintiff if he called and provided them with the Vehicle Identification Number.

The response was that the plaintiff was unwilling to comply with that simple request because it was not really related to his case and that we should send a formal document request. A formal document request, seeking that very information had previously been served in August, 2005. See Defendant PACCAR Inc.'s Request for Production of Documents and Tangible Things to the Plaintiff Joseph W. Walsh Pursuant to Fed. R. Civ. P. 34, Request No. 2 at 2 and Request No. 17 at 4, attached hereto as Exhibit C. The plaintiff spends virtually all of his time in Massachusetts, despite holding himself out as a resident of Florida.

### ARGUMENT

A. The Plaintiff's Repeated Failure to Disclose and Produce Any Evidence of Lost Income and Any Evidence Relative Mandates the Exclusion of all Evidence at Trial.

On January 15, 2004, when the plaintiff filed this action, the automatic disclosure provisions set forth in Fed. R. Civ. P. 26(a)(1)(B), required, inter alia, that the plaintiff provide:

> A copy of, or description by category and location of all documents, data, computation, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

Id. In response to his automatic disclosure obligations, the plaintiff identified "Lost Earnings" as a category of documents, but did not produce any documents that fall within this category.

The First Circuit has held, on multiple occasions, that a party that fails to comply with the automatic disclosure provisions of Fed. R. Civ. P. 26(a) is subject to "harsh sanction." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). Rule 37(c)(1) of the Federal Rules of Civil Procedure, provides that "a party that without substantial

justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless … permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. Id; *See also* Sears, Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 18, n.7 (1st Cir. 1997) (district court's decision to strike affidavit filed in opposition to summary judgment motion upheld when affiant was not identified pursuant to Rule 26(a) at the outset of the litigation); Piester v. International Business Machines Corp., 929 F.Supp. 595, 599 (D.R.I. 1996) (quoting Fed. R. Civ. P. 26(e)(1) (1993 Advisory Committee Notes) (district court on motion for new trial, held that it erred in not excluding testimony of defendant's expert which was outside the scope of what had been disclosed to the plaintiff on time); Taydus v. Cisneros, 902 F.Supp. 288 (D. Mass. 1995) (district court issued show cause order as to why court should not impose sanctions under Rule 37(c)(1) for defendant's failure to comply with automatic disclosure provisions of Rule 26(a)(1)(B)). The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of the rule was either justified or harmless.

In Klonoski, the First Circuit discussed at length the disclosure obligations set forth in Rule 26(a) and the penalties for failure to comply with such disclosure. Klonoski was a medical malpractice case brought by the husband of the decedent, as representative of the decedent's estate. One of the claims asserted by the plaintiff was for loss of consortium and loss of enjoyment of life. During the trial, and after the direct examination of the plaintiff, the defendants sought to introduce certain letters between the decedent and her sister, which discussed her unhappiness with her husband and her marriage. The plaintiff sought to have the letters excluded on the grounds that they had

6

not been disclosed during discovery. The defendants, however, argued that the letters were being used for impeachment and thus they were not obligated to disclose the documents pursuant to Fed. R. Civ. P. 26(a)(3)(C). The District Court allowed the letters to come into evidence. The plaintiff eventually withdrew his individual claim and the case went to the jury on the claims raised by the estate. The jury returned a defense verdict and the plaintiffs appealed.

The First Circuit vacated the Judgment of the District Court and remanded the case for a new trial. The First Circuit concluded that the letters in question were covered by the disclosure requirements of Fed. R. Civ. P. 26 and that the defendants' failure to disclose them prior to trial, precluded defendants from using the letters at trial. Specifically, the First Circuit noted:

> Prior to the adoption of Rule 37(c)(1), no rule specifically provided sanctions for the failure to supplement discovery. Courts were free to apply their discretion in sanctioning Rule 26(e) violations. The new rule is mandatory: a party that fails to make the required disclosures 'shall not, unless such failure is harmless, be permitted to use [undisclosed] evidence at trial.' Id. To be sure, the rule somewhat tempers this mandate by permitting courts to excuse failures to disclose to some degree (i.e., to impose other sanctions 'in lieu of this sanction'). Fed. R. Civ. P. 37(c)(1). But the new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion.

Klonoski, 156 F.3d at 269. The First Circuit also noted that the enforcement of the discovery rules is necessary to prevent trial by ambush, to penalize those whose conduct warrants such a sanction and to prevent abuse by future litigants. Id.

In this case, the plaintiff had demonstrated a pattern of total disregard for the automatic disclosure provisions by the following actions: (1) failing to provide any information regarding lost income; (2) failing to provide the documents pertinent to the

7

truck, such as the logs, the purchase and sales records, and title information which would identify the prior owner of the truck; and (3) materially altering the truck. Moreover, the plaintiff's actions were prejudicial in many ways. First, the truck has been materially altered on at least three occasions following the accident. The most recent alterations were done after the plaintiff's depositions and prior to the inspection of the defendant's expert, William Howerton. The ever changing post-accident condition of the truck as well as the plaintiff's allegations that he was never told about the existence of the Artic Fox fuel heater make the need for the identification of the private seller significant. In addition, with respect to the lost income claim, the plaintiff has produced nothing. Moreover, PACCAR has made efforts to obtain this information through written discovery, deposition, subpoenas to the plaintiff's employers, and authorizations to the Internal Revenue Service. No documents have been received to date.[3] As a result, certain tests that could have been performed had the product been in its natural state can no longer be performed.

## CONCLUSION

For the above-stated reasons, PACCAR requests that its motion be allowed and that the plaintiff be precluded from offering evidence as to lost income and as to the truck.

---

[3] Moreover, based on testimony from another case that Mr. Walsh filed suit in, the plaintiff's brother-in-law is the accountant who prepares the taxes.

                **PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

      /s/  Kathleen M. Guilfoyle
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO#  546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

    I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 1, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108

                /s/ Kiley M. Belliveau