# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH W. WALSH, )
    Plaintiff, )
 )
V. )   C.A. No. 04-10304-MBB
 )
PACCAR, INC., )
    Defendant. )

PLAINTIFF'S ANSWERS TO PACCAR, INC.'S
FIRST SET OF INTERROGATORIES

**Q1:** State your full name, date of birth, social security number, occupation, business and residential address.

**A1:** Joseph W. Walsh ████████████████ :k driver/owner operator; 13625 Southwest 196th Street, Miami, FL 33177.

**Q2:** Identify every educational institution you attended, stating as to each, the approximate dates of attendance.

**A2:** Revere High School, Revere, Massachusetts; 1959-1962.

**Q3:** If you have ever been convicted of or pled guilty or nolo contendre to a crime, identify the court, the crime, and the date of the conviction or plea for each conviction.

**A3:** In May, 2005, I plead guilty to parking a truck too close to a roadway in Franconia, New Hampshire.

**Q4:** Please describe your employment history for the last ten years including each place of employment, address, position held, salary, supervisor, the reason you left the employment and the inclusive dates for each period of employment.

**A4:** Ideal Transportation, Peabody, Massachusetts; March, 2005 to present; truck drive/owner operator.

Jay Brian Transport, Danvers, Massachusetts; November, 2000 to March, 2005; truck driver/owner operator. I left because I did not want to drive long distance anymore.

       COD Truck Brokers; truck drive/owner operator. The company filed bankruptcy and closed.

       AAMCO Transmission, Malden, Massachusetts; 1995-1997; owner. Did not like dealing with the public.

**Q5:** Please state in detail your version of the incident including all events immediately preceding and following the incident, what procedures that you were following, and all conversations which took place.

**A5:** On June 28, 2002, I picked up a load of frozen snow crab in Everett, Massachusetts, going to Miami, Florida. I made a stop in Branford, Connecticut for lunch and continued South on I95. I then noticed that the indicator lights on the reefer seemed to be dim. I stopped at the rest area just south of Bridgeport, Connecticut to check the unit. The area for truck parking was full, so I pulled to the right in the travel lane. I went up the steps behind the cab and opened the reefer doors. The alternator belt was loose and not charging. I turned to go and get the tools I needed. I stepped with my right foot from the deck plate to the top step on the fuel tank and suddenly felt pain in my right leg, like it was on fire. I jumped off the step, landing in the roadway on my hands and knees. I got up and looked back at the truck and saw antifreeze spraying straight up from the fuel tank to the roof of the trailer (13 ft. 6 inches). I could not understand why antifreeze was leaking from what I thought were fuel lines. After shutting off the engine, I pulled up my right pant leg. I could not believe how red my leg was so fast. I was burned from just below my knee to my shoe. I took a pair of jeans and socks and went inside to the restroom to change. When I took off my jeans, I saw I now had blisters filled with fluid on my leg. The pain was getting worse and I knew that I was in trouble. I returned to the truck and tried to make repairs. I removed the clamp and hose and cut off 1 ½ inches and replaced it and tightened the clamp. I carry extra water but I could not fill the radiator because of the pain. At this point, I knew I could not continue the trip without getting medical attention. With my pants still rolled up to the knee, I started back to McDonalds and fell in the parking lot. I got up and went into the building but could not go up the stairs. After sitting on the steps for several minutes, a truck driver came in. He told me he was going to get some ice for the burn. He came back with a tray of ice and put some on my leg. After a few minutes, I went back outside to check the reefer. The same driver came out and I asked him if he would move my truck into a space that was now open. I locked the door and thanked him and went inside McDonalds and sat down. Two women came over to me and told me that they were nurses and that I had severe burns and needed to get to a hospital right away. The manager from the restaurant came over and the woman told him to call for an ambulance. He said he already called for one. Within minutes, a state police officer and an ambulance arrived and I was transported to Bridgeport Hospital. I was taken to the burn unit and remained there for 12 days.

**Q6:** Identify each person whom you expect to offer expert testimony on your behalf at trial, and with respect to each such person state:

    a.    the subject matters on which he or she will testify;
    b.    the substance of the facts and opinions to which he or she will testify; and
    c.    a summary of the grounds for each opinion to which he or she will testify.

**A6:**   a-c.  I am informed that we have made no decisions regarding experts to testify at trial.

**Q7:** Identify the following persons by stating their names and last known address:

    a.    Each person who has inspected the truck or any of its component parts since the incident;
    b.    Each person who witnessed the incident or who was present at the scene of the incident at any time prior to the plaintiff's removal from the scene;
    c.    Each person (other than your counsel) who has participated in the investigation of the incident; and
    d.    The police and/or fife department personnel who responded to the scene of the incident.

**A7:**
    a.    I am informed that our expert, Steven Thomas, P.E. has inspected the truck;

    b.    I am not aware of any witnesses to my accident, other than the people I have described in response to Interrogatory No. 5. I do not know their names or addresses;

    c.    Other than our expert, Steven Thomas, P.E., I am unaware of any such persons; and,

    d.    Please see my Answer to Interrogatory No. 5.

**Q8:** Identify each document that constitutes or memorializes any statement of any person with knowledge of any discoverable matter with respect to this litigation, and each document that memorializes post-incident inspections of the truck (including any of its component parts).

**A8:** I am not aware of any such documents.

**Q9:** Describe in complete detail how the injuries you sustained as a result of the incident have affected your life and your daily routines, and identify your present medical condition and describe all future medical treatment you anticipate, if any, relating to injuries you sustained in the incident.

3

**A9:**   Five or six months after the incident, lesions appeared in the area of the burn and continued up the right side of my right leg. I now have them on both arms. At this time, I do not know if they are caused by the chemical burn.

**Q10:**  Identify every insurer (including, without limitation, health insurers, disability insurers, and liability insurers) to which you, or persons acting on your behalf, have submitted claims for benefits as a result of the incident with which claims of any type were filed as a result of the incident alleged in the Complaint and itemize all monies paid by those insurance companies as a result of the claims.

**A10:**  My health insurer, Blue Cross/Blue Shield of Florida paid all of the medical bills. I am not aware of any other such claims.

**Q11:**  Describe in complete detail any claim which you have for lost wages and lost earning capacity as a result of the incident, and describe any and all efforts that you made to return to work following the incident.

**A11:**  After returning to Florida, I made an appointment to have the stitches removed and return to work. I was told by the doctor to return in seven days and he would then remove the stitches. I was then told not to return to work for 7-10 days. Seven days later, I loaded and left for Boston.

**Q12:**  Itemize the losses and expenses for which you seek recovery in this litigation, stating as to each such expense, its general nature, to whom it was paid or is owed, and the dollar amount.

**A12:**  I am informed that we are making claim for the medical expenses and my lost earning capacity for the time I was out of work, all of which are detailed in the documents produced in response to defendant's Request for Production of Documents.

**Q13:**  Please state whether you have given any written or recorded statement concerning the incident to any person or entity. If so, please identify the statement, the person or entity to whom it was given and the present custodian of the statement.

**A13:**  I have not given any written or recorded statement(s) to anyone.

**Q14:**  If the plaintiff claims that the subject truck or any component part of the truck failed in any way to comply with any federal, national, state, local, municipal or industry law, statute, regulation, standard or requirement in effect on the date of the incident, please specify each law, statute, standard, requirement or regulation with which the subject truck allegedly failed to comply, and the precise manner in which the subject truck or any component part allegedly failed to so comply.

**A14:**  I am currently unaware of any such industry law, regulation or standard.

4

**Q15:** Identify all documents that the plaintiff contends are authored by PACCAR or Kenworth and/or constitute statements made by and/or attributable to PACCAR or Kenworth which concern this action or its subject matter.

**A15:** I am unaware of any such statements, however, I am informed that PACCAR has not produced all documents we have requested in this litigation at this point.

**Q16:** In the 24-hour period preceding the alleged incident, please state whether or not you took or ingested any form of medication or medical preparation and, if so, state the date and time of any such taking or ingestion, the name and identity of any such medication or medical preparation, the amount and quantity of any such medication or medical preparation taken or ingested, and whether any such medication or medical preparation was procured under a prescription and, if so, state the name and present address of the person, doctor, or practitioner by whom it was prescribed.

**A16:** I take 10 mg. of Vasotec per day to control my blood pressure.

**Q17:** In the 24-hour period preceding the alleged incident, please state whether or not you took or ingested any type of drug, alcoholic beverage or narcotic, and if so, state the time and place of such taking or consumption, and describe the type, ingredients and amount of each drug, alcoholic beverage and/or narcotic you took or consumed.

**A17:** I took no such drug, alcoholic beverage or narcotic.

**Q18:** Identify the particular purpose for which the truck was purchased and describe the substance of all communications with PACCAR or Kenworth during which the plaintiff communicated such particular purpose to PACCAR or Kenworth and PACCAR or Kenworth's response to same.

**A18:** I purchased the truck to haul freight as an owner/operator in order to earn a living. I had no reason to communicate with Kenworth or PACCAR.

**Q19:** Identify every person who owned or has had possession of the truck since it left Kenworth's possession, including in your answer a chain of custody of the truck from the time of the incident to the present.

**A19:** The truck was bought new by Werner, of Omaha, Nebraska. I bought the truck in 1997 from a private party in Massachusetts. The owner told me that he was the second owner.

**Q20:** Set forth in detail each and every fact upon which you rely to support your contention that Kenworth or PACCAR breached an implied warranty, and state how this breach proximately caused the incident or the resulting damage.

5

**A20:** I am informed that the fact that the radiator hose that went into the fuel tank was exposed and in the path of travel was a defective and unreasonably safe condition that breached the warranty of merchantability. Because of the placement of the hose, particularly without a guard, I stepped on it and it spewed cooling fluid up my leg, severely burning my leg. I am also informed that the placement of the hoses and other equipment in the back of the truck, as well as the steps leading to the back of the truck, all contributed to this accident and are all breaches of the warranty of merchantability.

**Q21:** Identify every means by which you notified Kenworth or PACCAR of your allegations of breach of warranty by stating the date, means and content of the communication and to whom you or your attorney communicated.

**A21:** I am informed that we filed suit in this matter.

**Q22:** Describe each and every alleged defect in the truck that caused your injuries.

**A22:** Please see my Answer to Interrogatory No. 20.

**Q23:** Describe in detail all maintenance or repair work performed on the truck from the time of its initial purchase up to the present, including in your answer the name and address of all persons or entities performing the maintenance or repair work and the date and reason for all repair or maintenance work.

**A23:** I performed all maintenance (grease, oil and filters) and repairs (brakes and exhaust). No other repairs were needed.

**Q24:** Identify every physician, psychologist, therapist, hospital or other health care institution or provider from which you received treatment from January 1, 1995 to date.

**A24:** Please see the documents produced in response to Defendant's Request for Production of Documents.

**Q25:** Set forth verbatim the warnings and instructions which you allege PACCAR or Kenworth failed to give, and state how that warning would have prevented injury to you.

**A25:** If I knew this type of heater was inside the fuel tank when I bought the truck, I would have disabled it to prevent a possible leak into the fuel which would destroy the engine. This would have also prevented my injury.

PACCAR/Kenworth should also have provided some type of warning about stepping on the cap and hose, which are directly in the path of travel to the back of the truck. If I had known that you could not step on this area, or that it might cause the line to break, I would not have done so.

**Q26:** Set forth in detail each and every fact upon which you reply to support your contention that the truck was manufactured improperly or manufactured with improper materials.

**A26:** This incident would not have happened if Kenworth/PACCAR had installed the heater in a different location, and not in the middle of the pathway they had provided. It would not have happened if it was covered by a protective shield with a warning, stating the danger. It also could have been prevented if Kenworth/PACCAR had used steel tubing and fittings instead of a rubber hose, held in place with a 50 cent clamp.

**Q27:** Please identify every bodily injury or mental illness, aggravation of condition or disability alleged to have resulted from the incident, and describe the treatment for each such condition. Your answer should include the name and address of each doctor, therapist, hospital, clinic, or other institution in which you have examined or treated, either as an inpatient or as an outpatient, including: the dates or periods of each such treatment, the general nature of each such treatment, the charges for each such treatment, and whether you are still under treatment and, if so, by whom and how frequently.

**A27:** My right leg was burned on the right side below the knee down to my ankle. I was treated for these burns over the next 12 days at Bridgeport Hospital Burn Center in Bridgeport, Connecticut. After returning to Miami, I received out-patient care at Jackson South Hospital, which included removing the stitches from the skin graft on my ankle.

**Q28:** Identify all civil actions you have filed or claims you have made for personal injury or the injury at issue in this case or any other injury, including workmen's compensation claims, by stating the name of the forum where the complaint was filed, the name and address of the party against whom the complaint or the claim was made, the alleged cause of the injury, the alleged injury sustained, the disposition of the matter, and the locations of the records of the proceeding.

**A28:** In 1998, the company that I was leased to (R.F.X. of Boston, Massachusetts) sent me to pick up a load of orange juice at Proctor & Gamble in Staten Island, New York. I was told to use a pallet jack to remove my empty pallets and then load my truck. AS I backed out of my trailer and down the ramp, I tried to stop. The brakes on the jack did not work and it rolled into a steel beam. One finger on my left hand was crushed off (later reattached at the hospital) and a disc in my lower back was injured. I was out of work for one year. A claim for worker's compensation was filed.

7

Signed under the pains and penalties of perjury this 12TH day of October, 2005.

*Joseph W. Walsh*

Joseph W. Walsh

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 1/1/65

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH W. WALSH, )
    Plaintiff, )
)
V. ) C.A. No. 04-10304-MBB
)
PACCAR, INC., )
    Defendant. )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## REQUEST FOR PRODUCTION OF DOCUMENTS
## GENERAL OBJECTIONS

Plaintiff generally objects to the definitions and instructions contained in Defendant's Request for Production of Documents as they are overly broad, vague, unduly burdensome and seek to impose obligations on the defendants which are neither required nor permitted by the Massachusetts Rules of Civil Procedure. Plaintiff has responded herein in accordance with those rules and not as otherwise directed.

## SPECIFIC OBJECTIONS

Plaintiff specifically objects to each request so designated, to the extent that each such request:

1. is overly broad, vague and/or unduly burdensome;

2. is irrelevant and/or immaterial;

3. is not reasonably calculated to lead to the discovery of admissible evidence;

4. seeks documents prepared or obtained in anticipation of or preparation for litigation or trial;

5. seeks disclosure of the mental impressions, conclusions, opinions or legal theories of defense counsel or other representative of the defendant(s);

6. seeks disclosure of documents protected by the attorney/client privilege;

7. seeks public documents, equally available to either party;

8. seeks creation of a document which does not currently exist; and/or,

9. is beyond the scope of discovery as provided by Rule 26.

**REQUEST NO. 1:** All repair orders, invoices, work orders, parts lists and other documents pertaining to repair, servicing and maintenance performed on the truck at any time.

**RESPONSE NO. 1:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 2:** All documents generated as the result of the purchase and/or sale of the truck by the plaintiff and/or other persons.

**RESPONSE NO. 2:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff cannot currently locate any such documents, but will produce same, if available, upon receipt.

**REQUEST NO. 3:** All police, Registry of Motor Vehicles, and other governmental agency reports relative to the accident.

**RESPONSE NO. 3:** Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 4:** All photographs and/or videotapes of the truck taken prior to the accident.

**RESPONSE NO. 4:** Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 5:** Any medical records generated subsequent to the accident.

**RESPONSE NO. 5:** Objection. Please see objection no(s). 1-3. Without waiving said objections, plaintiff hereby produces copies of all such records regarding treatment rendered as a result of the injuries sustained in this accident, in his possession, custody or control.

**REQUEST NO. 6:** Any X-rays or CT Scan films taken subsequent to the accident.

**RESPONSE NO. 6:** Please see response to Request No. 5.

**REQUEST NO. 7:** All ambulance reports relative to the accident.

**RESPONSE NO. 7:** Please see response to Request No. 5.

**REQUEST NO. 8:** Any medical records generated between January 1, 1995 and the date of the accident.

2

**RESPONSE NO. 8:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 9:** The owner's manual and any other instructional materials for the truck.

**RESPONSE NO. 9:** Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 10:** All applications made to insurance companies or to governmental agencies for benefits by you, or on your behalf.

**RESPONSE NO. 10:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control, other than what has been produced by the defendant.

**REQUEST NO. 11:** All correspondence between you (or persons acting on your behalf) and Kenworth or PACCAR (or persons acting on their behalf).

**RESPONSE NO. 11:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 12:** All written or recorded statements (except documents prepared by or for you in connection with this litigation) relative to the truck, the accident and/or any alleged injuries and damages.

**RESPONSE NO. 12:** Objection. Please see objection no(s). 4-6. Without waiving said objection(s), plaintiff has no such statements in his possession, custody or control.

**REQUEST NO. 13:** All documents (except documents prepared by or for you in connection with this litigation) that identify prior owners and/or possessors of the truck.

**RESPONSE NO. 13:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff cannot currently locate any such documents, but will produce same, if available, upon receipt.

**REQUEST NO. 14:** All documents which constitute statements by or attributable to PACCAR or Kenworth concerning this action or its subject matter.

**RESPONSE NO. 14:** Plaintiff has no such documents in his possession, custody or control, other than what has been produced by the defendant.

**REQUEST NO. 15:** All documents authored by PACCAR or Kenworth or that are attributable to PACCAR or Kenworth concerning this action or its subject matter.

**RESPONSE NO. 15:** Plaintiff has no such documents in his possession, custody or control, other than those documents that have been produced by the defendant..

**REQUEST NO. 16:** Any pleadings, discovery responses and deposition transcripts attributable to PACCAR or Kenworth, theft officers, agents or employees, and generated in connection with litigation other than this litigation which you contend are relevant to this action or its subject matter.

**RESPONSE NO. 16:** Objection. Please see objection no(s). 4-6. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 17:** The title and registration for the truck.

**RESPONSE NO. 17:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), the truck is not currently registered, and plaintiff cannot currently locate any such documents, but will produce same, if available, upon receipt.

**REQUEST NO. 18:** All reports, documents, correspondence, photographs and/or videotapes of the accident prepared by any local and/or state police department.

**RESPONSE NO. 18:** Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 19:** All reports, documents, correspondence, photographs and/or videotapes of the accident prepared by any fire department.

**RESPONSE NO. 19:** Plaintiff has no such documents in his possession, custody or control.

**REQUEST NO.20:** All documents which describe the particular purpose for which the truck was purchased and the communications with PACCAR or Kenworth regarding same.

**RESPONSE NO. 20:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 21:** All documents (other than those prepared by you or on your behalf in connection with this litigation) on which you rely to support your contention that the truck was defective and/or that PACCAR or Kenworth was negligent.

**RESPONSE NO. 21:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff hereby produces copies of photographs of the truck.

**REQUEST NO.22:** All documents (other than those prepared by you or on your behalf in connection with this litigation) on which you rely to support your contention that PACCAR or Kenworth breached warranties.

4

**RESPONSE NO. 22:** Please see Plaintiff's response to Request No. 21.

**REQUEST NO. 23:** Regulations, standards, recommended practices, statutes and/or other rules which you contend were violated by PACCAR or Kenworth in connection with this case.

**RESPONSE NO. 23:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 24:** Documents which describe and/or identify alternative designs for the truck which you contend would have prevented the accident and/or the injuries to the plaintiff.

**RESPONSE NO. 24:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff has no such unprivileged documents in his possession, custody or control.

**REQUEST NO. 25:** Documents generated and/or compiled by the federal government and/or its agencies which you contend are relevant to the alleged defects in the truck.

**RESPONSE NO. 25:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO.26:** Recall notices which you contend are relevant to your allegations in this case.

**RESPONSE NO. 26:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO.27:** Reports, notes and other documents authored by persons who inspected the truck after the accident on your behalf.

**RESPONSE NO. 27:** Objection. Please see objection no(s). 4-6. Without waiving said objections, plaintiff has no such unprivileged documents in his possession, custody or control.

**REQUEST NO. 28:** The truck.

**RESPONSE NO. 28:** Plaintiff still owns the truck and will make it available at any reasonable time for the defendant to inspect, test, and/or otherwise photograph the truck.

**REQUEST NO.29:** The hot water hose which allegedly burst causing injury to the plaintiff, which is referenced in Paragraph 4 of the Complaint.

**RESPONSE NO. 29:** Please see Plaintiff's response to Request No. 28.

**REQUEST NO.30:** All component parts of the truck.

**RESPONSE NO. 30:** Please see Plaintiff's response to Request No. 28.

**REQUEST NO. 31:** All tangible things that were in, on or attached to the truck at the time of the accident.

**RESPONSE NO. 31:** Please see Plaintiff's response to Request No. 28.

**REQUEST NO.32:** All documents reflecting any payments made to you as a result of the accident.

**RESPONSE NO. 32:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control.

**REQUEST NO.33:** All documents reflecting any payments made to any other party as a result of the accident.

**RESPONSE NO. 33:** Objection. Please see objection no(s). 1-3. Without waiving said objection(s), plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 34:** All bills, statements of account, invoices, canceled checks or other documents that evidence losses and/or special damages for which you seek recovery in this litigation.

**RESPONSE NO. 34:** Plaintiff hereby produces copies of all such bills in his possession, custody or control.

**REQUEST NO. 35:** All photographs and/or videotapes of the truck taken after the accident.

**RESPONSE NO. 35:** Plaintiff has previously produced copies of all such photographs in his possession, custody or control in response to Request No. 22.

**REQUEST NO. 36:** All photographs and/or videotapes of component parts of the truck.

**RESPONSE NO. 36:** Plaintiff has previously produced copies of all such photographs in his possession, custody or control in response to Request No. 22.

**REQUEST NO. 37:** All photographs and/or videotapes of the scene of the accident.

**RESPONSE NO. 37:** Plaintiff has previously produced copies of all such photographs in his possession, custody or control in response to Request No. 22.

**REQUEST NO. 38:** All photographs and/or videotapes taken before the truck involved in the accident was removed from the scene.

**RESPONSE NO. 38:** Plaintiff has no such photographs in his possession, custody or control.

**REQUEST NO. 39:** All newspaper articles regarding the accident.

**RESPONSE NO. 39:** Plaintiff has no such articles in his possession, custody or control.

**REQUEST NO. 40:** Copies of all notices, correspondence, and other documents by means of which you or persons acting on your behalf notified PACCAR or Kenworth of any alleged defect in the truck or any alleged breach of warranty with respect to the truck.

**RESPONSE NO. 40:** Plaintiff has no such documents in his possession, custody or control, other than the Summons and Complaint in this matter.

**REQUEST NO. 41:** All records relative to the plaintiff maintained by educational institutions he has attended.

**RESPONSE NO. 41:** Objection. Please see objection no(s). 1-3. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 42:** All records maintained by the Department of Industrial Accidents and generated in connection with claims asserted, at any time, by the plaintiff for worker's compensation benefits arising out of workplace injuries.

**RESPONSE NO. 42:** Objection. Please see objection no(s). 1-3. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 43:** All records relative to the plaintiff maintained by his current employer, including without limitation, his employment application and related materials, the content of his personnel file, his payroll records, all records of training he received, all records relative to fringe benefits, his attendance records, all records of physical examinations and medical certifications, and all records relative to work related injuries.

**RESPONSE NO. 43:** Objection. Please see objection no(s). 1-3. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

**REQUEST NO. 44:** All records relative to the plaintiff maintained by persons other than his current employer by whom he has been employed at any time since January 1, 1995.

**RESPONSE NO. 44:** Objection. Please see objection no(s). 1-3. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

7

**REQUEST NO. 45:** Copies of the plaintiff's federal income tax returns, as well as all associated W-2 Forms, for the calendar years 1998 through 2004.

**RESPONSE NO. 45:** Objection. Please see objection no(s). 1-3. Without waiving said objections, plaintiff has no such documents in his possession, custody or control.

Plaintiff,
By his attorneys,
WILLIAMS & ASSOCIATES

_____
Christopher S. Williams
BBO# 528465
11 Beacon Street, Suite 1100
Boston, MA 02108
(617) 303-0909

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11-14-05

8