UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH W. WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO. 04-10304-MBB |
| | ) | |
| PACCAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE REGARDING THE "NO STEP" DECAL

The plaintiff, Joseph Walsh ("the plaintiff"), has brought this products liability action against PACCAR alleging negligent design and negligent failure to warn. The plaintiff's claims arise out of an alleged accident on June 27, 2002, in which the plaintiff sustained burn injuries when his right foot became engaged with and broke a heater hose coming from an Artic Fox heater in the left fuel tank of his 1988 Kenworth K100E truck ("the truck"). The plaintiff alleges that the placement of the fuel lines and heater hose constituted a defect and that he should have been warned of risks associated with the heater hose.

The truck was manufactured some fourteen years before the plaintiff's accident. A decal that read "No Step" ("the decal") was affixed to the fuel tank to alert the reader that the fuel tank should not be used as a step. The plaintiff, an experienced commercial trucker, had specific knowledge that one is not supposed to step on the fuel tank. This fact is evidenced by the following deposition testimony from the plaintiff:

A.    All trucks have [a label] on the aluminum tanks, saying, Do not step on this, if it's aluminum in that area. That's why they provide the steps, not to stand on the tank itself.

Q.    And you had an understanding it was not appropriate to step on the tank itself?

A.    Correct.

Deposition of Joseph Walsh at 41, l. 23-24; 42, l.1-6.

The plaintiff testified that he did not step on the fuel tank. Deposition of Joseph Walsh at 43, l. 2-5. Further, the plaintiff testified that he knew that stepping on a hose coming out of a gas tank would be dangerous. Deposition of Joseph Walsh at 123, l.1-7.

PACCAR expects that the plaintiff will attempt to offer evidence regarding the characteristics of the decal and particularly the durability of the decal. PACCAR states that the decal is not relevant to any issue in this case because the plaintiff does not allege that he should have been warned regarding the risks associated with standing or stepping on the fuel tank and that he was already aware of such risks. The plaintiff testified that he had specific knowledge that the decal was a "No Step" decal. The plaintiff also testified that he had specific knowledge that he should not step on the fuel tank. Therefore, the jury in this case will not be asked to determine whether PACCAR had a duty to warn the plaintiff regarding the risk of stepping on the fuel tank. The issues should not be confused by testimony on this issue.

The plaintiff does not contend that he should have been issued a warning regarding stepping on the fuel tank. Thus, any evidence with respect to the decal should be excluded under Fed. R. Evid. 402 because it is not relevant. In addition, there is no duty to warn where the plaintiff appreciated the danger substantially to the same extent as a warning would have provided. Slate v. Bethlehem Steel Corp., 400 Mass. 378, 382

(1987). The evidence as to the decal should be excluded pursuant to Fed. R. Evid. 403 because even if the Court deems the evidence relevant, which PACCAR maintains it is not, any probative value is substantially outweighed by the danger of unfair prejudice to PACCAR, confusion of the issues, and waste of time.

PACCAR Inc. requests that the Court allow its motion and exclude evidence of the "No Step" decal because it is not relevant to the claims the plaintiff has brought in this case.

**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.


/s/ Kathleen M. Guilfoyle
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO # 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

### CERTIFICATE OF SERVICE

I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 1, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108


/s/ Kiley M. Belliveau

3