UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JOSEPH W. WALSH,                        )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   C.A. NO. 04-10304-MBB
                                        )
PACCAR, INC.,                           )
                                        )
        Defendant.                      )
_____)

DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING
THE SUBJECT TRUCK ON THE GROUNDS OF SPOLIATION

Defendant PACCAR Inc. ("PACCAR") moves in limine, pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence and Rule 37(c) of the Federal Rules of Civil Procedure, to exclude the plaintiff Joseph Walsh ("the plaintiff") from offering evidence as to the configuration of the Kenworth K100E at issue in this case on the grounds that the plaintiff has intentionally and systematically altered the condition of the trunk and removed items that were affixed to the truck during the years following the June 22, 2002 accident and while this action has been pending. Not only did the plaintiff throw away the section of the fuel hose which allegedly broke, but also, the plaintiff threw away rear decking, a spare tire (without a rim) which was attached to the rear of the cab with bungee cords, removed brackets on which the hosetenna was allegedly placed following the accident, relocated the hosetenna on two occasions, discarded plugs which were affixed to the hosetenna, either replaced the clamps on the fuel heater hoses or removed the rust, polished or cleaned the fuel tanks and the steps to remove any evidence

of the path of travel used to climb onto or exit the left fuel tank steps, and replaced the fuel cap on the left tank. The precise configuration of the rear of the truck at the time of the accident is critical to PACCAR 's defense of comparative negligence of the case.

## FACTS

This is a negligence action arising out of an alleged accident on June 27, 2002 involving the plaintiff, an experienced commercial trucker. Specifically, the plaintiff alleges that he sustained burn injuries to his right leg after his right foot came in contact with a heater hose coming from an Artic Fox fuel heater in the left fuel tank of his 1988 Kenworth K100E truck ("the truck") broke. The plaintiff had purchased the truck in 1997 from a private seller for $12,000. At the time of the purchase, the truck had over three million miles on it. The plaintiff inspected the truck before he purchased it. He observed the hoses coming out of the fuel tank and he made no effort to determine the purpose of the hoses.

At the time that the truck left the manufacturing plant in June, 1988, and in accordance with the chassis bill of materials, it had no rear decking and the hosetenna was mounted in the center of the uppermost cross member. On the date of the plaintiff's accident, approximately 14 years later, the plaintiff cut off the portion of the hose which had the hole in it and threw it away before photographing it and before notifying PACCAR about the incident. Sometime prior to January 16, 2003, the plaintiff modified the rear of the cab, once again without providing notification to PACCAR. Specifically, the plaintiff allegedly removed and discarded some of the rear deck plate, he removed a spare tire which was attached to the rear of the cab with bungee cords, and he allegedly moved the hosetenna from the center of the frame rails to the left frame rail. A true and

accurate copy of color photographs recently produced by the plaintiff are attached as Exhibit A.  The plaintiff commenced this action in January, 2004 and in February, 2005, counsel for PACCAR inspected and photographed the truck.  At the time of the inspection, PACCAR was informed that the only modification to the truck had been the movement of the hosetenna to the left frame rail.  These representations were inaccurate.  A true and accurate copy of the February, 2005, photographs are attached as Exhibit B.

On October 28, 2005, the Rule 30(b)(6) deposition of PACCAR was taken via telephone.  During the deposition, Mr. Sedgley, the corporate designee, was asked questions about various components of the truck and he identified certain parts which were not Kenworth or PACCAR parts and were not on the truck at the time of manufacture.  Specifically, Mr. Sedgley identified two large rusted brackets which sat on the left and right frame rails and a plug which was in the hosetenna bracket.  He further testified that the hosetenna bracket had been broken off and had a jagged edge to it.  Finally, Mr. Sedgley was asked whether a spare tire came with the truck at the time of manufacture and Mr. Sedgley testified that there was not.

PACCAR served written discovery on the plaintiff seeking the production of all documents which would identify maintenance, repair and modification of the truck, all documents which would identify the prior owners, all documents pertinent to the purchase and sale of the truck, all photographs of the truck and all component parts of the truck.  While no objections were made to the requests, nothing was produced other than the truck for inspection.  PACCAR was not informed that portions of the rear decking had been discarded, that a spare tire on the back of the cab on the date of the accident had

been moved, and that the hosetenna had been relocated and associated hardware had been removed or replaced.

On January 27, 2006, the plaintiff was deposed. He testified that in addition to the portion of the hose being discarded, the only modifications or changes he made was to relocate the hosetenna and remove rear decking. PACCAR has also attempted, for months if not longer, to obtain the documents itself from the Registry, however, the documents would be not turned over without the plaintiff's authorization. We have been informed that the form was signed and forwarded to the Registry, however, the records have not been received. Although the plaintiff testified that he had a Florida residence he, in fact, spends most of his time in Massachusetts and he could have easily walked into the Registry with the signed authorization and obtained the information.

In February, 2007, PACCAR's liability expert, William Howerton, traveled to Swampscott to inspect the truck. The inspection revealed that significant modifications had been made to the truck since the February, 2005 inspection. A true and accurate copy of the February, 2007 photographs are attached hereto as <u>Exhibit C</u>. The brackets which were on the left and right frame rails was removed and the bolts were cut off; the hosetenna no long sits on a piece of metal on the left frame rail and instead it has been moved to the far right side of the uppermost cross member; the bracket that is used to secure the hosetenna has been modified, the fuel cap on the left fuel tank has been replaced, the steps and fuel tanks have been cleaned or polished and all rust removed. The clamps on the heater hoses at issue in this case have been either replaced or the rust that appeared on them in February, 2005 has been removed. The bulk of the modifications were aimed at removing all non-PACCAR or Kenworth parts. A central

4

defense of PACCAR is comparative negligence. Counsel for PACCAR renewed the defendant's request for all component parts of the truck in a letter to counsel for the plaintiff dated February 23, 2007. A true and accurate copy of the letter is attached hereto as Exhibit D. To date, none of the component parts have been produced.

During his deposition, the plaintiff testified that he records his daily inspection of his truck in a standards driver's log. Deposition of Joseph Walsh at 55, l. 22-24; 55, l. 1-24; 56, 1-7. The plaintiff testified that he has maintained copies of all of his logs for the past fifteen or twenty years and does not throw his logs away. Deposition of Joseph Walsh at 9-17. On September 15, 2006, counsel for PACCAR sent correspondence to counsel for the plaintiff renewing a request made at the plaintiff's deposition for the daily logs with respect to the truck. A true and accurate copy of the letter is attached hereto as Exhibit E. To date, the logs have not been produced.

ARGUMENT

A. **AS A RESULT OF THEIR SPOLIATION OF EVIDENCE, THE PLAINTIFF AND HIS WITNESSES SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE REGARDING THE SUBJECT TRUCK.**

1. **The plaintiff breached his duty to preserve the portion of the hose that allegedly broke as well as all of the other items on the rear of the cab at the time of the accident.**

The plaintiff spoliated evidence in this case by failing to preserve the portion of the heater hose which allegedly broke and by repeatedly altering the configuration of the rear of the cab both prior to suit being filed and during the litigation. Persons or entities involved in litigation, or who know that they will likely be involved, have a duty to preserve evidence for use by others with the potential to become involved in the litigation. Thomas v. Bombardier-Rotax Motorenfabril, 909 F.Supp. 585, 586 (N.D. Ill.

5

1996); Fletcher v. Dorchester Mut. Ins. Co., 773 N.E.2d 420, 425-26 (Mass. 2002); Kippenham v. Chaulk Services, Inc., 697 N.E.2d 527, 530 (Mass. 1998).  A party violates this duty by failing to preserve or affirmatively destroying evidence before the opposing party has had an opportunity to inspect it.  See Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 446 (1st Cir. 1997).  Known as "spoliation of evidence," courts have imposed sanctions such as exclusion and dismissal for the destruction of evidence resulting in prejudice to a party.  Sacramona, 106 F.3d at 446-48 (wheel involved in accident properly excluded as sanction for loss of evidence which occurred when plaintiff's expert cleaned surface of the wheel); Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197-98 (1989); Bolton v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 654, 657 (1992).  The Court's inherent powers authorize it to impose such sanctions.  Sacramona, 106 F.3d at 197; Chapman v. Bernard's Inc., 167 F.Supp.2d 406, 413 (D. Mass. 2001).

  In a civil case, where an expert has removed or taken control of an item of physical evidence when the expert knows or reasonably should know that the item in its original form may be material to litigation, and the item disappears, the judge should preclude the expert from testifying as to his or her observations of such items before he altered or lost them and as to any opinion based thereon.  Nally, 539 N.E.2d at 1021; Bolton, 593 N.E.2d at 249.  The reason for the rule is the unfair prejudice that would result from allowing an expert either deliberately or negligently to put himself in a position of being the only expert with first-hand knowledge of the physical evidence on which opinions may be grounded.  Id.

6

In the instant action, it is the plaintiff himself who failed to preserve the portion of the heater hose that broke and who repeatedly removed items from the rear of the cab and modified them.

He did so knowing that one of the central defenses in this case comparative negligence. Moreover, the final set of modifications came some time after Mr. Sedgley's deposition and arguably in response to his testimony as to the various non-PACCAR or non-Kenworth parts on the rear cab of the truck. There is no doubt that the truck remained and still remains in the possession, custody and control of the plaintiff.

**2.    Fairness requires that the plaintiff and his witnesses be precluded from introducing any evidence regarding the truck at trial.**

District Court's have inherent power to exclude evidence that has been improperly damaged or lost by a party where necessary to protect the non-offending party from undue prejudice. See Chapman, 167 F.Supp.2d at 413. Factors to be considered in determining whether to exclude evidence as a sanction for spoliation include: (1) whether the adverse party was prejudiced by the destruction of the evidence; (2) whether the prejudice can be cured; (3) the practical importance of the evidence; (3) whether the destruction was in good or bad faith; and (5) the potential for abuse if the evidence is not excluded or the party is not otherwise sanctioned. Id.; see also Trull v. Volkswagen of Am., Inc., 187 F.3d 88, 95 (1st Cir. 1999).

In the present case, it is undeniable that PACCAR has been prejudiced by the plaintiff's repeated modifications to the truck following the accident and following the commencement of this litigation. Applying the criteria set forth in Chapman, as discussed below, the plaintiff should be precluded from introducing any evidence as to the condition of the truck because of his blatant and repeated destruction of evidence.

    **a.**    **PACCAR is prejudiced by the destruction.**

Although PACCAR maintains that the plaintiff has not met his burden of negligent design or negligent failure to warn, to the extent that the case goes to the jury, comparative negligence will be a focal defense. The plaintiff has testified that based on the location of the Artic Fox heater in the left fuel tank, he had no choice but to walk over the hoses. What options the plaintiff had with respect to accessing the rear of the cab depended on: (1) the precise location of rear decking; (2) the precise location of the spare tire which was affixed with bungee cords; and (3) the location of hosetenna. All items were removed or altered before measurements and photographs could be taken. Moreover, the plaintiff testified that upon learning of the existence of the fuel heater in his left tank, he moved the hosetenna from its location at the time of the accident and affixed it to a bracket on the left frame rail. This post-accident modification, the plaintiff maintains made it possible for him to operate the truck without disabling the fuel heater. Measurements with the bracket in place, however, could not be taken because the bracket was removed and destroyed.

    **b.**    **The Prejudice to PACCAR by the Plaintiff's spoliation cannot be Cured.**

The prejudice to PACCAR cannot be cured because the evidence is gone. The photographs alone are insufficient as the measurements cannot be taken and the photographs are not of sufficient number or quality.

    **c.**    **Practical Importance of the Evidence to PACCAR.**

The practical importance of the evidence which has been altered or destroyed is that it may hinder PACCAR in its comparative negligence defense. The condition of the rear of the cab as well as the precise nature of the hole or rupture in the hose is

significant. The plaintiff, on the other hand, only benefits from the spoliation by hindering PACCAR's ability to develop its comparative negligence defense to the extent that it would be able to if the truck had been maintained in its post-accident condition.

### d. The Destruction of the Evidence was in Bad Faith.

There can be no doubt that the destruction of the evidence was in bad faith. This is not a case where the plaintiff is an innocent victim of the spoliation or where the product was negligently altered. Instead, the plaintiff threw away the portion of the hose that ruptured, on the day of the accident and then, beginning in January, 2003, if not earlier, the plaintiff undertook to systematically remove and destroy any part that was not supposed to be on the rear cab as designed by the manufacturer and which were harmful to this claim. The transformation of the rear cab from January, 2003 to February, 2007 has been dramatic. Moreover, and in keeping with the bad faith shown here, the plaintiff is unable to complete a registry authorization form or to go to the Registry of Motor Vehicles in person to obtain a copy of the duplicate title that would reveal the name of the prior owner of the truck.

### e. The Potential for Abuse if the Evidence is not Excluded is Significant.

One of the factors the Chapman court considered was the potential for abuse if some action was not taken. In this case, to permit the plaintiff to introduce evidence of the current condition of the cab of the truck will only signal to litigants that it is acceptable to modify and destroy evidence to assist in their case.

CONCLUSION

For the reasons set forth above, the plaintiff should be precluded from introducing any evidence as to the subject truck at the trial of this action.

**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.


         /s/  Kathleen M. Guilfoyle
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO#  546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com


**CERTIFICATE OF SERVICE**

I, Kathleen M. Guilfoyle, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 1, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108


                                    /s/ Kathleen M. Guilfoyle