UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br>    Plaintiff,<br><br>V.<br><br>PACCAR, INC.,<br>    Defendant. | )<br>)<br>)<br>)    C.A. NO. 04-10304-MBB<br>)<br>)<br>) |

### PLAINTIFF'S REQUESTS FOR JURY INSTRUCTIONS

1. The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances. *Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 267, 493 N.E.2d 206, 210, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986) (instruction on negligence must refer to reasonable person standard and to attendant circumstances).

2. Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do. *Massachusetts Lobstermen's Assoc., Inc. v. United States*, 554 F.Supp. 740, 742 (D.Mass. 1982). *Altman v. Aronson*, 231 Mass. 588, 591, 121 N.E. 505, 506 (1919); *Beaver v. Costin*, 352 Mass. 624, 626, 227 N.E.2d 344, 345–46 (1967). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974).

    The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened. *Goldstein v. Gontarz*, 364 Mass. 800, 805–06, 309 N.E.2d 200, 201 (1974). *Kane v. Fields Corner Grille*, 341 Mass. 640, 643, 171 N.E.2d 287, 289–90 (1961). *See also Hallett v. Town of Wrentham*, 398 Mass. 550, 558–59, 499 N.E.2d 1189, 1194 (1986) (citing *LaClair v. Siberline Mfg. Co.*, 379 Mass. 21, 27, 393 N.E.2d 867, 871 (1979)). *See also* Restatement (Second) of Torts §§ 283, 298 (1965).

3. Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case.

    After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant. In determining whether or not the defendant acted with reasonable care, you are to consider not only whether it knew of the risks involved, but also whether it should have known of the risks.

The test is an objective one. *Romano v. Massachusetts Port Auth.*, 3 Mass.App.Ct. 765, 330 N.E.2d 495 (1975) (rescript) and Restatement (Second) of Torts § 290 (1965).

If you find that the defendant did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that the defendant did not breach its duty of reasonable care to the plaintiff, and your verdict will be for the defendant. If, however, you find that the defendant did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the defendant breached its duty of care to the plaintiff. *Massachusetts Superior Court Civil Practice Jury Instructions*, § 2.1.6 (MCLE, Inc. 1998 & Supp. 2001, 2003).

4. A manufacturer of a product has a duty to the foreseeable users of its product to design its product with reasonable care in order to eliminate dangers that are avoidable and to eliminate unreasonable dangers. *See Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 211, 596 N.E.2d 318, 322 (1992); *Uloth v. City Tank Corp.*, 376 Mass. 874, 880–81, 384 N.E.2d 1188, 1192–93 (1978); *Smith v. Ariens Co.*, 375 Mass. 620, 625, 377 N.E.2d 954, 957 (1978). *Cf. Vassallo v. Baxter Healthcare Corp.*, 428 Mass. 1, 20–24, 696 N.E.2d 909, 922–24 (1998) (considering issue of failure to warn in breach of warranty cases).

The manufacturer must anticipate the environment in which the product will be used and design against reasonably foreseeable risks attending the product's use in that setting. *Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 211, 596 N.E.2d 318, 322 (1992); *Back v. Wickes Corp.*, 375 Mass. 633, 640–41, 378 N.E.2d 964, 969 (1978); *Fahey v. Rockwell Graphic Sys., Inc.*, 20 Mass.App.Ct. 642, 647, 482 N.E.2d 519, 523, *further app. rev. denied*, 396 Mass. 1103, 485 N.E.2d 188 (1985). *See Colter v. Barber-Greene Co.*, 403 Mass. 50, 57–59 & 59 n.11, 525 N.E.2d 1305, 1310–11 & 1311 n.11 (1988).

A product is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer, and the omission of the alternative design renders the product not reasonably safe. Restatement (Third) of Torts: Product Liability § 2(b) (1997).

No designer is required to make a product that is risk free or risk proof. *Morrell v. Precise Eng'g, Inc.*, 36 Mass.App.Ct. 935, 936, 630 N.E.2d 291, 293 (1994). But a manufacturer must anticipate the environment in which its product will be used, as discussed earlier. *Back v. Wickes*, 375 Mass. 633, 641, 378 N.E.2d 964, 969 (1978).

In evaluating whether this product was designed with reasonable care, you must weigh several factors. These factors include the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical

feasibility of a safer alternative design, the financial cost of an improved design and the adverse consequences to the product and to the consumer that would result from an alternative design. *Back v. Wickes*, 375 Mass. 633, 642, 378 N.E.2d 964, 970 (1978); *Fahey v. Rockwell Graphic Sys., Inc.*, 20 Mass.App.Ct. 642, 648, 482 N.E.2d 519, 523, *further app. rev. denied*, (1985). See *Colter v. Barber-Greene Co.*, 403 Mass. 50, 57, 525 N.E.2d 1305, 1310 (1988).

5.  In considering whether there was negligence in the design of this product, you should also consider all the other relevant factors, including whether the product performed as intended, whether those dangers which could reasonable be eliminated had been eliminated, and whether there were adequate warnings or instructions to avoid those dangers that remained and whether those dangers were obvious. *Uloth v. City Tank Corp.*, 376 Mass. 874, 879–80, 384 N.E.2d 1188, 1192 (1978).

    A manufacturer may still be liable for negligent design if the plaintiff has shown an available design modification that would reduce the risk of injury without undue cost or interference with the performance of the product, even if the product performed as intended and was accompanied by adequate warnings and instructions, regardless of whether the danger was obvious. *Uloth v. City Tank Corp.*, 376 Mass. 874, 878–81, 384 N.E.2d 1188, 1191–93 (1978). *Fahey v. Rockwell Graphic Sys., Inc.*, 20 Mass.App.Ct. 642, 647–48, 482 N.E.2d 519, 523, *further app. rev. denied*, 396 Mass. 1103, 485 N.E.2d 188 (1985).

6.  If a slight change in design would prevent serious injury, the designer may not avoid liability by simply warning of the possible injury. In such a case, the burden to prevent needless injury is best placed on the designer or manufacturer rather than on the individual user of a product. *Uloth v. City Tank Corp.*, 376 Mass. 874, 880, 384 N.E.2d 1188, 1192 (1978).

7.  The standard of proof in a civil case is that a plaintiff must prove his case by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true. *Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940). See also *Lisbon v. Contributory Ret. App. Bd.*, 41 Mass.App.Ct. 246, 670 N.E.2d 392 (1996).

8.  You should give the testimony of each witness as much weight as, in your judgment, it is fairly entitled to receive. Jurors are the sole judges of the credibility of the witness, and if there is any conflict in their testimony, it is your function to resolve the conflict and determine the truth.

    In determining the credibility of a witness, and determining whether the witness is to be believed as to his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while

testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the accuracy of the witness's recollection, and the degree of intelligence shown by the witness.

You should take into consideration the character and appearance of the witness at trial in determining the credit to be given to his or her testimony. *Ford v. Kermer*, 360 Mass. 870, 277 N.E.2d 694 (1972); *Harding v. Studley*, 294 Mass. 193, 196, 200 N.E. 916, 917 (1936). Hughes, *Evidence*, § 237 (1961).

9. If you decide that the defendant was negligent, you must then consider whether the defendant's negligent conduct caused the plaintiff's injuries. Even if you find that the defendant was negligent, it is not liable to the plaintiff unless its negligence caused the plaintiff's harm. To meet his burden, the plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause. *Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Bernstein*, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)); Restatement (Second) of Torts § 430 (1965).

The defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about. It does not matter whether other concurrent causes contributed to the plaintiff's injuries so long as you find that the defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense which requires no further elaboration.

10. Furthermore, to establish causation, the plaintiff must show that the general type of harm was reasonably foreseeable to a manufacturer in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant foresaw, or should have foreseen, the exact manner in which the harm occurred; but the plaintiff must show that his harm was a natural and probable consequence of the defendant's negligence. *Hill v. Winsor*, 118 Mass. 251, 259 (1875); *Lane v. Atl. Works*, 111 Mass. 136, 139–40 (1872).

11. The plaintiff is not required to show the exact cause of his injuries or to exclude all possibility that they resulted without the fault of the defendant. *McLaughlin v. Bernstein*, 356 Mass. 219, 249 N.E.2d 17 (1969); *Edwards v. Boland*, 41 Mass.App.Ct. 375, 670 N.E.2d 404 (1996); *Woronka v. Sewall*, 320 Mass. 362, 365, 69 N.E.2d 581, 582–83 (1946).

What the plaintiff must show is that the harm was more likely due to the defendant's negligence than to some other cause. *Evangelico v. Metro. Bottling Co.*, 339 Mass. 177, 180, 158 N.E.2d 342, 343–44 (1959); *Roscigno v. Colonial Beacon Oil Co.*, 294 Mass. 234, 200 N.E. 883 (1936).

12. As a defense to this action, the defendant is claiming that the plaintiff himself was negligent and that the plaintiff's own negligence caused his injuries.

We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendant to the negligence, if any, of the plaintiff. *Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 265, 493 N.E.2d 206, 208–09, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986); G.L. c. 231, § 85.

Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendant has the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that this negligence contributed to cause the plaintiff's injuries. *Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 356, 446 N.E.2d 1033, 1040 (1983).

The plaintiff shall be presumed to have been in the exercise of due care. G.L. c. 231, § 85.

When you are determining whether the plaintiff was negligent, remember the instructions on causation. The plaintiff's negligence must have contributed to the cause of his injury for this comparative negligence analysis to apply.

13. A plaintiff's negligence causally contributes to his injury if he ought to have foreseen that his conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendant. To accomplish this comparison, determine the percentage that the plaintiff was negligent and the percentage that the defendant was negligent. The combined total of the negligence of the plaintiff and the defendant must equal 100 percent. If the negligence of the plaintiff is greater than the negligence of the defendant, the plaintiff will not be entitled to recover any damages.

    If the negligence of the plaintiff is equal to or less than the negligence of the defendant, the plaintiff's damages will be diminished by the percentage of his own negligence. If the negligence of the plaintiff is less than 50 percent, the amount you determine to be the plaintiff's damages will be reduced by that percentile by the clerk. For example, if you determine that the plaintiff was 20 percent negligent and that the negligence of defendant was 80 percent, the amount of the plaintiff's total damages will be reduced by 20 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.

14. One of the elements the plaintiff must prove is damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff.

    As with all the other elements, the plaintiff bears the burden of proving his damages by a fair preponderance of the evidence. W. P. Keeton, Prosser and Keeton on Torts § 54, at 359–67 (5th ed. 1984).

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct. *Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to him by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate. *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).*Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir. 1975).

There is no special formula under the law to assess the plaintiff's damage. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiff for his injuries. You must be guided by your common sense and your conscience.

15. To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for past, present, and future suffering such as you find has been proved by the evidence.

You are to take into account the past pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused him a loss of pleasures which he otherwise probably would have had in the form of work or play or family life or whatever. *Massachusetts Superior Court Civil Practice Jury Instructions*, § 2.1.13 (b) (MCLE, Inc. 1998 & Supp. 2001, 2003).

16. If you find that the plaintiff has suffered mental distress or increased anxieties as the foreseeable result of the defendant's negligence, you may compensate the plaintiff for these. In other words, if you decide to compensate the plaintiff for pain and suffering, you may compensate him for emotional pain and suffering, as well as physical pain and suffering. *Choicener v. Walters Amusement Agency, Inc.*, 269 Mass. 341 (1929).

17. If the plaintiff had the ability to earn money before the accident and you find there was a period of time after the accident that, by reason of the injury caused by the defendant, he was unable to exercise the necessary body or mental function to earn money, then that is an area which he is entitled to have you consider.

Evidence of wages paid is one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of this plaintiff himself, and not some standard of a normal person in his position, that furnishes the test. *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 544 (1939); *Braithwaite v. Hall*, 168 Mass. 38, 40, 46 N.E. 398, 399 (1897).

The ability or capacity to earn money varies from individual to individual, depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry. *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

18. The next area of damages which you are to consider is medical, hospital, and nursing expenses incurred by the plaintiff on account of his injuries. *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943). The plaintiff is entitled to recover for whatever expenses he proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident. *Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Cross v. Sharaffa*, 281 Mass. 329, 331–32, 183 N.E. 838, 838–39 (1933); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

                                        Plaintiff,
                                        By his attorneys,
                                        WILLIAMS & ASSOCIATES

                                        <u>s/Christopher S. Williams</u>
                                        Christopher S. Williams
                                        BBO# 528465
                                        11 Beacon Street, Suite 1100
                                        Boston, MA 02108
                                        (617) 303-0909