UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br>    Plaintiff, | )<br>)<br>) |
| V. | )   C.A. NO. 04-10304-MBB |
| | ) |
| PACCAR, INC.,<br>    Defendant. | )<br>)<br>) |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANT'S PROPOSED EXPERT TESTIMONY

Plaintiff hereby moves this Honorable Court to exclude from admission at trial the testimony of defendant's expert witness, as well as any references to said expert's opinions, pursuant to Fed.R.Civ.P. 37(c)(1), for failure to comply with Fed.R.Civ.P. 26(a)(2). In support of his motion, the plaintiff states as follows:

This matter arises out of an incident that occurred on June 28, 2002, in which the plaintiff was injured when he stepped onto the platform area of the cab of a truck designed and assembled by the defendant. Plaintiff filed this action, alleging negligence on the part of the defendant, on or about November 6, 2003. Following two continuances, trial is currently scheduled to begin March 5, 2007.

On January 18, 2005, the parties submitted to this Court an Amended Joint Statement Pursuant to Local Rule 16.1(D), which included an agreed-upon discovery plan. Pursuant to the joint discovery plan, the defendant was required to provide the expert disclosure on or before November 30, 2005. On August 29, 2005, the parties filed a Joint Motion to Adjust Discovery Deadlines. The Court allowed this motion on September 13, 2005 and, following a status conference held the same day, issued its

discovery schedule. Pursuant to this discovery schedule, the defendant was required to provide its expert disclosure by December 30, 2005.

Since that time, the expert disclosure deadline has been extended informally by agreement of the parties. On June 12, 2006, counsel for the defendant sent a letter to plaintiff's counsel addressing the "upcoming expert witness deadline which the parties had previously agreed to extend" and informing plaintiff's counsel of her intention to call William Howerton ("Howerton"), of Scientific Boston, Inc., as an expert witness. The letter, with Howerton's curriculum vitae enclosed, stated:

> Mr. Howerton is an accident reconstructionist who will address overall design issues of the Kenworth Truck, in general, address the likelihood that the accident could have happened as the plaintiff alleged, the nature and quality of the hoses used with the Arctic Fox heater and whether they were properly maintained/replaced. We are still waiting to receive the documentation related to the inspections that your client undertook of the truck before use and the log for the truck.

The letter went on to state that defense counsel wanted an extension of the expert disclosure deadline because she did not have the materials requested in the letter. Plaintiff's counsel did not object to the requested extension. Defense counsel sent a second letter on September 15, 2006, in which she reiterated her intention to call Howerton as an expert, but stated that she wanted to wait until she received the documents requested in her letter of June 12, 2006 before "finalizing any report." A final letter, dated December 7, 2006, stated that defense counsel then wanted to have Howerton inspect the plaintiff's truck "as soon as possible," but had an "ongoing concern about the lack of documents from [the plaintiff] relative to the truck." The letter further stated that defense counsel would "endeavor to have [her] expert prepare the report as

2

soon as possible following the inspection and the receipt of [plaintiff's] documents." A copy of each of these letters is attached hereto as Exhibit A.

Additionally, on June 27, 2005, defendant served plaintiff's counsel with its Answer to Plaintiff's First Set of Interrogatories. Plaintiff's interrogatory 23 requested the identity of each person defendant expected to call as an expert witness at trial, including his name, occupation, and address, the subject matter on which he was expected to testify, the substance of the facts and opinions to which he was expected to testify, the specific data on which he based his opinions, and the qualifications that make him an expert. In response, defendant stated that it had not yet determined which experts, if any, it would call to testify, but further stated that it would "supplement its response in accordance with its obligations under Fed.R.Civ.P. 26 and any pretrial order issued by the Court." The defendant has never supplemented its response to this interrogatory. A copy of the defendant's answers to interrogatories is attached as Exhibit B.

Howerton inspected the plaintiff's truck on February 3, 2007. On February 20, 2007, just thirteen days prior to the scheduled start of trial, the defendant served upon plaintiff's counsel its "Rule 26(A)(2) Disclosures of Expert Testimony," naming Howerton as an expert witness and attaching as an exhibit a report prepared by Howerton on February 20, 2007. A copy of defendant's "Rule 26(A)(2) Disclosures of Expert Testimony" is attached hereto as Exhibit C.

Under Fed.R.Civ.P. 26(a)(2), a party is required to disclose to other parties the identity of any person who may be used at trial to present expert opinion evidence. With respect to a witness who is retained or specially employed to provide expert testimony in the case, this disclosure shall "be accompanied by a written report prepared and signed by

3

the witness." Fed.R.Civ.P. 26(a)(2)(B) (the rule also specifically sets forth the required contents of the expert's report, as discussed below). The rule further states that such disclosure shall be made "at the times and in the sequence directed by the court," or, in the absence of directions from the court or stipulation by the parties, at least 90 days before the trial date or the date the case is to be ready for trial. Fed.R.Civ.P. 26(a)(2)(C).

Fed.R.Civ.P. 37(c)(1) enforces Rule 26(a) by providing that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed." See Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004). The First Circuit Court of Appeals has held the directives of Rule 26(a)(2) to be mandatory since the adoption of Rule 37(c)(1), which "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of [the] rule." Id. (quoting Klonoski, M.D., v. Mahlab, M.D., 156 F.3d 255, 269 (1st Cir. 1998)). The required sanction in the ordinary case is mandatory preclusion. Klonoski, 156 F.3d at 269.

The purpose of the expert disclosure rule is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent. Poulis-Minott, 388 F.3d at 354 (citing Lohnes v. Level 3 Communs., Inc., 272 F.3d 49, 60 (1st Cir. 2001)). Thus, "Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery." Id. (citation omitted).

First, defense counsel's letters to plaintiff's counsel, discussed above, wherein she provides the identity of defendant's anticipated expert witness who will "address overall design issues" and, "in general," other issues related to the plaintiff's accident, do not satisfy the requirements of Rule 26(a)(2). The rule specifically requires that a party's expert disclosure include a written report, prepared and signed by the witness, which shall contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B). No such report was included with any of defense counsel's letters.

In fact, even the defendant's February 20, 2007 "Rule 26(A)(2) Disclosures of Expert Testimony" fails to satisfy the requirements of Rule 26 (a)(2). The Rule specifically requires the defendant to provide a written report *prepared and signed by the witness* that includes the information listed in the above quote. The defendant has provided no such report. Rather, the defendant's "disclosure" consists of a document *prepared and signed by defense counsel*, which purports to provide the information required by Rule 26(a)(2). Attached to this document is a signed letter from Howerton to defense counsel consisting of a narrative in which Howerton appears to express a number of opinions. However, noticeably absent from Howerton's letter is any mention of the bases and reasons for his opinions, the data or other information he used in forming his opinions (he states only, "I have reviewed *information* related to an accident involving

5

Joseph Walsh (emphasis added)), any exhibits to be used in support of his opinions, his qualifications (including publications within the past ten years), the compensation he is to be paid for his study and testimony, and a list of any other cases in which he has testified as an expert within the past four years. By the plain language of Rule 26(a)(2), all of this information must be provided in a report prepared and signed by the witness, not a document prepared and signed by counsel, as is the case here. Therefore, defendant's "disclosure" fails to meet the requirements of Rule 26(a)(2) and the expert's testimony should be excluded.

Furthermore, while plaintiff's counsel concedes that no objections were made to defense counsel's repeated requests for continuances of its expert disclosure deadline, it was never agreed that the defense would be allowed to submit its disclosure at such a late date – again, just 13 days prior to the start of trial. In light of the fact that the defense knew the identity of its anticipated expert witness as early as June 12, 2006, as evidenced by defense counsel letter of that date, it is clear that the defense had ample time for its expert to inspect plaintiff's truck and prepare a written report, in order that it may comply with the requirements of Rule 26(a)(2). Instead, at no fault of the plaintiff's, the defense waited until 30 days prior to the scheduled start of trial to conduct the expert's inspection of the plaintiff's truck and 13 days prior to trial to submit its Rule 26(a)(2) disclosure. Notably, there is nothing contained in Howerton's report to suggest that any lack of information, or anything else, prevented its preparation and submission at an earlier date.

The defendant's disclosure of its expert on the eve of trial clearly deprived the plaintiff of the opportunity to depose the proposed expert, solicit expert opinions of his own in response to that of defendant's expert, conduct expert-related discovery, and

prepare an effective cross-examination. As such, the testimony of Howerton, as well as his report and any references to it, should be excluded from evidence at trial.

Finally, the plaintiff notes that, while this is the type of issue that should have been dealt with during the pre-trial conference of this matter, the nature of this motion and the facts giving rise to it precluded it from being addressed at an earlier date.

WHEREFORE, for the reasons discussed above, the plaintiff respectfully asks that this Court grant the within motion and exclude from admission at trial the testimony of defendant's expert witness, as well as any references to said expert's opinions

Plaintiff,
By his attorneys,
WILLIAMS & ASSOCIATES

s/ Christopher S. Williams
Christopher S. Williams (BBO# 528465)
John J. Heil (BBO# 663861)
11 Beacon Street, Suite 1100
Boston, MA 02108
(617) 303-0909