# EXHIBIT B

# To Plaintiff's Motion In Limine

**CAMPBELL CAMPBELL EDWARDS & CONROY**
PROFESSIONAL CORPORATION



ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

KATHLEEN M. GUILFOYLE
(617) 241-3109
kguilfoyle@campbell-trial-lawyers.com

June 27, 2005

Christopher S. Williams, Esquire
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA 02108

RE: Joseph Walsh v. Kenworth Truck Company.
Civil Action No.: 04-10304-JLT

Dear Mr. Williams:

Enclosed please find Defendant Paccar Inc's Answers to Plaintiff's First Set of Interrogatories.

Thank you for your attention to this matter.

Very truly yours,

*Kathleen M. Guilfoyle*

Kathleen M. Guilfoyle

KMG:ljb
Enclosure
cc: James M. Campbell, Esquire

RECEIVED
JUN 28 2005
BY:------------------

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br>    Plaintiff,<br><br>vs.<br><br>PACCAR INC.,<br>    Defendant. | C.A. NO. 04-10304-MBB |

### DEFENDANT PACCAR INC'S ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to the requirements of Rule 33 of the Federal Rules of Civil Procedure, defendant PACCAR Inc ("PACCAR") responds as follows to plaintiff, Joseph W. Walsh's ("the plaintiff"), first set of interrogatories:

### GENERAL OBJECTIONS

1. PACCAR objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

2. PACCAR objects to each interrogatory and to the Definitions to the extent that they seek to impose obligations that exceed those imposed by Rule 33 of the Federal Rules of Civil Procedure and/or the Local Rules for the District of Massachusetts.

3. PACCAR objects to each interrogatory to the extent that it seeks information for an unlimited period of time.

4. Pursuant to Fed. R. Civ. P. 33(c), PACCAR reserves the right to produce business records in lieu of answering specific interrogatories, where applicable.

5.   PACCAR objects to these interrogatories to the extent that it seeks information contained in pleadings or other documents already exchanged in this litigation.

6.   PACCAR objects to these interrogatories to the extent that they seek the disclosure of trade secrets or proprietary business information without a mutually agreeable confidentiality order in place.

INTERROGATORY NO. 1

Please identify yourself by stating your name, address, and the position that you hold in the defendant corporation, including all positions you have held with the defendant and the dates thereof.

ANSWER NO. 1

PACCAR objects to Interrogatory No. 1 to the extent that it requests the identity of the person answering the interrogatories as such information is beyond the scope of Fed. R.Civ.P. 26 and 33 as it purports to seek information from a non-party.

Subject to its objections and to its General Objections, PACCAR states that it is a Delaware corporation with a principal place of business at 777 106th Ave. N.E., Bellevue, WA 98004. The answers are verified on behalf of PACCAR by Richard I. Sedgley, Manager – Product Safety & Compliance, Kenworth Truck Company (an unincorporated division of PACCAR Inc), 10630 NE 38th Place, Kirkland, WA 98033. who has been specifically authorized by PACCAR to act for it in that regard. These responses constitute corporate responses and, as such, are not based upon the individual personal knowledge of any particular person.

INTERROGATORY NO. 2

With respect to the product, please describe the defendant's role, if any, in its design, manufacture, assembly, sale, distribution, advertisement, service and/or maintenance.

ANSWER NO. 2

PACCAR objects to Interrogatory No. 2 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to Interrogatory No. 2 to the extent that it seeks information generated on or after the plaintiff's accident and to the extent that it seeks information that is not within the possession, custody or control of PACCAR. Finally, PACCAR objects to Interrogatory No. 2 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states that the subject vehicle involved in this litigation is a 1988 Kenworth K100E. It was designed, manufactured, and assembled, in part, by Kenworth in June 1988.

INTERROGATORY NO. 3

With respect to the product components, please describe the defendant's role, if any, in their design, manufacture, assembly, sale, distribution, advertisement, service and/or maintenance.

ANSWER NO. 3

PACCAR objects to Interrogatory No. 3 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to Interrogatory No. 3 to the extent that it seeks information generated on or after the plaintiff's accident and to the extent that it seeks information that is not within the possession, custody or control of PACCAR. Finally, PACCAR objects to Interrogatory No. 3 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states as follows:

(a) fuel tank – designed, manufactured, and assembled in part by Kenworth;
(b) fuel tank connection - designed, manufactured, and assembled in part by Kenworth;
(c) fuel tank heater – supplied by Artic Fox Heaters Inc. (K142-475);
(d) fuel tank steps - designed, manufactured, and assembled in part by Kenworth;
(e) pogo stick – supplied by Stimsonite division of Amerace – Esna, Chicago, IL (K371-8).

INTERROGATORY NO. 4

Please identify all persons involved in or connected with the design of the product components and all decisions regarding their placement in the product, including, for each such person:

(a) their present relationship with the defendant, if any;
(b) the relationship of each such person to the defendant at the time of the design of the product;
(c) the exact role and function of each such person in the design of the product;
(d) the location and custodian of any records relating to the activities of each such person with regard to the design of the product.

3

ANSWER NO. 4

PACCAR objects to Interrogatory No. 4 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to Interrogatory No. 4 to the extent that it seeks information generated on or after the plaintiff's accident and to the extent that it seeks information that is not within the possession, custody or control of PACCAR. PACCAR further objects to the use of the phrase "involved in or connected with" as vague and ambiguous. Finally, PACCAR objects to Interrogatory No. 4 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states that Kenworth employs approximately 75 to 150 people responsible for the overall detailed design for its product at any one time. Some of Kenworth's models and/or components are derivatives of other models/components that have been designed over many years, which would increase the number of people involved to possibly twice that amount. To name or list those people responsible for the detailed design would be near impossible.

INTERROGATORY NO. 5

Please identify all vendors or outside suppliers of all of the product components.

ANSWER NO. 5

PACCAR objects to Interrogatory No. 5 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to Interrogatory No. 5 to the extent that it seeks information generated on or after the plaintiff's accident and to the extent that it seeks information that is not within the possession, custody or control of PACCAR. Finally, PACCAR objects to Interrogatory No. 5 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR refers the plaintiff to Answer No. 3.

INTERROGATORY NO. 6

Are Exhibits 1-3 fair and accurate representations of the original design and layout (i.e. placement in the product) of the component products depicted in the exhibits?

ANSWER NO. 6

PACCAR objects to Interrogatory No. 6 as vague and ambiguous. PACCAR also

objects to Interrogatory No. 6 to the extent that it seeks information regarding the design and layout of certain components of the Kenworth truck Model K100E based on photographs which are unclear. PACCAR also objects to the use of the term "original" as vague and ambiguous. PACCAR also objects to Interrogatory No. 6 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states that it is impossible to tell from the photographs (Exhibits #1, 2 and 3) if the highlighted components are original equipment and in the same location as originally built by Kenworth. Kenworth states that the vehicle as built had a pogo stick and an Artic Fox fuel tank heater.

INTERROGATORY NO. 7

If the answer to the preceding interrogatory is in the negative, or anything other than an unqualified affirmative, please set forth complete detail for each such product component:

- (a) a description of how the appearance and/or layout and/or placement of each product component shown in the Exhibits varies or differs from the original design and layout of the product component,
- (b) the function and purpose of each product component,
- (c) the name, address, and job title of the person who developed or originated design,
- (d) identify any and all documents regarding the original design and layout of the product components;
- (e) the number and other identification of any patents covering the product components, and,
- (f) the name, address, and job title of each person having custody of any records relating to original design and layout of the product components.

ANSWER NO. 7

See Answer No. 6.

INTERROGATORY NO. 8

Please identify the person or persons with the most knowledge regarding the original design and layout of the product components.

ANSWER NO. 8

PACCAR objects to Interrogatory No. 8 to the extent that it seeks to impose on PACCAR an obligation to determine which person or persons have the "most knowledge" regarding the original design and layout of the product components as seeking information outside the scope of Fed. R. Civ. P. 33. PACCAR also objects to Interrogatory No. 8 as vague

5

and ambiguous and overbroad, particularly in its use of the term "original." PACCAR also objects to Interrogatory No. 8 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states that based on the age of the vehicle, Richard I. Sedgley would be the individual most knowledgeable about the design and layout of the product components.

INTERROGATORY NO. 9

Are the steps affixed to the driver's side fuel tank as shown in Exhibits 1-3 part of the original design and/or layout of the product and/or the product components and are they in their original placement?

ANSWER NO. 9

PACCAR objects to Interrogatory No. 9 to the extent that it seeks information regarding the design, layout, and original placement of the steps in the Kenworth truck model K100E based on photographs which are unclear. PACCAR also objects to the use of the term "original placement" as vague and ambiguous.

Subject to its objections and to its General Objections, PACCAR states that the original components for the fuel tank steps are outlined in the Final Chassis Bill of Material, #0032-505-J03 & P04. The assembly & component drawings for the fuel tank steps R229-1106 and K229-1169. These drawings will be made available upon the execution of a mutually agreeable confidentiality order.

INTERROGATORY NO. 10

If the steps affixed to the driver's side fuel tank as shown in Exhibits 1-3 were part of the original design and/or layout of the product components, please describe their intended purpose, as well as the areas, functions, parts or other product components they were designed and/or intended to provide access to.

ANSWER NO. 10

PACCAR objects to Interrogatory No. 10 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to Interrogatory No. 10 as vague and ambiguous.

Subject to its objections and to its General Objections, PACCAR states that the primary purpose of the steps is to provide rear frame access to the vehicle and the ability to connect the tractor electrical and air supply to the trailer. The Kenworth design utilizes step and handholds to insure "three points of contact" when this access\egress is being utilized.

INTERROGATORY NO. 11

Please describe the name and purpose of the product component highlighted in Exhibits 1 and 2

ANSWER NO. 11

PACCAR objects to Interrogatory No. 11 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR also objects to Interrogatory No. 11 to the extent that it seeks information regarding the "name and purpose" of undefined product components based on photographs which are unclear. PACCAR objects to Interrogatory No. 11 to the extent that it seeks information generated on or after the plaintiff's accident and to the extent that it seeks information that is not within the possession, custody or control of PACCAR. PACCAR also objects to Interrogatory No. 11 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states that the primary component highlighted in exhibits 1 and 2 is the pogo stick. The pogo stick or hose tenna as it is sometimes referred to is a device that supports the electrical and air lines from the tractor (vehicle) to the trailer. This support prevents these lines from being damaged by rubbing on components of the vehicle.

INTERROGATORY NO. 12

Is the appearance and placement of the product component highlighted in Exhibits 1 and 2 as originally designed and intended? If not, please describe how it is different from the original design and/or placement.

ANSWER NO. 12

PACCAR objects to Interrogatory No. 12 as vague and ambiguous. PACCAR also objects to Interrogatory No. 12 to the extent that it seeks information regarding the appearance and placement of undefined product components based on photographs which are unclear. PACCAR also objects to Interrogatory No. 12 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components.

Subject to its objections and to its General Objections, PACCAR states that the original vehicle did have a similar component specified, but it is impossible to tell from the photographs (exhibits #1 and 2) if the highlighted component and its location were part of the original equipment on the vehicle. Kenworth states that the vehicle as built has the pogo stick located

7

per the Final Chassis Bill of Materials #0011-513-C46 and reference drawing R326-308-1.

INTERROGATORY NO. 13

Please describe the name and purpose of the product component circled in Exhibit 3.

ANSWER NO. 13

PACCAR objects to Interrogatory No. 13 as vague and ambiguous. PACCAR also objects to Interrogatory No. 13 to the extent that it seeks information regarding the name and purpose of product components based on photographs which are unclear. PACCAR also objects to Interrogatory No. 13 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components. PACCAR objects to Interrogatory No. 13 to the extent that it seeks information for an unlimited period of time.

Subject to its objections, its General Objections and the agreement reached with plaintiff's counsel, PACCAR understands the plaintiff to be seeking information regarding the Artic Fox fuel tank heater and its purpose is to heat the fuel for the engine. Further responding, PACCAR states that the Artic Fox brochure states as follows: ARTIC FOX is the fuel warmer that works in your tanks to keep diesel fuel from gelling, down to -30F and below. The ARTIC FOX heats the fuel by moving warm coolant from the engine down through heavy duty tubing in your fuel tank. There's no danger of coolant leaking in to the fuel because the tubing is pressure rated and seamless. What gets in your tank is HEAT, safe heat that keeps your fuel flowing, and you moving down the road."

INTERROGATORY NO. 14

Is the appearance and placement of the product component circled in Exhibit 3 as originally designed and intended? If not, please describe how it is different from the original design and/or placement.

ANSWER NO. 14

PACCAR objects to Interrogatory No. 14 as vague and ambiguous. PACCAR also objects to Interrogatory No. 14 to the extent that it seeks information regarding whether the appearance and placement of any product component is as originally designed and intended based on photographs which are unclear. PACCAR also objects to Interrogatory No. 14 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components. PACCAR objects to Interrogatory No. 14 to the extent that it seeks information for an unlimited period of time.

Subject to its objections, its General Objections and the agreement reached with

plaintiff's counsel, PACCAR understands the plaintiff to be seeking information regarding the connection at the fuel tank. Further responding, PACCAR states that it is impossible to tell from the photograph (exhibit #3) if the highlighted component is original equipment and in the same location as originally built by Kenworth. Kenworth states that the vehicle as build had an Artic Fox fuel tan heater as described in the Final Chassis Bill of Materials #0032-502-Q54 and installed using reference drawing R142-477.

INTERROGATORY NO. 15

Please describe all steps defendant took, including all tests and alternative designs and layouts, to determine if the design and placement of the product components highlighted in Exhibits 1-3 was safe.

ANSWER NO. 15

PACCAR objects to Interrogatory No. 15 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to the use of the word "safe" as vague and ambiguous. PACCAR also objects to Interrogatory No. 15 to the extent that it seeks information regarding design and layout of certain components of the Kenworth truck Model K100E based on photographs which are unclear. PACCAR also objects to Interrogatory No. 15 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components. PACCAR objects to Interrogatory No. 15 to the extent that it seeks information for an unlimited period of time and to the extent that it seeks information regarding tests and potential alternative designs which are not relevant to the claims at issue in this litigation.

Subject to its objections and to its General Objections, PACCAR states that Kenworth vehicles comply with all applicable Federal Regulations and are designed to industry standards for this type of product.

INTERROGATORY NO. 16

Please describe any and all changes made to the design and/or placement of the product components highlighted in Exhibits 1-3 since the manufacture of the product, including the reasons therefore.

ANSWER NO. 16

PACCAR objects to Interrogatory No. 16 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR also objects to Interrogatory No. 16 to the extent that it seeks information regarding design and layout of certain components of the Kenworth truck Model K100E based on photographs which are unclear. PACCAR also objects to Interrogatory No. 16 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel

tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components. PACCAR objects to Interrogatory No. 16 to the extent that it seeks information for an unlimited period of time and to the extent that it seeks information regarding tests and potential alternative designs which are not relevant to the claims at issue in this litigation.

Subject to its objections and to its General Objections, PACCAR states that Kenworth provides a custom built vehicle and as such the dealer/customer of the vehicle involved in this matter specified the components and the location of the components referred to in these interrogatories. Over the years the design of these components has changed, to address manufacturing and process improvements, but they are not significantly different from those that were installed on this vehicle.

INTERROGATORY NO. 17

Please describe any and all labels, tags warnings, directions, instructions and/or cautions given by the defendant (written, pictorial or oral) regarding the safe use and/or avoidance of the product components highlighted in Exhibits 1-3.

ANSWER NO. 17

PACCAR objects to Interrogatory No. 17 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PACCAR objects to the use of the phrase "avoidance of the product components" as vague and ambiguous. PACCAR also objects to Interrogatory No. 17 to the extent that it seeks information regarding design and layout of certain components of the Kenworth truck Model K100E based on photographs which are unclear. PACCAR also objects to Interrogatory No. 17 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components. PACCAR objects to Interrogatory No. 17 to the extent that it seeks information for an unlimited period of time and to the extent that it seeks information regarding tests and potential alternative designs which are not relevant to the claims at issue in this litigation.

Subject to its objections and to its General Objections, PACCAR states that the time of manufacture, Kenworth installed per the Final Chassis Bill of Material #0032-502-M01 a "NO STEP" identification plate on the top surface of the fuel tank. This identification plate is a reminder to the end user that the top of the fuel tank is NOT to be used as a step in the access of the rear frame. The part number of the identification plate is K281-2870.

INTERROGATORY NO. 18

If the answer to the preceding interrogatory is in the affirmative, please set forth in complete detail, for each such recommended tag, label, warning, directions, or instructions:

    (a)    its purpose,

(b)  its complete and verbatim contents,
(c)  its recommended position on the product,
(d)  the colors and size of type recommended, if any,
(e)  the name, address, and job title of the person who composed or formulated the wording of the recommendation,
(f)  the name, address, and job title of each person who has custody of any records relating to the recommendations,
(g)  where and when such records may be examined by counsel.

ANSWER NO. 18

See Answer No. 17.

INTERROGATORY NO. 19

Please describe all steps taken by the defendant to protect, cover or otherwise shield the product component outlined in Exhibit 3, at any time, whether before or after the accident alleged in the complaint, including in your answer the steps taken, the reason therefore, the date thereof and the cost added to the overall cost of the product as a result of such steps.

ANSWER NO. 19

PACCAR objects to Interrogatory No. 19 as vague and ambiguous. PACCAR also objects to Interrogatory No. 19 to the extent that it seeks information regarding any product component based on photographs which are unclear. PACCAR also objects to Interrogatory No. 19 to the extent that it seeks information related to any part of the Model K100E truck other than the fuel tank, the connection at the fuel tank, the heater in the fuel tank, the steps, and the pogo stick as the parties have specifically agreed to limit the scope of the discovery to these components. PACCAR objects to Interrogatory No. 19 to the extent that it seeks information for an unlimited period of time, and in particular, to the extent that it seeks information regarding any post-accident modifications as any such modifications are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to its objections and to its General Objections and the agreement reached with plaintiff's counsel, PACCAR understands the plaintiff to be seeking information regarding the connection at the fuel tank. Further responding and subject to its relevancy objection, PACCAR states that there were no post-accident modifications made to the connection at the fuel tank.

INTERROGATORY NO. 20

Please describe any and all injuries or unusual occurrences defendant is aware of that are similar to those experienced by the plaintiff as alleged in the complaint.

ANSWER NO. 20

PACCAR objects to Interrogatory No. 20 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, PACCAR objects to the use of the term "unusual occurrences" as vague and ambiguous and to the scope of the Interrogatory. As drafted, Interrogatory No. 20 seeks information for an unlimited period of time, for truck models other than the K100 model, and arguably, for trucks manufactured by entities other than Kenworth Truck Company.

Subject to its objections and to its General Objections, PACCAR states that it has no claims involving a K100 truck which are substantially similar to the claims asserted by the plaintiff in this action.

INTERROGATORY NO. 21

Please describe any and all claims for injuries made by anyone regarding any of the product components.

ANSWER NO. 21

PACCAR objects to Interrogatory No. 21 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, PACCAR objects to Interrogatory No. 21 to the extent that it seeks information for an unlimited period of time and to the extent that it seeks information regarding claims for injuries which are not substantially similar to the claim made by the plaintiff. Finally, PACCAR objects to Interrogatory No. 21 to the extent that it seeks information regarding claims for injuries involving any part of the Model K100E truck.

Subject to its objections and to its General Objections, PACCAR states that with the exception of the present case, it has no other claims involving substantially similar claims for the product components identified by the plaintiff.

INTERROGATORY NO. 22

Please describe any and all legal action(s) brought against the defendant regarding claims for injuries as a result of any of the component parts.

ANSWER NO. 22

PACCAR objects to Interrogatory No. 22 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In particular, PACCAR objects to Interrogatory No. 22 to the extent that it seeks information for an unlimited period of time and to the extent that it seeks information regarding legal actions for injuries which are not substantially similar to the claims made by the plaintiff. PACCAR also objects to Interrogatory No. 22 to the extent that it seeks information which is a matter of public record and, thus, equally accessible to the plaintiff. Finally, PACCAR objects to Interrogatory No. 22 to the

extent that it seeks information regarding claims for injuries involving any part of the Model K100E truck.

Subject to its objections and to its General Objections, PACCAR states that with the exception of the present case, there have been no other legal actions commenced against it for substantially similar accidents involving the component parts referenced by the plaintiff in his definitions.

INTERROGATORY NO. 23

Please completely identify each person you expect to call as an expert witness at trial and state as to each such person:

(a) name, occupation, and address,
(b) the subject matter on which the person is expected to testify,
(c) the substance of the facts and opinions to which the person is expected to testify,
(d) the specific data on which the person bases his opinions,
(e) the qualifications that make the person an expert.

ANSWER NO. 23

Subject to its General Objections, PACCAR states that it has not yet decided which experts, if any, it will call to testify in this matter. Further responding, PACCAR states that it will supplement its response in accordance with its obligations under Fed.R.Civ.P. 26 and any pretrial order issued by the Court.

AS TO OBJECTIONS:
PACCAR INC,

By its attorneys,
CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.,

*Kathleen M. Guilfoyle*
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

CERTIFICATE OF SERVICE

I, Kathleen M. Guilfoyle, counsel for PACCAR Inc hereby certify that I have this 27th day of June, 2005, forwarded copy of the above document via first-class mail, postage prepaid, to the following counsel of record:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108

*Kathleen M. Guilfoyle*
Kathleen M. Guilfoyle

## VERIFICATION

STATE OF WASHINGTON

COUNTY OF KING

Before me appeared Richard I. Sedgley of Kenworth Truck Company, an unincorporated division of PACCAR Inc, who states that he reviewed and executed the foregoing Defendant PACCAR Inc's Answers to Plaintiff's First Set of Interrogatories for and on behalf of the Defendant, PACCAR Inc, and that he or others under his direction have assembled and compiled the facts set forth in such answers and that he is informed and believes the same to be true.

Richard I. Sedgley

Subscribed and sworn to before me on this 24 day of June 2005.

Notary Public
My Commission Expires:

Notary Public
State of Washington
DEBORAH A. MINAS
MY COMMISSION EXPIRES
Dec 10, 2008

15