UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br>          Plaintiff,<br><br>v.<br><br>PACCAR, INC.,<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. NO. 04-10304-MBB

## PACCAR INC.'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, Defendant PACCAR Inc. submits the following proposed instructions for the jury.

## GENERAL INSTRUCTIONS

### 1.    Treat parties as equals

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint brought by the plaintiff, Joseph W. Walsh, and the answer and defenses of the defendant, PACCAR Inc.  You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences of your decision.  Muniz v. Rovira, 373 F.3d 1, 7 (1st Cir. 2004).

## 2. **Burden of Proof**

The burden is on the plaintiff to prove every essential element of his claim by a fair preponderance of the evidence. The defendant has no burden in this case; that is, the burden is not on the defendant to disprove the plaintiff's claims. If the plaintiff has failed to establish any essential element of any of his claims by a fair preponderance of the evidence, your verdict must be in favor of the defendant, PACCAR Inc. Watson v. Electrolux Professional Outdoor Products, Inc., No. CIV.A.04-11782 DPW, 2006 WL 2246416, at *4 (D.Mass. Aug 04, 2006); Swartz v. General Motors Corp., 375 Mass. 628 (1978); Coyne v. John S. Tilley Co., Inc., 368 Mass. 230 (1975).

The burden of proof is an affirmative obligation and cannot be left to surmise, conjecture or speculation. If on all of the evidence it is just as reasonable to suppose that the cause of his injury is one for which no liability would attach to the defendant as one for which the defendant is liable, then Mr. Walsh has failed to make his case and you must enter a finding in favor of the defendant. Alholm v. Town of Wareham, 371 Mass. 621, 626-27, 358 N.E.2d 788 (1976); Biowood v. Boston & N. St. Ry Co., 209 Mass. 345, 348, 95 N.E. 751 (1911).

## 3. **Preponderance of the Evidence**

To establish a proposition or element of a claim "by a fair preponderance of the evidence," the plaintiff must prove that the proposition or element is more probably true than not. A "fair preponderance of the evidence" is that which, when considered and compared with that opposed to it, is more convincing and produces in your minds the actual belief that what is sought to be proved is more probably true than not true. If you find after hearing all of the evidence that you are not satisfied as to what the truth is, then you must return a verdict in favor of PACCAR. DeJesus v. Yogel, 404 Mass. 44, 51 (1989); Stepakoff v. Kantar, 393 Mass. 836, 842-43 (1985); Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940).

**4.   Effect of Stipulations**

A stipulation is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. O'Malley, et al., 3 *Federal Jury Practice and Instructions* § 101.40.

**5.  Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

O'Malley, et al., 3 *Federal Jury Practice and Instructions* § 101.43.

**6.  <u>Fact of Accident Does Not Equal Negligence</u>**

The mere fact that an accident occurred and that the plaintiff may have been injured is not evidence that the defendant is responsible for the accident or injuries or that the defendant is liable to the plaintiff.   These facts alone are not sufficient for you to conclude that the plaintiff has met his burden of proof.   <u>Tamagno v. Conley</u>, 322 Mass. 218, 219 (1948); <u>Conley v. Town Taxi, Inc.</u>, 298 Mass. 130, 132 (1937)).

## NEGLIGENCE

### 7.  Negligence—Elements

In order to recover under a theory of negligence against the defendant, the plaintiff must prove by a preponderance of the evidence four essential elements:

      1.      the defendant owed a duty to the plaintiff;

      2.      the defendant breached that duty;

      3.      the plaintiff suffered injury or damage; and

      4.      the defendant's breach of its duty was the legal and proximate cause of the plaintiff's injury or damage.  Jorgenson v. Mass. Port. Auth., 905 F.2d 515, 522 (1st Cir. 1990); s (5th ed. 1984); Scott v. Thompson, 5 Mass. App. Ct. 372, 374 (1977); see also W. Prosser & W. Keeton, The Law of Torts § 30.

**8.**    **<u>Reasonably Prudent Manufacturer</u>**

The plaintiff alleges that PACCAR was negligent.  Negligence is a breach of a

duty to exercise the degree of care which a reasonable and prudent manufacturer would

have exercised under the same or similar circumstances.  In determining whether or not

PACCAR was negligent, you must decide whether it exercised the degree of care, and

skill that an ordinary, reasonably prudent manufacturer would have exercised in similar

circumstances.  <u>Back v. Wickes Corp.</u>, 375 Mass. 633, 643 (1978); <u>Schaeffer v. General

Motors Corp.</u>, 372 Mass. 171, 174 (1977).

9.    **Duty of Defendant**

A manufacturer does not guarantee that injuries will not occur from the use of its product.  A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.  The law imposes no duty upon a manufacturer to produce a product that is "accident-proof."    Morrell v. Precise Engineering, Inc., 36 Mass. App. Ct. 935, 936 (1994); Wasylow v. Glock, Inc., 975 F. Supp. 370, 379 (D.Mass. 1996).

10.    **<u>Standard of Care</u>**

When evaluating the claim of negligence against the defendant, you must decide whether in designing the 1988 Kenworth K100E truck, which contained the subject Arctic Fox Fuel Heater, PACCAR exercised the degree of care and skill that a reasonably prudent seller would have exercised in similar circumstances.  <u>Back v. Wickes Corp.</u>, 375 Mass. 633, 640-41 (1978); <u>Ducharme v. Hyundai Motor America</u>, 45 Mass. App. Ct. 401, 404 (1998).

**11.**    **<u>Reasonable Care</u>**

A manufacturer's duty is not perfection, but rather to exercise reasonable care in the design and manufacture of its product and to build it in a way so that it is reasonably fit for its intended purposes.  A manufacturer's duty is merely to see that its product is reasonably safe.  Generally, no manufacturer is obligated to make its product accident-proof or to include every conceivable safety device.  A manufacturer is not an insurer against all injuries that result from use of its products.  In addition, a manufacturer is not required to design and build a product which will never wear out.  <u>Mitchell v. Ford Motor Co.</u>, 533 F.2d 19, 20 (1st Cir. 1976); <u>Commonwealth v. Johnson Insulation</u>, 425 Mass. 650, 660-61 (1997); <u>Back v. Wickes Corp.</u>, 375 Mass 633, 640 (1978).

12.    **Design Defect—Negligence**

A manufacturer must use reasonable care to eliminate foreseeable dangers that subject a user to an unreasonable risk of harm.  Colter v. Barber-Green Co., 403 Mass. 50, 61 (1988).

In evaluating whether the defendant designed the product with reasonable care, you must weigh several factors.  These factors include the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, the adverse consequences to the product and to the consumer that would result from an alternative design and whether the proposed modification would cause undue interference with the performance of the product.  Cigna Ins. Co., 241 F.3d at 15-16; Back v. Wickes, 375 Mass. 633, 642 (1978); Fahey v. Rockwell Graphic Sys., Inc., 20 Mass. App. Ct. 642, 648 (1985), *review denied*, 396 Mass. 1103. The plaintiff must prove by a preponderance of the evidence the existence of a safer alternative design.  Gillespie v. Sears Roebuck & Co., 386 F.3d 21, 26 (1st Cir. 2004).

The manufacturer's duty is to design a product that is reasonably safe.  The defendant has no obligation to develop safety devices to protect against dangers that are only remotely possible or highly speculative. doCanto v. Ametek, Inc., 367 Mass. 776, 783 (1975); Morrell v. Precise Eng., Inc., 36 Mass. App. Ct. 935, 936 (1994).

**13.**    **Evaluating the Truck's Design - Compliance with Government Standards**

In evaluating whether the 1988 Kenworth Model K100E truck was defectively designed and unreasonably dangerous, you may take into account whether or not its design complied with applicable government statutes, regulations and standards.  If you find that the truck complied with applicable government regulations and standards you may consider that as evidence that it was not defective or unreasonably dangerous. See Back v. Wickes Corp., 375 Mass. 633, 641 (1978).

14.    **Evaluating the Truck's Design - Compliance with Customs and Practices**

In evaluating whether the truck was defective and unreasonably dangerous, you may also take into account whether the truck's design complied with the customs and practices prevalent in the truck industry at the time it was sold. If you find that the relevant aspects of the truck's design were consistent with the designs being used by other manufacturers in 1988, you may consider that as evidence that the design was not defective or unreasonably dangerous. Back v. Wickes Corp., 375 Mass. 633, 641 (1978).

**15.    Conditions at Time of Manufacture**

In evaluating the design of the vehicle, you must evaluate it in light of the conditions that existed when it left PACCAR's hands, not with reference to the conditions as they exist now or existed at some later time.  Back v. Wickes Corp., 375 Mass 633, 642 (1978).

**16.**    **No Improper Handling**

In a case such as this, where the accident occurs after the defendant had surrendered control of the product, it is the plaintiff's burden to show that the vehicle had not been improperly handled by other parties. The plaintiff cannot prevail against PACCAR on his negligence claim unless he proves that the 1988 Kenworth Model K100E truck was in substantially the same condition at the time of the accident as it was when it left PACCAR's possession. If you find that the truck was not in substantially the same condition at the time of the accident as it was when it left the possession of the defendant, then you should find that PACCAR was not negligent. See, e.g., Leblanc v. Ford Motor Co., 346 Mass. 225, 229-230 (1963); Evangelio v. Metropolitan Bottling Co., Inc. 339 Mass 177, 183 (1959); Carney v. Bereault, 348 Mass. 502, 507 (1965); Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1980); Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 237 (1975).

17.    **Failure to Warn**

A manufacturer has a duty to warn expected users of its product of latent dangers in its normal and intended use.  <u>Carey v. Lynn Ladder & Scaffolding Co.</u>, 427 Mass. 1003 (1998).

18.    **<u>Duty to Warn – Known or Obvious Danger</u>**

In some circumstances, however, a warning may be superfluous and may not reduce the likelihood of injury. Where the danger presented by the use of the product is obvious or where the plaintiff appreciated the danger substantially to the same extent that a warning would have provided, and a warning would not reduce the likelihood of injury, the manufacturer has not duty to warn of such a danger.

<u>Carey v. Lynn Ladder & Scaffolding Co.</u>, Inc., 427 Mass. 1003, 1003-1004 (1998); <u>Bavuso v. Caterpillar Indus., Inc.</u>, 408 Mass. 694, 699 (1990); <u>Colter v. Barber-Green Co.</u>, 403 Mass. 50, 59 (1988); <u>Uloth v. City Tank Corp.</u>, 376 Mass. 874, 880 (1978).

19.     **<u>Duty to Warn -  Knowledgeable User</u>**

A manufacturer has not duty to provide warnings to a sophisticated or

knowledgeable user of the product.   This means that a manufacturer has not duty to warn

someone of a risk or hazard which he appreciated to the same extent as a warning would

have provided.   In such a case, a warning has little deterrent effect.   You therefore must

consider Mr. Walsh's level of sophistication with respect to the use of the truck.   <u>Carrell</u>

<u>v. Nat'l Cord & Braid Corp.</u>, 447 Mass. 431 (2006).

20.    **Duty to Warn - Foreseeable Use or Misuse**

The law imposes no duty upon a manufacturer to warn users of a possible risk that is not associated with a foreseeable use or misuse of the product.    <u>Mitchell v. Sky Climber, Inc.</u>, 396 Mass. 629, 632 (1986).

21.    **State of the Art**

The "state of the art" is the level of pertinent scientific and technical knowledge existing at the time of the design, manufacture or sale of a product. Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813, 821, n.8 (1979).

In negligence actions and with respect to failure to warn, you may consider evidence that the manufacturer has conformed to business customs, industry customs or state-of-the-art design concepts as evidence that the Defendant complied with the applicable standard of care. This evidence is not determinative on the question of whether or not the defendant met the applicable standard of care, but you may consider it in reaching your determination. You must consider, in light of the facts and circumstances which you find, whether the defendant acted reasonably in designing the product. Back v. Wickes, 375 Mass. 633, 642 (1978); Corthell v. Great Atl. & Pac. Tea Co., 291 Mass. 242, 243-44 (1935).

22.     **Causation**

If you find that the plaintiff has proven, by a preponderance of the evidence, that the defendant owed plaintiff a duty and that the defendant breached that duty, you must then consider whether the plaintiff has proven that the defendant's conduct caused the plaintiff's injuries.   Even if you find that the plaintiff has proven that the defendant breached a duty, you must enter a verdict for the defendant if you find that the defendant's breach of duty did not cause the plaintiff's injuries. *Restatement (Second) of Torts* § 430 (1965).

To recover, the plaintiff must prove that the defendant's conduct constituted both the proximate and legal cause of his injuries.

A proximate cause is that which is a continuous sequence, unbroken by any new cause, produces an event and without which the event would not have occurred.  It may be assisted or accelerated by other incidental or ancillary matters, but, if it continues as an operative and potent factor, the chain of causation is not broken. Wallace v. Ludwig, 292 Mass. 251, 254 (1935).

To prove that the defendant's conduct was the legal cause of the plaintiff's injuries, the plaintiff must prove that the defendant's conduct was a substantial factor in bringing his injuries about and without which the harm would not have occurred.   In other words, if the harm would have occurred anyway, PACCAR is not liable. O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591 (1988).

Furthermore, if you find that the product was negligently designed, in order to find for the plaintiff you must also find that a different feasible design would have

prevented his injuries.  <u>Gillespie v. Sears Roebuck & Co.</u>, 386 F.3d 21, 27 (1st Cir. 2004).

Finally, to establish causation, the plaintiff must show that at the time of his injury he was using the product in a manner that the defendant manufacturer reasonably could have foreseen.  <u>Goffredo v. Mercedes-Benz Truck Co.</u>, 402 Mass. 97, 102-03 (1988); <u>Allen v. Chance Mfg. Co., Inc.</u>, 398 Mass. 32, 34 (1986); <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342, 357, n.13 (1983).; <u>Swartz v. General Motor Corp.</u>, 375 Mass. 628, 633 (1978).

23.    **<u>Comparative Negligence</u>**

If you find that the plaintiff's injury was caused both by the defendant's negligence and the plaintiff's negligence, then under the law of comparative negligence you must compare the plaintiff's negligence to the defendant's negligence.  If you find that the plaintiff's negligence is greater than the negligence attributable to the defendant then you must enter a verdict in favor of the defendant on the plaintiff's negligence claim.  Furthermore, the plaintiff's negligence, if equal to or less than the total amount attributable to the defendant, serves to diminish his recovery by the proportion of negligence attributable to the Plaintiff.  <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342, 357, n.13 (1983).

24.    **Adverse Inference -  Failure to Call Witness**

You may draw an adverse inference from the plaintiff's failure to call the individual from whom he purchased the truck.    <u>Graves v.  R.M. Parke, Inc.</u>, 45 Mass. App. Ct. 760, 770 (1998); <u>Brownlie v. Kanzaki Specialty Papers, Inc.</u>, 44 Mass. App. Ct. 408, 419 (1998).

25.    **<u>Adverse Inference – Spoliation</u>**

If you find that the truck is not in substantially the same condition as it was on the date of the accident and that the plaintiff altered the condition of the truck, then you may draw an adverse inference from the plaintiff's alteration of the truck that any evidence related to the removed or altered parts would not have been favorable to Mr. Walsh and would have been favorable to PACCAR.  <u>Gath v. M/A-Com, Inc.</u>, 440 Mass. 482, 489 (2003); <u>Nally v. Volkswagen of Am., Inc.</u>, 405 Mass. 191 (1989); <u>Kippenhan v. Chaulk Servs., Inc.</u>, 482 Mass. 124, 127 (1998).

## DAMAGES

### 26.     Damages—General Instruction

You are instructed that just as the plaintiff and the defendant have presented evidence reflecting their respective theories of the case, likewise instructions which state to you the law relative to all phases of the case must be given to you, and the fact that the court has given you instructions relative to injuries and damages is not to be interpreted by you as meaning that I have an opinion relative to liability in this case.

Simply because I am instructing you on the issue of damages does not mean that the plaintiff is entitled to recover in this case.   You should not even consider the plaintiff's damages until you have first made a decision relative to liability. If, under the evidence and the law as given to you in these instructions, you find that the defendant is not liable, you will not give any consideration to the question of damages or the extent of the injuries.

27.    **Damages—Sympathy**

You should not permit sympathy, bias or prejudice to influence your deliberations to any degree. The nature of the plaintiff's injuries should not be considered by you until you have first made a decision relative to liability. If, under the evidence and the law as given to you in these instructions, you find that the defendant id not liable, you will not, under those circumstances, give any consideration to the question of damages or the extent of the injuries.

28.    **Damages—Burden of Proof**

As with all the other elements, the plaintiff bears the burden of proving his damages by a fair preponderance of the evidence. The plaintiff must prove his damages with reasonable certainty. Pierce v. Clark, 66 Mass.App.Ct. 912, 851 N.E.2d 450, 454 (2006); Agoos Leather Cos. v. American & Foreign Ins. Co., 342 Mass. 603, 608 (1961); Our Lady of the Sea Corp. v. Borges, 40 Mass.App.Ct. 484, 489 (1996).

The plaintiff may not recover damages when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty. Pierce v. Clark, 66 Mass.App.Ct. 912, 851 N.E.2d 450, 454 (2006) (citing Kitner v. CTW Transport, Inc., 53 Mass.App.Ct. 741, 748, 762 N.E.2d 867 (2002) and Lowrie v. Castle, 225 Mass. 37, 51, 113 N.E. 206 (1916)).

In calculating damages, you are instructed not to overcompensate the plaintiff. Pierce v. Clark, 66 Mass.App.Ct. 912, 851 N.E.2d 450, 454 (2006).

29.    **Damages—Loss of Earning Capacity**

The plaintiff has the burden of proving his claimed loss of earning capacity. To do so, he must offer evidence from which you may reasonably determine the annualized stream of income that the plaintiff, uninjured, would probably have earned, and contrast it, over the period of proven disability, to a similar forecast of what the injured plaintiff's earnings are likely to be. Quinones-Pacheco v. American Airlines, Inc., 979 F.2d 1, 7 (1st Cir.1992) (holding that the plaintiff bears the burden of proving "the extent and likely duration of [the] plaintiff's claimed disability, what other work he can perform betimes, and what he can earn in such pursuits" and without such proof, a trial court properly can exclude evidence of losses stemming from the inability to do a particular job); Boudreau v. S/V Shere Khan C, 27 F.Supp.2d 72, 81 (D.Me. 1998).

In other words, to recover loss of earning capacity damages, the plaintiff must prove pre-injury and post-injury earning potential to a reasonable certainty. Stevens v. Bangor and Aroostook R. Co., 97 F.3d 594, 599 (1st Cir. 1996).

If the plaintiff fails to establish evidence of his annualized income that he would have earned but for his injury and evidence establishing to a reasonable certainty the amount of income he could have earned notwithstanding his injuries, then the plaintiff has failed to prove his claim for lost earning capacity and you may not award damages to Mr. Walsh for lost earning capacity. Quinones-Pacheco, 979 F.2d at 7; Boudreau, 27 F.Supp.2d at 81.

Respectfully Submitted,

**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

/s/ Kiley M. Belliveau
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 2, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108

/s/ Kiley M. Belliveau