UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>PACCAR, INC., )<br>    Defendant. )<br>_____) | C.A. NO. 04-10304-MBB |

PACCAR INC'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE DEFENDANT'S PROPOSED EXPERT TESTIMONY

The defendant, PACCAR Inc. ("PACCAR"), hereby opposes the plaintiff's motion to exclude the testimony of PACCAR's expert witness, William M. Howerton. PACCAR states that it has complied with its discovery obligations and that the extreme sanction of exclusion of PACCAR's expert is not warranted in this case. Moreover, PACCAR maintains that there is substantial justification for the timing of its expert disclosure and that the disclosure is neither harmful nor prejudicial to the plaintiff. In further support of this Opposition, PACCAR respectfully states as follows:

BACKGROUND

The plaintiff's motion omits material facts that are necessary to the Court's determination of the motion. PACCAR first identified Mr. Howerton as an expert witness in June, 2006. On June 12, 2006, counsel for PACCAR furnished plaintiff's counsel with a copy of Mr. Howerton's curriculum vitae and provided the following information with respect to Mr. Howerton's opinion:

> Mr. Howerton is an accident reconstructionist who will address overall design issues of the Kenworth Truck, in general, address the likelihood that the accident could have happened as the plaintiff alleged, the nature and quality of the hoses used with the Artic Fox heater and whether they were properly

>maintained/replaced.   We are still waiting to receive the documentation related to the inspections that your client undertook of the truck before use and the log for the truck.  Please let me know when I can expect to receive these materials.

A true and accurate copy of correspondence is attached hereto as Exhibit A.  The maintenance logs were material to, among other things, Mr. Howerton's analysis of the hoses.[1]

On September 15, 2006, PACCAR's counsel again wrote to plaintiff's counsel informing him that Mr. Howerton's report cannot be completed until the plaintiff produced the "long-awaited documents."  A true and accurate copy of correspondence is attached hereto as Exhibit B.  Counsel again renewed a request for the maintenance log and other records relative to the truck that were first requested in August, 2005, in a letter to plaintiff's counsel dated December 7, 2006.  A true and accurate copy of correspondence is attached hereto as Exhibit C.

At the close of each letter to plaintiff's counsel, counsel for PACCAR requested that the plaintiff inform her of any objection to Mr. Howerton's disclosure so that she enlist the aid of the court on these issues.  See Exhibits A, B, and C.

PACCAR thus attempted to address these discovery issues cooperatively with counsel for the plaintiff as is required by the Rules.  When it became apparent that PACCAR could not rely upon Mr. Walsh's testimony at his deposition with respect to the maintenance logs, PACCAR attempted to schedule Mr. Howerton's inspection of the truck.  Contrary to the plaintiff's assertion in his Motion that, "at no fault of the plaintiff's (sic), the defense waited until 30 days prior to the scheduled start of trial to conduct the expert's inspection," PACCAR had scheduled Mr. Howerton's inspection for early

---

[1] It should be noted that sometime after the accident the plaintiff's discarded the portion of the hose involved with the plaintiff's accident.  Therefore, PACCAR has never had an opportunity to inspect or test a material piece of evidence.  See PACCR Inc.'s motion in limine regarding spoliation.

2

January. What the plaintiff did not disclose to the Court is that the inspection was cancelled at the plaintiff's request. On January 17, 2007, counsel for PACCAR sent plaintiff's counsel a letter addressing the cancelled inspection and offering Mr. Howerton for deposition. See <u>Exhibit D</u>. Plaintiff's counsel was again put on notice that Mr. Howerton would offer an opinion that the hose was not properly maintained and that the cause of the accident was improper maintenance. See <u>Exhibit D</u>. Once again, counsel for PACCAR informed plaintiff's counsel that she would seek relief of the court if the plaintiff objected to PACCAR's disclosure. The plaintiff remained silent on this issue until the day before trial. He did not raise any issue with respect to the disclosure of Mr. Howerton's opinion in the parties' Pretrial Memorandum. Maintenance logs and other documents relative to the truck still have not been produced and the seller of the truck was identified for the first time the day before trial.

ARGUMENT

The Court has substantial discretion over the conduct of discovery in this matter, including the timing of expert witness disclosures. See <u>Williams v. Monarch Mach. & Tool Co., Inc.</u>, 26 F.3d 228, 230 (1st Cir. 1994). The plaintiff requests that this Court foreclose the jury from considering evidence from PACCAR's expert, alleging that PACCAR has disclosed Mr. Howerton on the eve of trial. See Pl. Mot. in Limine to Exclude at 5. Federal Rule of Civil Procedure 37(c) states as follows: "A party that without substantial justification fails to disclose the information required by Rule 26(a) or 26(e)(2) is not, unless such failure is harmless, permitted to use the evidence at a trial, at a hearing, or on motion any witness or information not so disclosed." The "preclusion of expert witnesses is a grave step, not to be undertaken lightly." <u>Primus v. United States</u>,

3

389 F.3d 231, 235 (1st Cir. 2004), quoting <u>Thiebeault v. Square D. Co.</u>, 960 F.2d 239, 247 (1st Cir. 1992).

      1.      There is substantial justification for the timing of PACCAR's expert <u>disclosure</u>.

There is substantial justification for PACCAR's expert disclosure because of the context in which Mr. Howerton's opinion was developed.

This is not a case as in <u>Alves v. Mazda Motor North America, Inc.</u>, 448 F.Supp.2d (D.Mass. 2005), which the court found involved more than inexcusable failure to observe a long-established deadline, a complete lack of earnest or adequate effort to meet the deadline, and a misrepresentation of materials facts to the court in connection with a motion to preclude. <u>Alves</u>, 448 F.Supp.2d at 294. Nor is it the case as in <u>Gagnon v. Teledyne Princeton, Inc.</u>, 437 F.3d 188 (1st Cir. 2006), where the court determined that the plaintiff's lack of disclosure of an expert only in the face of summary judgment motion was a "miscalculated strategy." <u>Id</u>. at 197. Finally, this is not a case as in <u>Klonoski v. Mahab</u>, 156 F.3d 255 (1st Cir. 1998), where the court determined that the defendant's production of letters *for the first time at trial* amounted to trial by ambush warranting exclusion of the letters. The plaintiff in this case ignored his obligation to produce documents that had been properly requested pursuant to Fed. R. Civ. P. 34 that PACCAR intended to provide to its expert for consideration in formulating his opinion. PACCAR made numerous requests for any documents relative to the truck. The plaintiff produced nothing. Also, PACCAR requested the identity of the seller of the vehicle or authorization from the plaintiff to request records from the Registry of Motor Vehicles that would enable PACCAR to ascertain the identity of the seller. The plaintiff produced the title the day before trial. The jury should not be deprived of the opportunity to review

all relevant evidence in order to make a fully informed determination of the issues in this case because the plaintiff's delay in meeting his discovery obligations was material to the timing of PACCAR's expert disclosure.

      2.      <u>Plaintiff has not been prejudiced by PACCAR's Expert Disclosure.</u>

The plaintiff has not been prejudiced by PACCAR's expert disclosure as there is nothing to suggest that the plaintiff would have undertaken a materially different course of discovery. The plaintiff was given ample notice of PACCAR's intent to offer Mr. Howerton as an expert and was repeatedly informed that Mr. Howerton could not finalize his report until the plaintiff complied with his disclosure obligations. As such, PACCAR's alleged late disclosure of Mr. Howerton is harmless and cannot serve as the basis for denying the jury the opportunity to evaluate Mr. Howerton's opinion.

The plaintiff argues that he is prejudiced because he could not "solicit expert opinions of his own in response to that of the defendant's expert." Pl. Mot. in Limine at 6. The Scheduling Order contemplates that the defendant will depose the plaintiff's expert regarding his theory of liability before disclosing expert witnesses to refute the proffered theory. It is the plaintiff who bears the burden of proof in this case and he must produce expert testimony to meet his burden of proof. This issue is detailed in PACCAR's motion in limine regarding the plaintiff's lack of an expert witness. The plaintiff identified a witness in his Answers to Interrogatories, but then subsequently decided not to present the expert as a witness. There is nothing to suggest that the plaintiff's decision not to present a witness was in any way related to PACCAR's expert disclosure. Moreover, plaintiff affirmatively stated that he would not call an expert despite knowledge of PACCAR's intent to call Mr. Howerton and despite knowledge of

the anticipated opinion.  In addition, the plaintiff alleges that he was "clearly deprived of the opportunity to depose the proposed expert."  Pl. Mot. in Limine at 6.  The letters from PACCAR explained above and attached to this motion clearly demonstrate that the plaintiff was aware of the opinions Mr. Howerton holds in this case and was offered the opportunity to depose him and declined.

The plaintiff argues in his motion that the purpose of the disclosure rules is to facilitate a fair contest based upon discovery of all material facts.  See Pl. Mot. in Limine at 4.  The plaintiff has repeatedly failed to comply with his discovery obligations to provide evidence that was to be considered by PACCAR's expert in connection with the formulation of his opinion.  The plaintiff should not be permitted to now benefit from this failure by now obtaining exclusion of a key witness for the defendant.

## CONCLUSION

For the foregoing reasons, PACCAR Inc. requests that Plaintiff's Motion in Limine to Exclude Defendant's Proposed Expert Testimony be denied and that the jury be permitted to consider the opinion of Mr. William Howerton in this case.

Respectfully Submitted,
**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

*/s/  Kiley M. Belliveau*
James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO#  546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

  I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by means of the CM/ECF system on March 2, 2007:

  Christopher S. Williams
  Williams & O'Leary, LLP
  11 Beacon St – Suite 1100
  Boston, MA  02108


              */s/  Kiley M. Belliveau*