UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 04-10304-MBB |
| ) | |
| PACCAR, INC., ) | |
| ) | |
| Defendant. ) | |

DEFENDANT PACCAR INC.'s OBJECTION TO THE PLAINTIFF'S
DESIGNATION OF THE DEPOSITION OF RICHARD SEDGLEY

The defendant, PACCAR Inc. ("PACCAR") hereby objects to the plaintiff's designation of the deposition of Richard Sedgley. Mr. Sedgley is PACCAR's Manager of Product Safety and Compliance. The plaintiff first provided PACCAR with notice of the portions of the deposition transcript that he intends to introduce at trial on Thursday, March 1, 2007.9 Counsel for PACCAR has informed counsel for the plaintiff that Mr. Sedgley will be present during the entirety of the trial. PACCAR therefore objects to reading portions of Mr. Sedgley's deposition transcript to the jury when Mr. Sedgley will be present and available to testify before the jury. Further in the event that the plaintiff is permitted to read Mr. Sedgley's deposition transcript to the jury, PACCAR requests that the scope of the plaintiff's cross-examination of Mr. Sedgley during the defendant's case be limited to those areas not covered during the deposition.

In the alternative, PACCAR presents the following specific objections to the designated testimony and requests that the Court preclude the plaintiff from reading the following portions of Mr. Sedgley's deposition to the jury:

I.      Testimony Regarding the No Step Sticker.

Testimony regarding the "No Step" sticker affixed to the fuel tank of the subject truck is not relevant to the plaintiff's failure to warn claim and therefore should not be admitted pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence. The "No Step" sticker warns the reader that a fuel tank is not to be stood upon or used as a step. The plaintiff alleges that PACCAR issues inadequate warnings with respect to hazards associated with heater hoses attached to an Artic Fox heater in the fuel tank of a 1988 Kenworth K100E cabover truck. The plaintiff acknowledged at his deposition that he knew what the "No Step" sticker was and that he knew that he should not stand on the fuel tank. In addition, the plaintiff made clear at his deposition that he did not step or stand on the fuel tank.

> Q.   But anyway, irrespective of the truck, you knew it wasn't appropriate to step on the gas tank?
>
> A.   I never stepped on it.

Deposition of Joseph Walsh at 43, l. 2-5.

For the reasons cited in Defendant's Motion in Limine to Exclude Evidence Regarding the "No Step" Decal, PACCAR requests that the plaintiff not be permitted to read the following testimony to the jury:

- Page 56, l. 11-25
- Page 57, l. 1-25
- Pages 58-58
- Page 69, l. 11-23
- Page 70, l. 5-12, 15-22
- Page 73, l. 16-25

- Pages 74-75, l. 1-4.
- Page 77, l. 13-25
- Page 78, l. 1-17.

This testimony will lead to an unnecessary and inappropriate "trial within a trial" regarding the durability of the No Step sticker that carries a substantial risk of prejudice to the defendant.

If the plaintiff is permitted to introduce testimony regarding the No Step decal over PACCAR's objection, then for purposes of completeness PACCAR counter-designates the following testimony:

- Page 84, l. 22-25; Page 85, l. 1-12
- Page 75, l. 4-6 (half of the witness's answer not designated).

II. Testimony Regarding the Incomplete Access Package.

The plaintiff should not be permitted to present testimony regarding the incomplete access package because the plaintiff testified that at the time of his accident the tuck was equipped with steps, a grab handle, and deck plates. Therefore, whether the truck was sold with or without deck plates is not relevant to any issue in this case. Testimony regarding the incomplete access package will lead to confusions of the issue and needless delay. The basis for PACCAR's objection to the testimony is further detailed in Defendant's Motion in Limine to Exclude Testimony Regarding the Incomplete Access Package. For the reasons stated therein, PACCAR specifically objects to admission of the following testimony:

- Page 87, l. 13-23
- Page 89, l. 15-25

- Page 90, l. 1-13 and l. 23-25
- Page 91, l. 1-22
- Page 93, l. 19-24
- Page 94, l. 6-25
- Page 95, l. 1-4 and l. 24-25
- Page 96, l. 1-25
- Page 97, l. 1-25.

If the plaintiff is permitted to present evidence regarding the incomplete access package over PACCAR's objection, PACCAR counter-designates the following testimony:

- Page 100, l. 18-25
- Page 101, l. 1-10.

III.  <u>Testimony Related to Analysis of the Placement of the Hosetenna</u>

The plaintiff has designated the following portions of Mr. Sedgley's deposition on the issue of the location of the hosetenna and analysis of the location hosetenna performed by Kenworth:

- Page 29, l.5-5-25
- Page 30, l. 1-17
- Page 31, l. 3-5
- Page 32, l. 8-19
- Page 33, l. 4-7.

There is no allegation in this case that the placement of the hosetenna was defective or that Kenworth was negligent with respect to the design or location of the

hosetenna. Admission of evidence on this issue will not assist the jury in determining the issues in this case, but rather simply serve them to distract them from their task in this case, which is to determine whether Kenworth was negligent with respect to its design and placement of the Artic Fox Heater in the left fuel tank, the location of the steps on the side-mounted rails, the type of material used for the hoses connected to the fuel tank, and the absence of a guard was negligent. The testimony regarding the location of the hosetenna and any analysis performed by Kenworth with respect to the hosetenna is not relevant and therefore should be excluded pursuant to Rule 402 of the Federal Rules of Civil Procedure.

IV.   <u>Testimony Related to Untested Configuration of Fuel and Electrical Lines</u>

The plaintiff also seeks to admit irrelevant testimony concerning an alternate configuration of the heater and the connected lines. Counsel for the plaintiff asked Mr. Sedgley if it is perhaps possible to place the heater in the fuel tank on the right side of the truck. Mr. Sedgley testified that while it might possible to alter the configuration of the fuel and heating system, such a configuration had never been evaluated in the right tank. The plaintiff did not ask Mr. Sedgley questions regarding what such an evaluation might entail. Therefore, any testimony that it is "possible" to place the heater in the right fuel tank should be excluded because there is no evidence that such a configuration would be feasible if tested. PACCAR requests exclusion of the following testimony:

- Page 48, l. 22-25
- Page 49
- Page 50, l. 1-15.

5

V.     Additional Counter-Designations

In addition, in order to present the jury with Mr. Sedgley's deposition in a fair, accurate, and complete fashion, PACCAR also requests that the following testimony be read to the jury:

- Page 72, l. 19-24; Page 73, l. 1-15
- Page 103, l. 24-25; Page 104, l. 1-5
- Page 120, l. 4-6.

## CONCLUSION

PACCAR Inc. requests that the plaintiff not be permitted to read portions of Mr. Sedgley's deposition that a not relevant to the issues in this case because such evidence will lead to juror confusion and waste of time.

Respectfully Submitted,
**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by hand on March 5, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108

*[signature]*
Kiley M. Belliveau