UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH, | ) |
| Plaintiff, | ) |
| v. | ) C.A. NO. 04-10304-MBB |
| PACCAR, INC., | ) |
| Defendant. | ) |

REVISED STATEMENT OF STIPULATED FACTS

Plaintiff, Joseph Walsh ("the plaintiff") and defendant, PACCAR Inc. ("PACCAR") (collectively referred to as "the parties") submit this revised statement of stipulated facts.

1. The 1988 Kenworth Model K100E ("the truck") was designed, manufactured, and assembled in part in 1988 by Kenworth Truck Company, an unincorporated division of PACCAR, Inc.

2. The truck was part of a sale of a fleet of trucks to Werner and the components of the truck, including the Arctic Fox Fuel Tank Heater were requested and/or specified by the original purchaser.

3. The Arctic Fox Fuel Tank Heater was located in the fuel tank and its purpose was to heat the fuel for the engine by moving coolant from the engine through the heavy duty tubing in the fuel tank.

4. The plaintiff had no direct communications with PACCAR or Kenworth in connection with his decision to purchase the truck.

5. The plaintiff had purchased the truck from a private individual on October 25, 1997 for $12,000.

6. At the time that the truck was purchased by the plaintiff, it had 3,064,789 miles on it.

7. Prior to purchasing the truck, the plaintiff inspected and drove the truck.

8. At the time of the purchase of the truck, the plaintiff had been an owner/operator of approximately six other cabover trucks of similar configuration.

9. The plaintiff had no interaction with Kenworth or PACCAR in connection with the purchase of the truck.

10. The plaintiff did not contact either Kenworth or PACCAR to ask for a copy of the operations and service manual or the final chassis bill of materials that identified all of the component parts of the truck.

11. The incident took place on June 27, 2002 in Connecticut while the plaintiff was on his way to Florida to transport a load of goods that he had picked up in Massachusetts.

12. Prior to the incident on June 27, 2002, the plaintiff knew that it was not appropriate to step on the fuel tank of the truck.

13. Following the plaintiff's incident on June 27, 2002, the plaintiff cut off the portion of the hose which had a pinhole leak in it, and reattached the

remaining section of the heater hose and screwed in the coupling. The section of the hose which allegedly failed was thrown out by the plaintiff.

14. The first notification that PACCAR had of the incident was shortly after suit was filed on January 15, 2004

15. The plaintiff's configuration of the rear cab has been altered since the plaintiff's accident and prior to suit being filed against PACCAR.

16. The plaintiff has agreed to dismiss Count II (breach of implied warranty of merchantability) and Count III (breach of the implied warranty of fitness for a particular purpose) of his complaint and to proceed solely on Count I (negligence).

| The Plaintiff, | The Defendant, |
|---|---|
| JOSEPH W. WALSH, | PACCAR INC, |
| By his Attorney,<br>WILLIAMS & ASSOCIATES | By its Attorneys,<br>CAMPBELL CAMPBELL EDWARDS<br>& CONROY, P.C., |
| _/s/Christopher S. Williams_____<br>Christopher S. Williams, BBO# 546411<br>Williams & Associates<br>11 Beacon St. – Suite 1100<br>Boston, MA  02108<br>(617) 303-0909 | __Kathleen M. Guilfoyle_____<br>James M. Campbell, BBO# 541882<br>Kathleen M. Guilfoyle, BBO# 546512<br>One Constitution Plaza<br>Boston, MA  02129<br>(617) 241-3000 |

DATED:  March 6, 2007