UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 04-10304-MBB |
| ) | |
| PACCAR, INC., ) | |
| ) | |
| Defendant. ) | |

### PACCAR INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50(a), the defendant, PACCAR Inc. ("PACCAR"), hereby requests that this Court enter Judgment as a Matter of Law in its favor on the plaintiff's negligent design and negligent failure to warn claims because the evidence introduced during the plaintiff's case-in-chief establishes that the plaintiff has no right to relief on these claims as a matter of law. As grounds for this Motion, PACCAR states as follows:

1. The plaintiff has failed to present sufficient evidence to meet his burden of proof with respect to his negligent design claim.

2. PACCAR has no duty to warn the plaintiff of open and obvious dangers.

3. The plaintiff has failed to present sufficient evidence to meet his burden of proof on his negligent failure to warn claim.

I.  **LEGAL STANDARD**

When considering a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a)(1), a district court may grant a Rule 50(a) motion before the case goes to the jury when it concludes that the evidence is legally insufficient. Energy North Natural Gas, Inc. v. Century Indem. Co., 452 F.3d 44, 50 (1st Cir. 2006). Judgment as a matter of law is appropriate when the evidence would not permit a reasonable jury to find in favor of the non-moving party on any permissible claim or theory. Id., citing Espada v. Lugo, 312 F.3d 1, 2 (1st Cir. 2002). The plaintiff must provide more than a mere scintilla of evidence and may not rely on conjecture or speculation to justify the submission of an issue to the jury. Russo v. Baxter Healthcare Corp., 140 F.3d 6, 8 (1st Cir. 1998).

II.  **ARGUMENT**

    1.  **The plaintiff has not permitted sufficient evidence to permit his negligent design claim to be permitted to the jury.**

In order to make out a submissible case on his negligent design claim, the plaintiff must present evidence expert testimony on such issues as the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, the adverse consequences to the product and to the consumer that would result from an alternative design, and whether the proposed modification would cause undue interference with the performance of the product. Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 15-16 (1st Cir. 2001); Back v. Wickes, 375 Mass. 633, 642 (1978). In a negligent design case, the plaintiff presents a case for the jury when an available and feasible design modification. See Colter v. Barber-Greene Co., 403 Mass. 50, 57 (1988).

Findings of fact as to technical matters beyond the scope of ordinary experience are not warranted in the absence of expert testimony supporting such findings. Liacos, *Massachusetts Evidence*, § 7.6.2 at 386 (6th ed. 1994). Under Massachusetts law, the plaintiff must present expert testimony in a product liability action unless the case falls within the class of cases where a jury can find, of their own lay knowledge that a design defect exists. Smith v. Ariens Co., 375 Mass. 620, 625 (1978). This case, involving the design of a fuel system in a commercial cab-over truck with a diesel engine, is one where the jury must have the guidance of expert testimony in order to determine the issues presented.

The plaintiff has not produced any evidence that PACCAR was negligent with respect to the design of the Kenworth K100E truck or the truck's fuel system. The plaintiff has not presented any expert testimony with respect to a proposed alternative design for the fuel system or with respect to his proposed guard for the heater hoses and fuel line. The plaintiff has presented no evidence that a change in the placement of the heater is feasible, that the use of steel tubing for the hoses is feasible, and that a guard over the heater is feasible. Therefore, any finding for the plaintiff on his negligent design claim would be impermissibly based on speculation and conjecture. See Alholm v. Wareham, 371 Mass. 621, 627 (1976). Accordingly, PACCAR requests Judgment as a Matter of Law on this claim.

2. **PACCAR has no duty to warn the plaintiff of open and obvious dangers.**

PACCAR had not duty to warn the plaintiff under the facts and circumstances of this case.

Massachusetts case law is firmly established that there is no duty to warn about an open and obvious danger. Bavuso v. Caterpillar, 408 Mass. 694 (1990); Barbosa v. Hopper Feeds, Inc., 404 Mass 610, 614. (1990). Where the danger presented by the product is obvious, no duty to warn exists because a warning will not reduce the likelihood of injury. Bavuso, 408 Mass. at 699, quoting Colter v. Barber-Greene Co., 403 Mass. 50, 59 (1988). In addition, there is no duty to warn where the plaintiff appreciated the danger substantially to the same extent as a warning would have provided. Slate v. Bethlehem Steel Corp., 400 Mass. 378, 382 (1987). In the present case, the plaintiff, an experienced owner/operator of commercial trucks testified that he knew that he should not step on hoses coming out of a fuel tank and that is the very warning that he testified should have been provided.

The plaintiff testified during cross-examination that he did not need a warning to tell him not to step on hoses coming out of the fuel tank because he was aware that stepping on hoses coming out of a fuel tank posed a potential hazard. The plaintiff also testified that the hoses were not obscured and that they were obvious. The plaintiff's admitted awareness of the hazards associated with stepping on hoses connected to the fuel tank precludes a finding for the plaintiff on his failure to warn claim because the plaintiff appreciated the danger substantially to the same extent as a warning would have provided. Slate v. Bethlehem Steel Corp., 400 Mass. 378, 382 (1987). The issue of duty is one of law for the court to decide, and the evidence presented during the plaintiff's case establishes that PACCAR had not duty to warn as a matter of law. Moreover, the plaintiff's testimony established that PACCAR's alleged failure to warn was not the proximate cause of the plaintiff's injuries as a matter of law because the warning the

4

plaintiff alleges should have been given would not have prevented the accident. See Cary v. Lynn Ladder & Scaffolding Co., Inc., 427 Mass. 1003, 1003-1004 (1998) (affirming summary judgment for defendant ladder manufacturer where plaintiff was aware of risk such that warning was not required and defendant was not causally responsible for plaintiff's accident); Colter, 403 Mass. at 59.

Because the evidence offered at trial established that the plaintiff was aware that stepping on heater hoses connected to a fuel tank is inappropriate and potentially hazardous, PACCAR owed not duty to warn the plaintiff. Consequently, PACCAR is entitled to Judgment as a Matter of Law on the plaintiff's failure to warn claim.

### III.  CONCLUSION

For the foregoing reasons, PACCAR Inc. respectfully requests pursuant to Fed. R. Civ. P. 50(a) that the Court enter judgment as a matter of law for PACCAR on the plaintiff's negligent design and negligent failure to warn claim.

Respectfully Submitted,
**PACCAR Inc.**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

/s/ James Campbell

James M. Campbell, BBO# 541882
Kathleen M. Guilfoyle, BBO# 546512
Kiley M. Belliveau, BBO# 661328
One Constitution Plaza, Third Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
kbelliveau@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Kiley M. Belliveau, of Campbell Campbell Edwards & Conroy, PC, attorney for PACCAR, Inc., hereby certify that a true copy of the above document was served upon the following counsel of record for the plaintiff by hand on March 7, 2007:

Christopher S. Williams
Williams & O'Leary, LLP
11 Beacon St – Suite 1100
Boston, MA  02108

*/s/ Kiley Belliveau*
Kiley M. Belliveau