UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH W. WALSH,
        Plaintiff,


        v.                                        CIVIL ACTION NO.
                                                  04-10304-MBB


PACCAR, INC.,
        Defendant.


DRAFT OF COURT'S INSTRUCTIONS TO THE JURY

MARCH 8, 2007

MEMBERS OF THE JURY:

        NOW THAT YOU HAVE HEARD ALL THE EVIDENCE AND THE ARGUMENTS

OF COUNSEL, IT BECOMES MY DUTY TO GIVE THE INSTRUCTIONS OF THE

COURT CONCERNING THE LAW APPLICABLE TO THIS CASE.

        IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE

IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM

FROM THE EVIDENCE IN THE CASE.  YOU ARE NOT TO SINGLE OUT ONE

INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE

INSTRUCTIONS AS A WHOLE.  NEITHER ARE YOU TO BE CONCERNED WITH

THE WISDOM OF ANY LAW STATED BY THE COURT.

        REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS

OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO

BASE A VERDICT UPON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN

THE INSTRUCTIONS OF THE COURT, JUST AS IT WOULD ALSO BE A

VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE IN THIS CASE.

IN DECIDING THE FACTS OF THIS CASE YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY.  OUR SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

## <u>CORPORATE PARTY</u>

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE.  A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS IS A PRIVATE INDIVIDUAL.  ALL PERSONS, INCLUDING CORPORATIONS, STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES; AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF THE AUTHORITY DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

## CONSIDERATION OF THE EVIDENCE

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE.  THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN THE RECORD AND ANY STIPULATIONS OF FACT ENTERED INTO BY THE PARTIES.  A STIPULATION IS AN AGREEMENT BETWEEN BOTH PARTIES THAT CERTAIN FACTS ARE TRUE.  UNLESS OTHERWISE INSTRUCTED, YOU MUST THEREFORE TREAT A STIPULATION AS AN ESTABLISHED FACT.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE.  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.

YOU MUST NOT CONSIDER EITHER ATTORNEY TO HAVE BEHAVED IMPROPERLY BECAUSE HE HAS ASSERTED OBJECTIONS.  IT IS THE ATTORNEY'S JOB TO DO SO.  NOR MAY YOU SPECULATE AS TO WHAT EVIDENCE THERE MAY BE WHICH WAS, FOR ONE REASON OR ANOTHER, NOT INTRODUCED.  IF THE EVIDENCE HAS BEEN EXCLUDED, IT IS BECAUSE THERE HAS BEEN GOOD REASON TO EXCLUDE IT, AND YOU SHOULD NOT SPEND TIME SPECULATING ABOUT WHAT THE EVIDENCE MIGHT HAVE BEEN.

WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.  IN THE FINAL ANALYSIS, IT IS YOUR RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF A CASE.  ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NONEXISTENCE OF CERTAIN FACTS.

A FACT MAY BE ESTABLISHED BY DIRECT EVIDENCE OR CIRCUMSTANTIAL EVIDENCE OR BOTH.  A FACT IS ESTABLISHED BY DIRECT EVIDENCE WHEN PROVED BY DOCUMENTARY EVIDENCE OR BY WITNESSES WHO SAW THE ACTS DONE OR HEARD THE WORDS SPOKEN.  A FACT IS ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE WHEN THE FACT CAN BE FAIRLY AND REASONABLY INFERRED FROM OTHER FACTS.

I WILL NOW GIVE YOU AN EXAMPLE OF CIRCUMSTANTIAL EVIDENCE AND AN EXAMPLE OF DIRECT EVIDENCE.  IF YOU HAVE THE NEWSPAPER DELIVERED TO YOUR HOUSE EVERY MORNING AND IF, AT THE TIME YOU GO TO BED, THERE IS FRESH SNOW ON THE GROUND AND NO FOOTPRINTS IN THE SNOW AND, IN THE MORNING, IF YOU LOOK OUT THE WINDOW AND CAN SEE FOOTPRINTS IN THE SNOW AND SEE THE NEWSPAPER ON THE STEP, THEN YOU CAN INFER THAT THE NEWSPAPER DELIVERY PERSON HAS MADE THE DELIVERY.  THIS INFERENCE IS MADE ON THE BASIS OF CIRCUMSTANTIAL EVIDENCE.  AN EXAMPLE OF DIRECT EVIDENCE WOULD BE IF YOU PERSONALLY SAW THE NEWSPAPER BEING DELIVERED.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT A JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL OF THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

## CREDIBILITY OF WITNESSES

NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE EVIDENCE AND I HAVE DESCRIBED THE VARIOUS KINDS OF EVIDENCE IN THIS CASE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO HIS TESTIMONY. IN WEIGHING THE TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER HIS RELATIONSHIP TO THE PLAINTIFF OR TO THE DEFENDANT AND HIS INTEREST, IF ANY, IN THE OUTCOME OF THE CASE. YOU SHOULD CONSIDER THE WITNESS' MANNER OF TESTIFYING; HIS OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE FACTS ABOUT WHICH HE TESTIFIED; HIS CANDOR, FAIRNESS AND INTELLIGENCE; AND THE EXTENT TO WHICH HIS TESTIMONY HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE. YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES AS TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF CERTAIN WITNESSES, AND COUNSEL HAVE ARGUED THAT SUCH

DISCREPANCIES ALONE ARE REASON FOR YOU TO REJECT THE TESTIMONY OF THOSE WITNESSES.  YOU ARE INSTRUCTED THAT EVIDENCE OF DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS' TESTIMONY BUT SUCH DISCREPANCIES DO NOT NECESSARILY MEAN THAT THE WITNESS' ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS WITH TIME.  A TRUTHFUL WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF.  IT IS ALSO A FACT THAT TWO PEOPLE WITNESSING THE SAME EVENT MAY SEE OR HEAR IT DIFFERENTLY.  WHETHER A DISCREPANCY PERTAINS TO A FACT OF IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED AND WEIGHED AS TO ITS SIGNIFICANCE; BUT A VERIFIED FALSEHOOD ALWAYS IS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR IMPRESSION OF THE WITNESS, HOW TO WEIGH THE DISCREPANCY IN HIS TESTIMONY.  AS ALWAYS, I ADVISE YOU TO USE YOUR COMMON SENSE AND YOUR OWN JUDGMENT.  IT IS YOUR DUTY TO DECIDE WHERE THE TRUTH RESIDES AND AN IMPORTANT PART OF THAT DECISION WILL INVOLVE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES YOU HAVE LISTENED TO AND OBSERVED.

IF ANY WITNESS IS SHOWN TO HAVE WILLFULLY LIED ON THE WITNESS STAND ABOUT ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO CONCLUDE THAT HE HAS ALSO LIED ABOUT OTHER MATTERS.  YOU MAY ACCEPT WHATEVER PART YOU MAY THINK DESERVES TO BE BELIEVED.

9

IT IS UP TO YOU TO DETERMINE WHETHER THE WITNESS TESTIFIED FALSELY AND WHETHER HE DID SO DELIBERATELY.  IT IS ENTIRELY UP TO YOU TO DECIDE WHAT WEIGHT IF ANY SHOULD BE GIVEN TO THE TESTIMONY OF SUCH A WITNESS ON THE BASIS OF ALL THE EVIDENCE AND YOUR COMMON SENSE.

## IMPEACHMENT

A WITNESS MAY BE DISCREDITED OR "IMPEACHED" BY CONTRADICTORY EVIDENCE, BY A SHOWING THAT HE TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

IF YOU BELIEVE THAT ANY WITNESS HAS BEEN SO IMPEACHED, THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

## EXPERT TESTIMONY

THE RULES OF EVIDENCE PROVIDE THAT IF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED AS AN EXPERT BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION, MAY TESTIFY AND STATE HIS OPINION CONCERNING SUCH MATTERS.

YOU SHOULD CONSIDER THE EXPERT OPINIONS RECEIVED IN EVIDENCE IN THIS CASE AND GIVE THEM SUCH WEIGHT AS YOU MAY THINK THEY DESERVE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.  IT IS ALSO TRUE THAT AN EXPERT SHOULD NOT GUESS IN THE SENSE OF STATING A CONCLUSION FROM FACTS THAT DO NOT TEND TOWARDS THE STATED CONCLUSION ANY MORE THAN TOWARDS A CONTRARY CONCLUSION.  IN OTHER WORDS, AN EXPERT MAY NOT TESTIFY ON THE BASIS OF PURE CONJECTURE.

AN EXPERT WITNESS, LIKE ANY OTHER WITNESS, IS ALSO SUBJECT TO YOUR ASSESSMENT OF HIS CREDIBILITY.  ACCORDINGLY, IN WEIGHING THE CREDIBILITY OF AN EXPERT WITNESS AND EVALUATING HIS TESTIMONY, YOU MAY CONSIDER HIS BIAS AND/OR HIS INTEREST IN THE OUTCOME OF THE CASE.  MY PREVIOUS INSTRUCTION ON THE CREDIBILITY

OF WITNESSES PROVIDES YOU WITH MORE DETAIL.

## BURDEN OF PROOF

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF, JOSEPH W. WALSH, HAS THE BURDEN OF PROVING THE MATERIAL ALLEGATIONS OF HIS CLAIM OF NEGLIGENCE AGAINST THE DEFENDANT, PACCAR, INC., BY A PREPONDERANCE OF THE EVIDENCE.  IF, AFTER CONSIDERING ALL OF THE TESTIMONY, YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED HIS BURDEN OF PROOF ON EACH ESSENTIAL POINT AS TO WHICH HE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF ON THAT CLAIM.  THE DEFENDANT, IN TURN, RAISES THE DEFENSE THAT THE PLAINTIFF HIMSELF WAS NEGLIGENT.  I INSTRUCT YOU THAT THE DEFENDANT HAS THE BURDEN OF PROOF TO ESTABLISH ITS NEGLIGENCE DEFENSE BY A PREPONDERANCE OF THE EVIDENCE.

IN A CIVIL ACTION SUCH AS THIS, IT IS PROPER TO FIND THAT A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF ON AN ISSUE OF FACT IF, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY TRUE THAN NOT TRUE.  IF, ON THE OTHER HAND, YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PARTY WITH THE BURDEN OF PROOF HAS FAILED TO SUSTAIN THAT BURDEN AND YOU MUST FIND FOR THE OTHER PARTY.

NOW, WHAT DOES A "PREPONDERANCE OF THE EVIDENCE" MEAN?  A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE.  IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE

14

EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS.  THE
TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS BELIEF
IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY
FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH
TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED
TO THE CONTRARY IF, AFTER CONSIDERATION OF ALL OF THE EVIDENCE IN
THE CASE, YOU HOLD GREATER BELIEF IN THE ACCURACY AND HONESTY OF
THE ONE WITNESS.  IN DETERMINING WHETHER A CLAIM HAS BEEN PROVEN
BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT
TESTIMONY OF ALL OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE
CALLED THEM, AND ALL OF THE RELEVANT EXHIBITS RECEIVED IN
EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS
EVENLY DIVIDED BETWEEN THE PARTIES - THAT IT IS EQUALLY PROBABLE
THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT -
THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS
BURDEN OF PROOF.  THAT IS BECAUSE THE PARTY BEARING THIS BURDEN
MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE - IT MUST PROVE
THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE.  IF, ON
THE OTHER HAND, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE,
YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS
MORE LIKELY TRUE THAN NOT TRUE, YOU MUST DECIDE THAT ISSUE IN
FAVOR OF THE PARTY WITH THE BURDEN OF PROOF.

## STATEMENT OF THE PLAINTIFF'S THEORY OF LIABILITY

I WILL NOW INSTRUCT YOU ON THE SPECIFIC CLAIM WHICH THE PLAINTIFF HAS BROUGHT IN THIS CASE.  I HAVE PREPARED A VERDICT FORM, WHICH IS A SERIES OF QUESTIONS FOR YOU TO ANSWER, IF APPROPRIATE.  YOU MAY TAKE THESE WRITTEN INSTRUCTIONS AND THE VERDICT FORM TO THE JURY ROOM WITH YOU AS YOU DELIBERATE.

THE PLAINTIFF, JOSEPH W. WALSH, WHO I WILL REFER TO AS THE PLAINTIFF, IS ASSERTING A CLAIM OF NEGLIGENCE AGAINST THE DEFENDANT, PACCAR, INC., WHO I WILL REFER TO AS THE DEFENDANT. THE DEFENDANT DENIES THAT IT WAS NEGLIGENT OR THAT THERE WAS A CAUSAL CONNECTION BETWEEN ITS NEGLIGENCE AND THE PLAINTIFF'S INJURIES.  THE DEFENDANT ALSO CLAIMS THAT THE PLAINTIFF HIMSELF WAS NEGLIGENT.

## NEGLIGENCE

AS I HAVE JUST EXPLAINED, THE PLAINTIFF SEEKS TO IMPOSE LIABILITY ON THE DEFENDANT ON THE THEORY OF NEGLIGENCE.

NEGLIGENCE IS GENERALLY DEFINED AS THE DOING OF SOMETHING THAT A REASONABLY PRUDENT PERSON IN THE ORDINARY COURSE OF HUMAN EVENTS WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO.

NOW, IN ORDER TO SUCCEED ON HIS CLAIM OF NEGLIGENCE, THE PLAINTIFF MUST SHOW:  (1) A DUTY OF CARE OWED BY THE DEFENDANT TO THE PLAINTIFF; (2) A BREACH OF THAT DUTY OF CARE ON THE PART OF THE DEFENDANT; (3) THAT THE PLAINTIFF SUFFERED INJURY OR DAMAGE; AND (4) THE DEFENDANT'S BREACH OF ITS DUTY WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURY OR DAMAGE.

NEGLIGENCE CONSISTS OF A DUTY TO USE REASONABLE CARE OWED TO THE INJURED PARTY, IN THIS CASE, THE PLAINTIFF, AND A BREACH OF THAT DUTY.  IN ADDITION, IN ORDER TO PREVAIL ON A NEGLIGENCE THEORY, THE PLAINTIFF MUST ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE DEFENDANT'S BREACH OF THE DUTY TO USE REASONABLE CARE PROXIMATELY CAUSED INJURY TO THE PLAINTIFF RESULTING IN ACTUAL DAMAGE.

I FURTHER INSTRUCT YOU THAT THE MERE FACT THAT AN ACCIDENT OCCURRED OR THAT THERE WERE INJURIES IS NOT EVIDENCE OF NEGLIGENCE.  THE PLAINTIFF DOES NOT SUSTAIN HIS BURDEN OF PROVING

17

THE DEFENDANT'S NEGLIGENCE MERELY BY SHOWING THE OCCURRENCE OF AN

ACCIDENT.[1]

---

[1] <u>Conley v. Town Taxi</u>, 10 N.E.2d 74, 76 (Mass. 1937) ("The plaintiff did not sustain the burden of proving the operator's negligence by merely showing the fact of the occurrence of the accident").

## DUTY AND BREACH OF DUTY

I WILL NOW ELABORATE ON THE DUTY OF REASONABLE CARE AND WHAT CONSTITUTES A BREACH OF THAT DUTY.

THE DUTY OF REASONABLE CARE IS GENERALLY DEFINED AS THE FAILURE OF A RESPONSIBLE PERSON, EITHER BY OMISSION OR BY ACTION, TO EXERCISE THAT DEGREE OF CARE, VIGILANCE AND FORETHOUGHT WHICH, IN THE DISCHARGE OF THE DUTY THEN RESTING ON HIM, A PERSON OF ORDINARY CAUTION AND PRUDENCE OUGHT TO EXERCISE UNDER THE ATTENDANT CIRCUMSTANCES.[2] THE AMOUNT OF CARE THAT THE PRUDENT AND RESPONSIBLE PERSON WOULD EXERCISE VARIES WITH THE CIRCUMSTANCES, THE CARE INCREASING WITH THE LIKELIHOOD AND SEVERITY OF THE HARM THREATENED.[3] IT IS THE DOING OF SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO.

UNDER THIS STANDARD, THE DEFENDANT IS HELD TO THE STANDARD OF CARE OF AN ORDINARY, REASONABLY PRUDENT MANUFACTURER IN LIKE CIRCUMSTANCES.  YOU MUST THEREFORE DETERMINE WHETHER THE DEFENDANT EXERCISED THE DEGREE OF CARE AND SKILL THAT AN ORDINARY, REASONABLY PRUDENT MANUFACTURER WOULD HAVE EXERCISED IN

---

[2]  Morgan v. Lalumiere, 493 N.E.2d 206, 210 (Mass.App.Ct. 2003) (negligence instruction must reference both reasonable person standard and attendant circumstances).

[3]  Goldstein v. Gontarz, 309 N.E.2d 196, 201 (Mass. 1974) ("the amount of care that the prudent and responsible person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened").

LIKE CIRCUMSTANCES.[4]

THE STANDARD OF CARE APPLICABLE TO A MANUFACTURER DESIGNING A PRODUCT IS THAT OF THE ORDINARY, REASONABLY PRUDENT DESIGNER IN LIKE CIRCUMSTANCES.[5] MORE SPECIFICALLY, YOU MUST DETERMINE WHETHER, IN DESIGNING THE 1988 KENWORTH TRUCK WHICH CONTAINED THE ARCTIC FOX FUEL HEATER, THE DEFENDANT EXERCISED THE DEGREE OF CARE AND SKILL OF THE ORDINARY, REASONABLY PRUDENT MANUFACTURER IN LIKE CIRCUMSTANCES. THE TEST OF WHETHER A PRODUCT IS DEFECTIVE IS ONE OF REASONABLENESS RATHER THAN ONE OF PERFECTION.[6] THERE IS NO DUTY TO DESIGN A PRODUCT THAT IS COMPLETELY RISK FREE.[7]

---

[4] <u>Back v. Wickes Corp.</u>, 378 N.E.2d 964, 971 (Mass. 1978) ("judge declined to give the instruction 'as requested,' and he charged, in essence, that the defendants were held to the standard of the ordinary, reasonably prudent manufacturer in like circumstances. This was a correct statement of the law.").

[5] <u>Back v. Wickes Corp.</u>, 378 N.E.2d at 971; <u>Cigna Ins. Co. v. Oy Saunatec, Ltd.</u>, 241 F.3d 1, 15 (1st Cir. 2001) ("[m]anufacturers have a duty to design products with reasonable care and are held to the standard of 'an ordinary reasonably prudent designer in like circumstances'").

[6] <u>Morrell v. Precise Engineering, Inc.</u>, 630 N.E.2d 291, 293 (Mass.App.Ct. 1994) ("The test for whether the product is defective is one of reasonableness rather than one of perfection").

[7] <u>Wasylow v. Glock, Inc.</u>, 975 F.Supp. 370, 379 (D.Mass. 1996) ("Wasylow has the burden to show that the manufacturer failed to exercise reasonable care to eliminate avoidable or foreseeable dangers to the user [citation omitted] but there is no duty to design a product that is 'risk free' or 'risk proof'").

THUS, A MANUFACTURER IS UNDER A DUTY TO USE REASONABLE CARE TO DESIGN A PRODUCT THAT IS REASONABLY SAFE FOR THE PURPOSE OR PURPOSES FOR WHICH IT IS INTENDED.[8]  YOU SHOULD FOCUS, HOWEVER, NOT SO MUCH ON HOW THE PRODUCT IS MEANT TO FUNCTION BUT RATHER ON WHETHER THE PRODUCT IS DESIGNED WITH REASONABLE CARE TO ELIMINATE AVOIDABLE DANGERS.[9]  A MANUFACTURER HAS A DUTY TO DESIGN THE PRODUCT WITH REASONABLE CARE TO ELIMINATE AVOIDABLE DANGERS.[10] ACCORDINGLY, THE MANUFACTURER MUST ANTICIPATE THE ENVIRONMENT IN WHICH THE PRODUCT WILL BE USED AND THEN DESIGN THE PRODUCT AGAINST THE REASONABLY FORESEEABLE RISKS ATTENDING THE PRODUCT'S USE IN THAT SETTING.[11]  IT MUST USE REASONABLE CARE TO ELIMINATE

---

[8]  Ducharme v. Hyundai Motor America, 698 N.E.2d 412, 415 (Mass.App.Ct. 1998) ("A manufacturer is under a duty to use reasonable care to design a product that is reasonably safe for its intended use"); accord Smith v. Ariens Co., 377 N.E.2d 954, 957 (Mass. 1978) (negligent design case wherein court noted that "a manufacturer has the duty to design products so that they are reasonably fit for the purposes for which they are intended").

[9]  "The focus in design negligence cases is not on how the product is meant to function, but on whether the product is designed with reasonable care to eliminate avoidable dangers." Uloth v. City Tank Corp., 384 N.E.2d 1188, 1191 (Mass. 1978). "We reject the suggestion that we adopt a rule that design negligence turn solely on whether a product functions as intended."  Id.

[10]  Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 15 (1st Cir. 2001) ("the focus in design negligence cases is not on how the product is meant to function, but on whether the product is designed with reasonable care to eliminate avoidable dangers").

[11]  Simmons v. Monarch Mach. Tool Co., Inc., 596 N.E.2d 318, 322 (Mass. 1992) (negligent design case wherein court stated, "The manufacturer must anticipate the environment in which the product will be used and design against reasonably foreseeable

FORESEEABLE DANGERS WHICH SUBJECT A USER TO AN UNREASONABLE RISK OF INJURY OR HARM.[12] IN EVALUATING THE DESIGN OF THE PRODUCT, THE PLAINTIFF MUST SHOW THAT THE DEFECT EXISTED AT THE TIME THE PRODUCT LEFT THE MANUFACTURER.[13]

A MANUFACTURER, HOWEVER, DOES NOT HAVE A DUTY TO DEVELOP SAFETY DEVICES TO PROTECT AGAINST EVERY REMOTELY POSSIBLE DANGER.[14] THE MANUFACTURER THEREFORE HAS NO OBLIGATION TO DEVELOP SAFETY DEVICES TO PROTECT AGAINST DANGERS THAT ARE ONLY REMOTELY POSSIBLE OR HIGHLY SPECULATIVE.[15]

IN EVALUATING WHETHER THE PRODUCT WAS DESIGNED WITH

---

risks attending the product's use in that setting").

[12] "The focus of the negligence inquiry is on the conduct of the defendant. We impose liability when a product's manufacturer or seller has failed to use reasonable care to eliminate foreseeable dangers which subject a user to an unreasonable risk of injury." Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1313 (Mass. 1988); Haglund v. Philip Morris, Inc., 847 N.E.2d 315, 323 n. 9 (Mass. 2006) (same).

[13] "To show that a defect is attributable to a manufacturer in a design defect action, therefore, the plaintiff must show that the defect existed at the time the product left the manufacturer." Smith v. Ariens Co., 377 N.E.2d 954, 958 (Mass. 1978) (further explaining that improper handling principle does not apply in negligent design defect cases).

[14] DoCanto v. Ametek, Inc., 328 N.E.2d 873, 878 (Mass. 1975) ("Ametek had no obligation to develop safety devices to protect against every remotely possible danger").

[15] Mass. Superior Court Civil Practice Jury Instructions § 11.2.3 (2001) (negligent design instruction states in pertinent part that manufacturer "has no obligation to develop safety devices to protect against dangers that are only remotely possible or highly speculative").

REASONABLE CARE TO ELIMINATE AVOIDABLE DANGERS, YOU MUST WEIGH
SEVERAL FACTORS.  THESE FACTORS INCLUDE THE GRAVITY OF THE DANGER
POSED BY THE CHALLENGED DESIGN, THE LIKELIHOOD THAT SUCH DANGER
WOULD OCCUR, THE MECHANICAL FEASIBILITY OF A SAFER ALTERNATIVE
DESIGN, THE FINANCIAL COST OF AN IMPROVED DESIGN AND THE ADVERSE
CONSEQUENCES TO THE PRODUCT AND TO THE CONSUMER THAT WOULD RESULT
FROM AN ALTERNATIVE DESIGN.[16]  YOU SHOULD CONSIDER ALL OF THE
RELEVANT FACTORS INCLUDING WHETHER THE PRODUCT FUNCTIONED AS
INTENDED, WHETHER THERE WERE ADEQUATE WARNINGS GIVEN AND WHETHER
THE DANGERS WERE OBVIOUS.[17]  FOR EXAMPLE, IF A SLIGHT CHANGE IN
DESIGN WOULD PREVENT SERIOUS, PERHAPS FATAL, INJURY, THE DESIGNER

---

[16]  The parties agree on this instruction.  (Docket Entry #
34, ¶ 3; Docket Entry # 36, ¶ 12).  In addition, instruction
11.2.3 of the Massachusetts Superior Court Civil Jury
Instructions states, in pertinent part, that:

>    In evaluating whether the product was designed with
>    reasonable care, you must weigh several factors.  These
>    factors include the gravity of the danger posed by the
>    challenged design, the likelihood that such danger would
>    occur, the mechanical feasibility of a safer alternative
>    design, the financial cost of an improved design and the
>    adverse consequences to the product and to the consumer that
>    would result from an alternative design.


[17]  The jury should consider the following factors in a
negligent design case:  whether the product performs as intended,
whether the warnings are found to be adequate and whether the
dangers are obvious.  Uloth v. City Tank Corporation, 384 N.E.2d
1188, 1193 (Mass. 1978) (rejecting that any one factor is
controlling).  Plaintiff requests a similar instruction.  (Docket
Entry # 34, ¶ 5).

MAY NOT AVOID LIABILITY BY SIMPLY WARNING OF THE POSSIBLE INJURY.

IN SUCH CIRCUMSTANCES, THE BURDEN TO PREVENT A NEEDLESS INJURY IS

BEST PLACED ON THE DESIGNER OR MANUFACTURER RATHER THAN ON THE

INDIVIDUAL USER OF A PRODUCT.[18]

　　　IN EVALUATING THE ADEQUACY OF A WARNING, YOU SHOULD

RECOGNIZE THAT IN SOME CIRCUMSTANCES A WARNING MAY BE SUPERFLUOUS

INASMUCH AS IT MAY NOT REDUCE THE LIKELIHOOD OF AN INJURY.[19]   THE

MANUFACTURER THEREFORE HAS NO DUTY TO WARN OF A DANGER THAT IS

OBVIOUS.   THE MANUFACTURER DOES, HOWEVER, HAVE A DUTY TO WARN

EXPECTED USERS OF ITS PRODUCT OF LATENT DANGERS IN ITS NORMAL AND

INTENDED USE.[20]

---

[18]   "If a slight change in design would prevent serious, perhaps fatal, injury, the designer may not avoid liability by simply warning of the possible injury.  We think that in such a case the burden to prevent needless injury is best placed on the designer or manufacturer rather than on the individual user of a product."  Uloth v. City Tank Corp., 384 N.E.2d 1188, 1192 (Mass. 1978).

[19]  As explained by the court in Uloth:

　　　Whether or not adequate warnings are given is a factor to be considered on the issue of negligence, but warnings cannot absolve the manufacturer or designer of all responsibility for the safety of the product.  However, in some circumstances a warning may not reduce the likelihood of injury.  For example, where the danger is obvious, a warning may be superfluous.  A designer may have no duty to warn of such dangers.

Uloth v. City Tank Corp., 384 N.E.2d at 1192.

[20]   Carey v. Lynn Ladder & Scaffolding Co., 691 N.E.2d 223, 224 (Mass. 1998) (manufacturer in negligence case has "a duty to warn expected users of its product of latent dangers in its normal and intended use").

A MANUFACTURER ALSO HAS NO DUTY TO PROVIDE A WARNING TO A SOPHISTICATED OR KNOWLEDGEABLE USER OF THE PRODUCT.[21]  THIS MEANS THAT THE MANUFACTURER HAS NO DUTY TO WARN WHERE THE USER OF THE PRODUCT APPRECIATED THE DANGER SUBSTANTIALLY TO THE SAME EXTENT AS A WARNING WOULD HAVE PROVIDED.[22]  IN SUCH CIRCUMSTANCES, A WARNING HAS LITTLE DETERRENT EFFECT.  YOU SHOULD THEREFORE CONSIDER AND EXAMINE THE PLAINTIFF'S LEVEL OF SOPHISTICATION WITH RESPECT TO THE USE OF THE PRODUCT.[23]

--------

[21]  The sophisticated user doctrine applies to both negligent failure to warn cases as well as breach of warranty cases.  Carrel v. National Cord & Braid Corporation, 852 N.E.2d 100, 109 n. 12 (Mass. 2006).

[22]  As explained by the Massachusetts Supreme Judicial Court ("the SJC") in the Carey decision:

> A manufacturer has a duty to warn expected users of its product of latent dangers in its normal and intended use. [multiple citations omitted].  The duty to warn, however, does not attach where the danger presented is obvious, see Bavuso v. Caterpillar Indus., Inc., supra, and cases cited, or where the plaintiff appreciated the danger substantially to the same extent as a warning would have provided.  See Slate v. Bethlehem Steel Corp., 400 Mass. 378, 382, 510 N.E.2d 249 (1987); W.L. Prosser & W.P. Keeton, Torts § 96, at 686 (5th ed. 1984).

Carey v. Lynn Ladder and Scaffolding Co., Inc., 691 N.E.2d 223, 224 (Mass. 1998).

[23]  The sophisticated user defense:

> applies where a warning will have little deterrent effect, and it allows the fact finder to determine that no such duty to warn was owed.  It is a corollary of the open and obvious doctrine, a doctrine that has been long recognized in the Commonwealth as a defense in products liability cases grounded on a claim of failure to warn.  The relevant inquiry turns on the end user's level of sophistication.

YOU MAY ALSO CONSIDER WHETHER THE DEFENDANT COMPLIED WITH INDUSTRY STANDARDS OR CUSTOM ALTHOUGH I CAUTION YOU THAT COMPLIANCE WITH INDUSTRY STANDARDS DOES NOT CONCLUSIVELY ESTABLISH THAT THE MANUFACTURER DID NOT BREACH A DUTY OF CARE OWED TO THE PLAINTIFF.  THE FACT THAT A CERTAIN DEVICE IS IN COMMON USE IN AN INDUSTRY TENDS TO SHOW THAT ITS USE IS NOT NEGLIGENT.  A MANUFACTURER'S CONFORMANCE WITH INDUSTRY STANDARDS HOWEVER IS NEVER CONCLUSIVE PROOF OF DUE CARE BECAUSE A LARGE NUMBER OF PERSONS OR AN ENTIRE INDUSTRY MAY BE WANTING IN DUE CARE IN THEIR USUAL PRACTICES.[24]  RATHER, IT IS ONLY SOME

---

Carrel v. National Cord & Braid Corp., 852 N.E.2d 100, 109 (Mass. 2006) (citations and internal quotation marks and brackets omitted).

[24] As explained by one court:

Edison's compliance with industry standards does not conclusively establish that Edison did not breach its high duty of care.  The fact that a certain device or practice is in common use tends to show that its use is not negligent. However, conformance with industry standards is never conclusive proof of due care because a whole calling may have lagged in the adoption of new and available devices. While evidence of industry standards may be relevant and useful, it is not essential and, in any event, is not conclusive.  Thus, the jury could find that the entire electrical industry had a duty to replace older split fibre mains, and Edison's failure to replace the mains was one example of an industry-wide breach.

Spitz v. Boston Edison Co., 2 Mass.L.Rep. 558 (Mass.Super. 1994) (citations and internal quotation marks omitted).  Conformance to industry standards "is not conclusive of due care, for a large number of persons may be wanting in due care in their usual practices." Corthell v. Great Atlantic & Pacific Tea Co., 196 N.E.2d 850 (Mass. 1935).

EVIDENCE THAT THE MANUFACTURER WAS NOT NEGLIGENT.[25]

SIMILARLY, YOU MAY ALSO CONSIDER WHETHER THE MANUFACTURER COMPLIED WITH A GOVERNMENT REGULATION OR STATUTE AS EVIDENCE THAT THE MANUAFCTURER WAS NOT NEGLIGENT.  SUCH EVIDENCE IS NOT, HOWEVER, CONLCUSIVE OF THE LACK OF NEGLIGENCE.  RATHER, IT IS ONE OF SEVERAL FACTORS THAT YOU MAY WEIGH AND CONSIDER IN THE COURSE OF DETERMINING WHETHER THE MANUFACTURRER WAS NEGLIGENT.

---

[25]  The SJC in Corsetti found that the trial judge could properly have given the following proposed instruction:

> if you find that it was the custom and practice in the construction industry not to require masons to wear safety belts when on scaffolds and if you further find that The Stone Company complied with and conformed to that practice and custom, then I instruct you that Stone's conformance to said practice and custom in the construction industry prior to September 26, 1978, is some evidence that Stone was not negligent.

Corsetti v. Stone Co., 483 N.E.2d 793, 800 (Mass. 1985).

## PROXIMATE CAUSE

NOW, IF YOU FIND THAT THE PLAINTIFF HAS SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT WAS NEGLIGENT, YOU MUST NEXT CONSIDER WHETHER SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES.

YOU SHOULD RECOGNIZE THAT CAUSATION IS SOMETHING THAT YOU MUST EXAMINE SEPARATELY. THE MERE FACT THAT THERE WAS AN INJURY OR THE MERE FACT THAT THERE WAS NEGLIGENCE IS NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT'S CONDUCT WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES AND THAT IT SHOULD BE HELD RESPONSIBLE FOR SUCH INJURIES.

ESTABLISHING PROXIMATE CAUSE REQUIRES THE PLAINTIFF TO ESTABLISH THAT THE INJURY WAS A FORESEEABLE CONSEQUENCE OF THE DEFENDANT'S NEGLIGENCE. IN SHOWING FORESEEABILITY, THE PLAINTIFF DOES NOT HAVE TO SHOW THAT THE PARTICULAR OR EXACT HARM THAT RESULTED WAS FORESEEABLE TO THE DEFENDANT. HOWEVER, THE PLAINTIFF MUST SHOW THAT A HARM OF THE SAME GENERAL CHARACTER WAS A FORESEEABLE RESULT OF THE DEFENDANT'S CONDUCT. IN OTHER WORDS, THE PLAINTIFF'S INJURY WAS FORESEEABLE IN THE SENSE THAT IT WAS A NATURAL AND PROBABLE CONSEQUENCE OF THE DEFENDANT'S NEGLIGENT CONDUCT.[26]

---

[26] Plaintiff requests an instruction with similar language (Docket Entry # 34, No. 10) as does defendant (Docket Entry # 36, No. 22, ¶ 6). The First Circuit describes foreseeability in

THE PLAINTIFF MUST ALSO SHOW ACTUAL CAUSATION, THAT IS, THAT THE DEFENDANT'S NEGLIGENCE WAS A BUT FOR CAUSE OF THE INJURY AND THAT THE DEFENDANT'S ACT OR OMISSION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE PLAINTIFF'S INJURY.  ACTUAL CAUSATION OF AN INJURY IS GENERALLY DEFINED AS THAT CAUSE WHICH IN CONTINUOUS SEQUENCE, UNBROKEN BY ANY EFFICIENT, INTERVENING CAUSE, PRODUCES AN EVENT WITHOUT WHICH THE ACCIDENT WOULD NOT HAVE OCCURRED.[27]

---

causation under Massachusetts law as follows:

> A defendant can be found liable for the violation of a duty owed to a plaintiff only when the risk of injury stemming from the defendant's conduct was foreseeable.  See, e.g., McGuiggan v. New England Tel. & Tel. Co., 398 Mass. 152, 496 N.E.2d 141, 142-43 (1986); Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App. 813, 390 N.E.2d 1133, 1136 (1979) ("It is basic that a defendant cannot be held liable unless the injury was a foreseeable consequence of the negligent act"); see also Marshall v. Nugent, 222 F.2d 604, 610 (1st Cir. 1955) (articulating the same principle under New Hampshire law).  The plaintiff need not show that the particular harm that resulted was foreseeable to the defendant; however, the plaintiff must show that a harm of the same general character was a foreseeable result of the defendant's conduct.  See, e.g., In re Sponatski, 220 Mass. 526, 530-31, 108 N.E. 466 (1915); Glick v. Prince Italian Foods, Inc., 25 Mass.App. 901, 514 N.E.2d 100, 102 (1987).  An alternative verbal formulation is that a defendant is liable "for the natural and probable consequences of his conduct."  Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295, 1302 (1978).

Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 523 (1st Cir. 1990).  "'There is no requirement of law that the plaintiff point out the exact way an accident happens.'" Solomene v. B. Grauel & Co., K.G., 507 N.E.2d 662, 667 (Mass. 1987).

[27]  Defendant requests a similar instruction.  (Docket Entry # 36, No. 22, ¶¶ 3 & 4).  The First Circuit in Jorgensen describes the elements of causation as follows:

**FOR EXAMPLE, A DESIGN DEFECT IS NOT A CAUSE IN FACT OF AN INJURY**

**UNLESS THE BETTER DESIGN PROPOUNDED BY THE PLAINTIFF WOULD HAVE**

---

> Under Massachusetts law, proximate cause requires a showing by the plaintiff, first, that the loss was a foreseeable consequence of the defendant's negligence, second, that the defendant's negligence was a but-for cause of the loss, and third, that the defendant's negligence was a substantial factor in bringing about the loss.

Jorgensen v. Massachusetts Port Authority, 905 F.2d at 522-523.

Elaborating upon the last two elements, the court explained as follows:

> The plaintiff in a negligence action has the burden of establishing, by a preponderance of the evidence, the existence of a causal connection between the defendant's actions (or inactions) and the injury sustained by the plaintiff. See, e.g., Comeau v. Beck, 319 Mass. 17, 64 N.E.2d 436, 437 (1946); see also Soares v. Lakeville Baseball Camp, Inc., 369 Mass. 974, 343 N.E.2d 840, 841 (1976). This connection cannot be left to the jury's conjecture or speculation. See, e.g., Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 293 N.E.2d 875, 878 (1973); Landon v. First National Stores, Inc., 353 Mass. 756, 231 N.E.2d 575, 576 (1967). Phrased another way, it is not enough to show the mere possibility of a causal connection; the probability of such a connection must be shown. See Berardi v. Menicks, 340 Mass. 396, 164 N.E.2d 544, 546-47 (1960). This requirement of showing a connection between the defendant's conduct and the plaintiff's alleged injury is also described as the requirement of showing actual causation, or causation-in-fact. Massachusetts courts have articulated at least two elements as constituting part of the actual causation inquiry. Plaintiffs must show that defendant's conduct was a but-for cause of their injury, see Wallace v. Ludwig, 292 Mass. 251, 254, 198 N.E. 159 (1935), and that defendant's conduct was a "substantial legal factor" in bringing about the alleged harm to the plaintiff. See Tritsch v. Boston Edison, Co., 363 Mass. 179, 293 N.E.2d 264, 267 (1973).

Jorgensen v. Massachusetts Port Authority, 905 F.2d at 524.

PREVENTED HIS INJURIES.[28]

THIS IS NOT TO SAY THAT THERE CAN ONLY BE ONE PROXIMATE
CAUSE OF AN INJURY.  ON THE CONTRARY, MANY FACTORS OR THINGS, OR
THE CONDUCT OF TWO OR MORE PERSONS, MAY OPERATE AT THE SAME TIME,
EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE AND
IN SUCH A CASE, EACH MAY BE A PROXIMATE CAUSE.  A PLAINTIFF NEED
ONLY SHOW THAT THERE WAS A GREATER LIKELIHOOD OR PROBABILITY THAT
THE HARM COMPLAINED OF WAS DUE TO CAUSES FOR WHICH THE DEFENDANT
WAS RESPONSIBLE THAN FROM ANY OTHER CAUSE.[29]

---

[28] Defendant requests a similar instruction based upon
Gillespie v. Sears Roebuck & Co., 386 F.3d 21, 27 (1st Cir.
2004).  (Docket Entry # 36, No. 22, ¶ 5).  Because the proposed
alternative design of a blade guard proffered by the plaintiff in
Gillespie could not have been used by the plaintiff in the cut he
made that caused the accident, the First Circuit noted that the
absence of an alternative design that could have prevented the
injury was "fatal" to the negligence, as well as the breach of
warranty, claim.  The opinion reads in pertinent part as follows:

> [The defendant's expert's] testimony on this point was not
> contradicted and it is fatal to Gillespie's theory of design
> defect.  Even if it were negligent or a breach of warranty
> to supply the spreader-mounted guard rather than the less
> common cantilevered guard, Gillespie cannot prevail, as to
> this theory, without showing that the "better" design would
> have prevented his injury.  See, e.g., Solimene v. B. Grauel
> & Co., K.G., 399 Mass. 790, 507 N.E.2d 662, 667 (1987);
> Fidalgo v. Columbus McKinnon Corp., 56 Mass.App.Ct. 176, 775
> N.E.2d 803, 808 (2002).  The cantilevered guard might be
> better much of the time but, if it could not have been used
> for the cut that injured Gillespie, its omission was not the
> cause in fact of his injury.

Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 27 (1st Cir.
2004).

[29] Plaintiff requests such an instruction (Docket Entry #
34, No. 9) which Massachusetts law supports.  "A plaintiff need

only show that there was greater likelihood or probability that
the harm complained of was due to causes for which the defendant
was responsible than from any other cause." <u>Mullins v. Pine
Manor College</u>, 449 N.E.2d 331,  338-339 (Mass. 1983).

## COMPARATIVE NEGLIGENCE

IF YOU FIND THAT A PREPONDERANCE OF THE EVIDENCE DOES NOT SUPPORT THE PLAINTIFF'S CLAIM THAT THE DEFENDANT WAS NEGLIGENT, THEN YOUR VERDICT MUST BE FOR THE DEFENDANT.  IF, HOWEVER, A PREPONDERANCE OF THE EVIDENCE DOES SUPPORT THE PLAINTIFF'S CLAIM THAT THE DEFENDANT WAS NEGLIGENT, THEN YOU WILL NEED TO CONSIDER THE DEFENSE OF COMPARATIVE NEGLIGENCE RAISED BY THE DEFENDANT.

UNDER THIS DEFENSE, THE DEFENDANT HAS THE BURDEN OF PROOF TO SHOW, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE PLAINTIFF WAS NEGLIGENT AND THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS INJURIES.

AS I NOTED EARLIER, NEGLIGENCE IS GENERALLY DEFINED AS THE FAILURE OF A PERSON TO EXERCISE THAT DEGREE OF CARE THAT A PERSON OF ORDINARY CARE AND PRUDENCE WOULD EXERCISE UNDER SIMILAR CIRCUMSTANCES IN ORDER TO AVOID INJURY.  IN GENERAL, THE PLAINTIFF IS PRESUMED TO ACT IN THE EXERCISE OF DUE CARE WITH REGARD TO HIS OWN WELL BEING.[30]  WHAT I AM ASKING YOU TO DECIDE IS WHETHER THE PLAINTIFF FAILED TO EXERCISE THAT DEGREE OF CARE THAT AN ORDINARILY PRUDENT COMMERCIAL TRUCKER WOULD EXERCISE UNDER THE CIRCUMSTANCES EXISTING ON JUNE 27, 2002.

---

[30] The plaintiff requests such an instruction (Docket Entry # 34, No. 12, ¶ 3) which comports with language in the comparative negligence statute.  See Mass. Gen. L. ch. 231, § 85 ("the plaintiff shall be presumed to have been in the exercise of due care").

FOR EXAMPLE, THE PLAINTIFF'S NEGLIGENCE MAY CONSIST OF HIS UNFORESEEABLE MISUSE OF THE PRODUCT[31] OR HIS FAILURE TO DISCOVER THE PRODUCT'S DEFECT OR HIS FAILURE TO GUARD AGAINST THE POSSIBILITY THAT SUCH A DANGER EXISTS.  ESSENTIALLY, THE LAW REQUIRES THE PLAINTIFF TO ACT REASONABLY WITH RESPECT TO THE PRODUCT HE IS USING.  I FURTHER INSTRUCT YOU THAT THE STANDARD IS OBJECTIVE.[32]

IF YOU FIND THAT THE OCCURRENCE WAS PROXIMATELY CAUSED BY NEGLIGENCE ON THE PART OF THE DEFENDANT, AND NOT BY NEGLIGENCE ON THE PART OF THE PLAINTIFF, THEN THE PLAINTIFF IS ENTITLED TO RECOVER THE FULL AMOUNT OF ANY DAMAGES THAT YOU MAY FIND HE HAS

---

[31]  Haglund v. Philip Morris, Inc., 847 N.E.2d 315, 323 n. 9 (Mass. 2006).

[32]  The SJC in Colter explained the defense as follows:

Defined most simply, contributory negligence in products liability cases consists of the plaintiff's failure to discover the product's defect or to guard against the possibility that such a danger exists.  Noel, Defective Products:  Abnormal Use, Contributory Negligence, and Assumption of Risk, 25 Vand.L.Rev. 93, 106 (1972); Epstein, supra at 270.  Essentially, we require the plaintiff to act reasonably with respect to the product he or she is using. The plaintiff's contributory negligence is measured objectively.

Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1314 (Mass. 1988).

SUSTAINED AS A RESULT OF THE OCCURRENCE.  IF, HOWEVER, YOU SHOULD FIND THAT THE OCCURRENCE WAS PROXIMATELY CAUSED BY THE NEGLIGENCE OF BOTH THE PLAINTIFF AND THE DEFENDANT, THEN YOU MUST COMPARE THE PERCENTAGES OF THEIR NEGLIGENCE.

IF THE NEGLIGENCE OF THE PLAINTIFF IS OF LESSER OR EQUAL DEGREE THAN THE NEGLIGENCE OF THE DEFENDANT, THEN THE PLAINTIFF IS ENTITLED TO RECOVER ANY DAMAGES WHICH YOU MAY FIND HE HAS SUSTAINED AS A RESULT OF THE OCCURRENCE, REDUCED BY THE AMOUNT OF DAMAGES IN PROPORTION TO THE DEGREE OF THE PLAINTIFF'S OWN NEGLIGENCE.  I CAUTION YOU THAT THE COURT WILL MAKE THE APPROPRIATE REDUCTION TO ANY AMOUNT OF DAMAGES THAT YOU MAY FIND UNDER A NEGLIGENCE THEORY.  I ASK YOU ONLY TO DETERMINE AN APPROPRIATE PERCENTAGE FIGURE.  YOUR DAMAGE AWARD, IF ANY, SHOULD NOT BE REDUCED BY ANY PERCENTAGE OR DEGREE OF FAULT ON THE PART OF THE PLAINTIFF.

ON THE OTHER HAND, IF THE DEFENDANT WAS NOT NEGLIGENT OR IF THE NEGLIGENCE OF THE PLAINTIFF IS GREATER IN DEGREE THAN THE NEGLIGENCE OF THE DEFENDANT, THEN THE PLAINTIFF IS NOT ENTITLED TO RECOVER ANY DAMAGES AND YOU MUST FIND IN FAVOR OF THE DEFENDANT ON THE PLAINTIFF'S NEGLIGENCE CLAIM.  THE PLAINTIFF IS THEREFORE NOT ENTITLED TO RECOVER UNDER A NEGLIGENCE THEORY IF YOU FIND THAT HIS NEGLIGENCE PROXIMATELY CAUSED HIS INJURY AND THAT SUCH NEGLIGENCE, IN COMPARISON TO THAT OF THE DEFENDANT, IS

35

GREATER THAN 50 PERCENT.

## DAMAGES

I WILL NOW INSTRUCT YOU ON THE SUBJECT OF DAMAGES.  THE FACT THAT I AM INSTRUCTING YOU NOW AND ELSEWHERE IN THESE INSTRUCTIONS ON THE SUBJECT OF DAMAGES IS NOT TO BE UNDERSTOOD AS AN OPINION BY ME AS TO WHETHER DAMAGES SHOULD OR SHOULD NOT BE ALLOWED. THIS IS A MATTER SOLELY WITHIN YOUR DISCRETION IN ACCORDANCE WITH THE RULES OF LAW THAT I AM NOW GIVING YOU.  AS WITH OTHER ELEMENTS, THE PLAINTIFF BEARS THE BURDEN OF PROVING HIS DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.[33]

GENERALLY SPEAKING, THE MEASURE OF DAMAGES IS THAT AMOUNT THAT WILL ADEQUATELY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THE INJURIES HE SUSTAINED WHICH RESULTED FROM THE DEFENDANT'S WRONGDOING.[34]  ANY DAMAGES YOU MAY DECIDE TO AWARD SHOULD BE REASONABLE IN AMOUNT.

THE GENERAL PURPOSE OR GOAL OF AWARDING MONETARY DAMAGES IS TO RESTORE THE PLAINTIFF, TO THE EXTENT POSSIBLE, TO THE POSITION HE WOULD HAVE BEEN IN IF THE WRONG HAD NOT OCCURRED.[35]  THE

---

[33]  Plaintiff requests this instruction (Docket Entry # 34, No. 14) as does defendant (Docket Entry # 36, No. 28).  See Mass. Superior Court Civil Practice Jury Instructions § 2.1.13 (2001) (containing similar language); Quinones-Pacheco v. American Airlines, Inc., 979 F.2d 1, 7 (1st Cir. 1992) ("a plaintiff retains the burden of proving . . . damages by a preponderance of the evidence").

[34]  See footnote 36 infra.

[35]  See Mass. Superior Court Civil Practice Jury Instructions § 2.1.13 (2001) (containing similar language).

HALLMARK IS COMPENSATORY DAMAGES.  THE PURPOSE OF THE LAW IN
AWARDING DAMAGES IS TO COMPENSATE THE PLAINTIFF FOR THE LOSSES
INCURRED BECAUSE OF ANOTHER PERSON'S NEGLIGENT CONDUCT.[36]
DAMAGES ARE MEANT TO BE COMPENSATORY AND ARE NOT MEANT TO BE A
PUNISHMENT AGAINST THE DEFENDANT OR A WARNING FOR OTHERS.

I ALSO INSTRUCT YOU THAT DAMAGES SHOULD NOT BE SPECULATIVE
OR BASED ON CONJECTURE OR ON MERE POSSIBILITIES.[37]  THE LAW DOES
NOT, HOWEVER, REQUIRE THE PLAINTIFF TO ESTABLISH HIS DAMAGES WITH
MATHEMATICAL PRECISION.  IN GENERAL, YOU SHOULD BE GUIDED BY YOUR
COMMON SENSE.  DAMAGES SHOULD NOT BE BASED ON SYMPATHY, BIAS OR
EMOTION.

---

[36]    Plaintiff requests this instruction.  (Docket Entry #
34, No. 14); see Mass. Superior Court Civil Practice Jury
Instructions § 2.1.13 (2001) (containing similar language).

[37]    "We are of opinion that there was sufficient evidence to
afford a reasonable basis for determining the proportion of
damage caused by the defendant's negligence."  Bond Pharmacy,
Inc. v. City of Cambridge, 156 N.E.2d 34, 38 (Mass. 1959).
"While the damages may not be determined by speculation or guess,
an approximate result is permissible if the evidence shows the
extent of damages to be a matter of just and reasonable inference."
Bardascino v. Gilbert, 1999 WL 788507 at * 2 (Mass.App.Div. July
26, 1999).  As explained by another Massachusetts court:

>    It is settled that mere uncertainty in assessing the amount
>    of damages should not jeopardize an injured party's right to
>    recover as long as those damages are the certain result of
>    the wrongdoing.  Story Parchment Co. v. Paterson Parchment
>    Paper Co., 282 U.S. 555, 562, 51 S.Ct. 248, 75 L.Ed. 544
>    (1931); Academy Spires, Inc., supra, 111 N.J.Super. at 486,
>    268 A.2d 551.  McCormick, Damages § 27 (1935).

McKenna v. Begin, 362 N.E.2d 548, 553 (Mass.App.Ct. 1977).

WITH THESE PRINCIPLES IN MIND, YOU SHOULD CONSIDER THE FOLLOWING COMPONENTS OF A DAMAGES AWARD TO THE EXTENT YOU FIND THEM PROVEN BY A PREPONDERANCE OF THE EVIDENCE.  THUS, IN ARRIVING AT AN AMOUNT THAT WILL FAIRLY AND ADEQUATELY COMPENSATE THE PLAINTIFF FOR HER INJURIES, YOU SHOULD INCLUDE THE REASONABLE VALUE OF THE PLAINTIFF'S PAST MEDICAL EXPENSES IF THESE EXPENSES WERE REASONABLY NECESSARY FOR HIS TREATMENT.  YOUR AWARD SHOULD ALSO INCLUDE THE PRESENT CASH VALUE OF THE MEDICAL EXPENSES THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER IN THE FUTURE, IN OTHER WORDS, A FAIR AND REASONABLE SUM FOR MEDICAL EXPENSES THAT REASONABLY ARE EXPECTED IN THE FUTURE AS A RESULT OF THE ACCIDENT.  BY PRESENT CASH VALUE, I MEAN THAT YOU SHOULD REDUCE YOUR AWARD OF FUTURE DAMAGES TO THE PRESENT DOLLAR VALUE.  THE PLAINTIFF IS REQUIRED TO RECOVER FOR WHATEVER EXPENSES HE PROVES ARE REASONABLY REQUIRED TO DIAGNOSE AND TREAT ANY CONDITION BROUGHT ON BY THE ACCIDENT OR THE RESULTING INJURIES.[38]

IN ADDITION TO MEDICAL EXPENSES, YOU SHOULD AWARD THE PLAINTIFF HER LOSS OF EARNING CAPACITY FROM THE TIME OF THE INJURIES TO THE PRESENT.  RECOVERY FOR DAMAGES FOR LOSS OF EARNING CAPACITY IN THE PAST COMPENSATES A PLAINTIFF FOR THE DIFFERENCE BETWEEN THE INCOME HE COULD EARN BEFORE HIS INJURY AND

---

[38]    Plaintiff requests this instruction.  (Docket Entry # 34, No. 18).  See Mass. Superior Court Civil Practice Jury Instructions § 2.1.13(c) (2001) (containing similar language).

THE INCOME HE COULD EARN AFTER THE INJURY DURING THE PERIOD OF

PROVEN DISABILITY.[39]  ASSESSING DAMAGES FOR SUCH AN IMPAIRMENT

RESTS LARGELY UPON YOUR COMMON SENSE.  IN MAKING THIS ASSESSMENT,

YOU MAY CONSIDER EVIDENCE SUCH AS EARNINGS OR WAGES BEFORE AND

AFTER THE INJURY AS WELL AS THE PLAINTIFF'S OCCUPATIONAL

EDUCATION AND EXPERIENCE.[40]  LOST EARNING CAPACITY CONSISTS OF

---

[39]  Citing Quinones-Pacheco, defendant requests a similar instruction.  (Docket Entry # 36, No. 29).  As explained by the First Circuit in Quinones-Pacheco:

> In tort actions, loss of earning capacity is an economic concept based upon a medical foundation.  A plaintiff has the burden of proving his claimed loss of earning capacity. To do so, he must offer evidence from which a jury may reasonably determine the annualized stream of income that the plaintiff, uninjured, would probably have earned, and contrast it, over the period of proven disability, to a similar forecast of what the injured plaintiff's earnings are likely to be.  See Rodriguez v. Ponce Cement Co., 98 P.R.R. 196, 213 (1969); see also Glasscock v. Armstrong Cork Co., 946 F.2d 1085, 1091 (5th Cir. 1991) ("Recovery of damages for loss of earning capacity compensates a plaintiff for the difference between the income he could earn before his injury and the income he could earn after the injury"), cert. denied, 503 U.S. 1011, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992).

Quinones-Pacheco v. American Airlines, Inc., 979 F.2d 1, 6-7 (1st Cir. 1992).

[40]  Plaintiff requests a similar instruction.  (Docket Entry # 34, No. 17).  As explained by the court in Doherty in discussing the measure of damages for loss of earning capacity:

> The assessment of damages for such impairment rests largely upon the common knowledge of the jury or other fact-finding tribunal, sometimes with little aid from evidence.  But helpful evidence is admissible, although it does not furnish any mathematical valuation of the impairment.  The following have been admitted:  evidence of earnings before and after

THE DIFFERENCE BETWEEN WHAT THE PLAINTIFF WOULD HAVE BEEN CAPABLE
OF EARNING IF NOT INJURED AND WHAT THE PLAINTIFF IS LIKELY TO BE
ABLE TO EARN AFTER SUSTAINING THE INJURY.  IN OTHER WORDS, LOST
EARNING CAPACITY IS THE AMOUNT BY WHICH THE PLAINTIFF'S ABILITY
TO GENERATE EARNINGS HAS BEEN DIMINISHED AS A RESULT OF
DEFENDANT'S NEGLIGENT CONDUCT.

YOU SHOULD ALSO AWARD SUCH SUM AS WILL REASONABLY COMPENSATE
THE PLAINTIFF FOR HIS BODILY INJURY AND RESULTING PAIN AND
SUFFERING, DISABILITY, DISFIGUREMENT, MENTAL ANGUISH AS WELL AS
THE LOSS OF HIS ENJOYMENT OF LIFE THAT HE HAS EXPERIENCED IN THE
PAST AND THAT HE IS REASONABLY CERTAIN TO EXPERIENCE IN THE
FUTURE.  PAIN AND SUFFERING MAY THEREFORE INCLUDE EMOTIONAL PAIN
AND SUFFERING INCLUDING INCREASED ANXIETIES AS A RESULT OF THE
DEFENDANT'S NEGLIGENCE.[41]

THERE IS NO EASY WAY TO PLACE A DOLLAR FIGURE ON PAIN AND
SUFFERING AS WELL AS THE OTHER ABOVE ENUMERATED ITEMS.  WHAT I
ASK YOU TO DO, HOWEVER, IS TO FAIRLY AND REASONABLY COMPENSATE

---

the injury; evidence of occupational education, capacity,
duties and experience; and evidence of opportunity for
employment and earning lost because of disability.

Doherty v. Ruiz, 18 N.E.2d 542, 543-544 (Mass. 1939) (citations
omitted).

[41] Plaintiff requests a similar instruction.  (Docket Entry
# 34, No. 16).  See Mass. Superior Court Civil Practice Jury
Instructions § 2.1.13(b) (2001) (the third paragraph contains
similar language).

THE PLAINTIFF FOR THESE DAMAGES ON THE BASIS OF THE EVIDENCE YOU
HAVE RECEIVED IN THIS CASE.  YOU SHOULD FAIRLY AND IMPARTIALLY
CONSIDER THE EVIDENCE AND YOU SHOULD NOT ALLOW SYMPATHY TO
INFLUENCE YOUR DETERMINATION.

## UNANIMOUS VERDICT AND CONCLUSION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE THERETO.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE ALREADY SELECTED PAUL SULLIVAN TO ACT AS YOUR FOREPERSON.  AS FOREPERSON, MR. SULLIVAN WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.  A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

43

YOU WILL TAKE THE SPECIAL VERDICT FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE THE FOREPERSON FILL IT IN, DATE AND SIGN IT, AND THEN RETURN TO THE COURTROOM.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE MARSHAL WHO WILL BRING IT TO MY ATTENTION.  I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT TIME.