UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH W. WALSH,
        Plaintiff,


        v.                                    CIVIL ACTION NO.
                                              04-10304-MBB


PACCAR, INC.,
        Defendant.


COURT'S INSTRUCTIONS TO THE JURY

MARCH 8, 2007

MEMBERS OF THE JURY:

    NOW THAT YOU HAVE HEARD ALL THE EVIDENCE AND THE ARGUMENTS

OF COUNSEL, IT BECOMES MY DUTY TO GIVE THE INSTRUCTIONS OF THE

COURT CONCERNING THE LAW APPLICABLE TO THIS CASE.

    IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE

IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM

FROM THE EVIDENCE IN THE CASE.  YOU ARE NOT TO SINGLE OUT ONE

INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE

INSTRUCTIONS AS A WHOLE.  NEITHER ARE YOU TO BE CONCERNED WITH

THE WISDOM OF ANY LAW STATED BY THE COURT.

    REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS

OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO

BASE A VERDICT UPON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN

THE INSTRUCTIONS OF THE COURT, JUST AS IT WOULD ALSO BE A

VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE IN THIS CASE.

IN DECIDING THE FACTS OF THIS CASE YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY.  OUR SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

<u>**CORPORATE PARTY**</u>

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE.  A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS IS A PRIVATE INDIVIDUAL.  ALL PERSONS, INCLUDING CORPORATIONS, STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES; AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF THE AUTHORITY DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

## CONSIDERATION OF THE EVIDENCE

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE.  THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN THE RECORD AND ANY STIPULATIONS OF FACT ENTERED INTO BY THE PARTIES.  A STIPULATION IS AN AGREEMENT BETWEEN BOTH PARTIES THAT CERTAIN FACTS ARE TRUE.  UNLESS OTHERWISE INSTRUCTED, YOU MUST THEREFORE TREAT A STIPULATION AS AN ESTABLISHED FACT.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE.  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.

YOU MUST NOT CONSIDER EITHER ATTORNEY TO HAVE BEHAVED IMPROPERLY BECAUSE HE HAS ASSERTED OBJECTIONS.  IT IS THE ATTORNEY'S JOB TO DO SO.  NOR MAY YOU SPECULATE AS TO WHAT EVIDENCE THERE MAY BE WHICH WAS, FOR ONE REASON OR ANOTHER, NOT INTRODUCED.  IF THE EVIDENCE HAS BEEN EXCLUDED, IT IS BECAUSE THERE HAS BEEN GOOD REASON TO EXCLUDE IT, AND YOU SHOULD NOT SPEND TIME SPECULATING ABOUT WHAT THE EVIDENCE MIGHT HAVE BEEN.

WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.  IN THE FINAL ANALYSIS, IT IS YOUR RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF A CASE.  ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NONEXISTENCE OF CERTAIN FACTS.

A FACT MAY BE ESTABLISHED BY DIRECT EVIDENCE OR CIRCUMSTANTIAL EVIDENCE OR BOTH.  A FACT IS ESTABLISHED BY DIRECT EVIDENCE WHEN PROVED BY DOCUMENTARY EVIDENCE OR BY WITNESSES WHO SAW THE ACTS DONE OR HEARD THE WORDS SPOKEN.  A FACT IS ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE WHEN THE FACT CAN BE FAIRLY AND REASONABLY INFERRED FROM OTHER FACTS.

I WILL NOW GIVE YOU AN EXAMPLE OF CIRCUMSTANTIAL EVIDENCE AND AN EXAMPLE OF DIRECT EVIDENCE.  IF YOU HAVE THE NEWSPAPER DELIVERED TO YOUR HOUSE EVERY MORNING AND IF, AT THE TIME YOU GO TO BED, THERE IS FRESH SNOW ON THE GROUND AND NO FOOTPRINTS IN THE SNOW AND, IN THE MORNING, IF YOU LOOK OUT THE WINDOW AND CAN SEE FOOTPRINTS IN THE SNOW AND SEE THE NEWSPAPER ON THE STEP, THEN YOU CAN INFER THAT THE NEWSPAPER DELIVERY PERSON HAS MADE THE DELIVERY.  THIS INFERENCE IS MADE ON THE BASIS OF CIRCUMSTANTIAL EVIDENCE.  AN EXAMPLE OF DIRECT EVIDENCE WOULD BE IF YOU PERSONALLY SAW THE NEWSPAPER BEING DELIVERED.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT A JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL OF THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

## CREDIBILITY OF WITNESSES

NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE EVIDENCE AND I HAVE DESCRIBED THE VARIOUS KINDS OF EVIDENCE IN THIS CASE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO HIS TESTIMONY. IN WEIGHING THE TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER HIS RELATIONSHIP TO THE PLAINTIFF OR TO THE DEFENDANT AND HIS INTEREST, IF ANY, IN THE OUTCOME OF THE CASE. YOU SHOULD CONSIDER THE WITNESS' MANNER OF TESTIFYING; HIS OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE FACTS ABOUT WHICH HE TESTIFIED; HIS CANDOR, FAIRNESS AND INTELLIGENCE; AND THE EXTENT TO WHICH HIS TESTIMONY HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE. YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES AS TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF CERTAIN WITNESSES, AND COUNSEL HAVE ARGUED THAT SUCH

DISCREPANCIES ALONE ARE REASON FOR YOU TO REJECT THE TESTIMONY OF THOSE WITNESSES.  YOU ARE INSTRUCTED THAT EVIDENCE OF DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS' TESTIMONY BUT SUCH DISCREPANCIES DO NOT NECESSARILY MEAN THAT THE WITNESS' ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS WITH TIME.  A TRUTHFUL WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF.  IT IS ALSO A FACT THAT TWO PEOPLE WITNESSING THE SAME EVENT MAY SEE OR HEAR IT DIFFERENTLY.  WHETHER A DISCREPANCY PERTAINS TO A FACT OF IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED AND WEIGHED AS TO ITS SIGNIFICANCE; BUT A VERIFIED FALSEHOOD ALWAYS IS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR IMPRESSION OF THE WITNESS, HOW TO WEIGH THE DISCREPANCY IN HIS TESTIMONY.  AS ALWAYS, I ADVISE YOU TO USE YOUR COMMON SENSE AND YOUR OWN JUDGMENT.  IT IS YOUR DUTY TO DECIDE WHERE THE TRUTH RESIDES AND AN IMPORTANT PART OF THAT DECISION WILL INVOLVE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES YOU HAVE LISTENED TO AND OBSERVED.

IF ANY WITNESS IS SHOWN TO HAVE WILLFULLY LIED ON THE WITNESS STAND ABOUT ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO CONCLUDE THAT HE HAS ALSO LIED ABOUT OTHER MATTERS.  YOU MAY ACCEPT WHATEVER PART YOU MAY THINK DESERVES TO BE BELIEVED.

9

IT IS UP TO YOU TO DETERMINE WHETHER THE WITNESS TESTIFIED FALSELY AND WHETHER HE DID SO DELIBERATELY.  IT IS ENTIRELY UP TO YOU TO DECIDE WHAT WEIGHT IF ANY SHOULD BE GIVEN TO THE TESTIMONY OF SUCH A WITNESS ON THE BASIS OF ALL THE EVIDENCE AND YOUR COMMON SENSE.

## IMPEACHMENT

A WITNESS MAY BE DISCREDITED OR "IMPEACHED" BY CONTRADICTORY EVIDENCE, BY A SHOWING THAT HE TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

IF YOU BELIEVE THAT ANY WITNESS HAS BEEN SO IMPEACHED, THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

## BURDEN OF PROOF

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF, JOSEPH W. WALSH, HAS THE BURDEN OF PROVING THE ESSENTIAL ELEMENTS OF HIS CLAIM OF NEGLIGENCE AGAINST THE DEFENDANT, PACCAR, INC., BY A PREPONDERANCE OF THE EVIDENCE.  IF, AFTER CONSIDERING ALL OF THE TESTIMONY, YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED HIS BURDEN OF PROOF ON EACH ESSENTIAL POINT AS TO WHICH HE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF ON THAT CLAIM.  THE DEFENDANT, IN TURN, RAISES THE DEFENSE THAT THE PLAINTIFF HIMSELF WAS NEGLIGENT.  I INSTRUCT YOU THAT THE DEFENDANT HAS THE BURDEN OF PROOF TO ESTABLISH ITS NEGLIGENCE DEFENSE BY A PREPONDERANCE OF THE EVIDENCE.

IN A CIVIL ACTION SUCH AS THIS, IT IS PROPER TO FIND THAT A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF ON AN ISSUE OF FACT IF, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY TRUE THAN NOT TRUE.  IF, ON THE OTHER HAND, YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PARTY WITH THE BURDEN OF PROOF HAS FAILED TO SUSTAIN THAT BURDEN AND YOU MUST FIND FOR THE OTHER PARTY.

NOW, WHAT DOES A "PREPONDERANCE OF THE EVIDENCE" MEAN?  A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE.  IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE

EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS.  THE
TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS BELIEF
IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY
FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH
TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED
TO THE CONTRARY IF, AFTER CONSIDERATION OF ALL OF THE EVIDENCE IN
THE CASE, YOU HOLD GREATER BELIEF IN THE ACCURACY AND HONESTY OF
THE ONE WITNESS.  IN DETERMINING WHETHER A CLAIM HAS BEEN PROVEN
BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT
TESTIMONY OF ALL OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE
CALLED THEM, AND ALL OF THE RELEVANT EXHIBITS RECEIVED IN
EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS
EVENLY DIVIDED BETWEEN THE PARTIES - THAT IT IS EQUALLY PROBABLE
THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT -
THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS
BURDEN OF PROOF.  THAT IS BECAUSE THE PARTY BEARING THIS BURDEN
MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE - IT MUST PROVE
THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE.  IF, ON
THE OTHER HAND, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE,
YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS
MORE LIKELY TRUE THAN NOT TRUE, YOU MUST DECIDE THAT ISSUE IN
FAVOR OF THE PARTY WITH THE BURDEN OF PROOF.

## STATEMENT OF THE PLAINTIFF'S THEORY OF LIABILITY

I WILL NOW INSTRUCT YOU ON THE SPECIFIC CLAIM WHICH THE PLAINTIFF HAS BROUGHT IN THIS CASE.  I HAVE PREPARED A VERDICT FORM, WHICH IS A SERIES OF QUESTIONS FOR YOU TO ANSWER, IF APPROPRIATE.  YOU MAY TAKE THESE WRITTEN INSTRUCTIONS AND THE VERDICT FORM TO THE JURY ROOM WITH YOU AS YOU DELIBERATE.

THE PLAINTIFF, JOSEPH W. WALSH, WHO I WILL REFER TO AS THE PLAINTIFF, IS ASSERTING A CLAIM OF NEGLIGENCE AGAINST THE DEFENDANT, PACCAR, INC., WHO I WILL REFER TO AS THE DEFENDANT. THE DEFENDANT DENIES THAT IT WAS NEGLIGENT OR THAT THERE WAS A CAUSAL CONNECTION BETWEEN ITS NEGLIGENCE AND THE PLAINTIFF'S INJURIES.  THE DEFENDANT ALSO CLAIMS THAT THE PLAINTIFF HIMSELF WAS NEGLIGENT.

## NEGLIGENCE

AS I HAVE JUST EXPLAINED, THE PLAINTIFF SEEKS TO IMPOSE LIABILITY ON THE DEFENDANT ON THE THEORY OF NEGLIGENCE.

NEGLIGENCE IS GENERALLY DEFINED AS THE DOING OF SOMETHING THAT A REASONABLY PRUDENT PERSON IN THE ORDINARY COURSE OF HUMAN EVENTS WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO.

NOW, IN ORDER TO SUCCEED ON HIS CLAIM OF NEGLIGENCE, THE PLAINTIFF MUST SHOW:  (1) A DUTY OF CARE OWED BY THE DEFENDANT TO THE PLAINTIFF; (2) A BREACH OF THAT DUTY OF CARE ON THE PART OF THE DEFENDANT; (3) THAT THE PLAINTIFF SUFFERED INJURY OR DAMAGE; AND (4) THE DEFENDANT'S BREACH OF ITS DUTY WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURY OR DAMAGE.

NEGLIGENCE CONSISTS OF A DUTY TO USE REASONABLE CARE OWED TO THE INJURED PARTY, IN THIS CASE, THE PLAINTIFF, AND A BREACH OF THAT DUTY.  IN ADDITION, IN ORDER TO PREVAIL ON A NEGLIGENCE THEORY, THE PLAINTIFF MUST ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE DEFENDANT'S BREACH OF THE DUTY TO USE REASONABLE CARE PROXIMATELY CAUSED INJURY TO THE PLAINTIFF RESULTING IN ACTUAL DAMAGE.

I FURTHER INSTRUCT YOU THAT THE MERE FACT THAT AN ACCIDENT OCCURRED OR THAT THERE WERE INJURIES IS NOT EVIDENCE OF NEGLIGENCE.  THE PLAINTIFF DOES NOT SUSTAIN HIS BURDEN OF PROVING

THE DEFENDANT'S NEGLIGENCE MERELY BY SHOWING THE OCCURRENCE OF AN
ACCIDENT.

## DUTY AND BREACH OF DUTY

I WILL NOW ELABORATE ON THE DUTY OF REASONABLE CARE AND WHAT CONSTITUTES A BREACH OF THAT DUTY.

THE DUTY OF REASONABLE CARE IS GENERALLY DEFINED AS THE FAILURE OF A RESPONSIBLE PERSON, EITHER BY OMISSION OR BY ACTION, TO EXERCISE THAT DEGREE OF CARE, VIGILANCE AND FORETHOUGHT WHICH, IN THE DISCHARGE OF THE DUTY THEN RESTING ON HIM, A PERSON OF ORDINARY CAUTION AND PRUDENCE OUGHT TO EXERCISE UNDER THE ATTENDANT CIRCUMSTANCES.  THE AMOUNT OF CARE THAT THE PRUDENT AND RESPONSIBLE PERSON WOULD EXERCISE VARIES WITH THE CIRCUMSTANCES, THE CARE INCREASING WITH THE LIKELIHOOD AND SEVERITY OF THE HARM THREATENED.  IT IS THE DOING OF SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO.

UNDER THIS STANDARD, THE DEFENDANT IS HELD TO THE STANDARD OF CARE OF AN ORDINARY, REASONABLY PRUDENT MANUFACTURER IN LIKE CIRCUMSTANCES.  YOU MUST THEREFORE DETERMINE WHETHER THE DEFENDANT EXERCISED THE DEGREE OF CARE AND SKILL THAT AN ORDINARY, REASONABLY PRUDENT MANUFACTURER WOULD HAVE EXERCISED IN LIKE CIRCUMSTANCES.

THE STANDARD OF CARE APPLICABLE TO A MANUFACTURER DESIGNING A PRODUCT IS THAT OF THE ORDINARY, REASONABLY PRUDENT DESIGNER IN LIKE CIRCUMSTANCES.  MORE SPECIFICALLY, YOU MUST DETERMINE

17

WHETHER, IN DESIGNING THE 1988 KENWORTH TRUCK WHICH CONTAINED THE ARCTIC FOX FUEL HEATER, THE DEFENDANT EXERCISED THE DEGREE OF CARE AND SKILL OF THE ORDINARY, REASONABLY PRUDENT MANUFACTURER IN LIKE CIRCUMSTANCES.  THE TEST OF WHETHER A PRODUCT IS DEFECTIVE IS ONE OF REASONABLENESS RATHER THAN ONE OF PERFECTION. THERE IS NO DUTY TO DESIGN A PRODUCT THAT IS COMPLETELY RISK FREE.

THUS, A MANUFACTURER IS UNDER A DUTY TO USE REASONABLE CARE TO DESIGN A PRODUCT THAT IS REASONABLY SAFE FOR THE PURPOSE OR PURPOSES FOR WHICH IT IS INTENDED.  YOU SHOULD FOCUS, HOWEVER, NOT SO MUCH ON HOW THE PRODUCT IS MEANT TO FUNCTION BUT RATHER ON WHETHER THE PRODUCT IS DESIGNED WITH REASONABLE CARE TO ELIMINATE AVOIDABLE DANGERS.  A MANUFACTURER HAS A DUTY TO DESIGN THE PRODUCT WITH REASONABLE CARE TO ELIMINATE AVOIDABLE DANGERS. ACCORDINGLY, THE MANUFACTURER MUST ANTICIPATE THE ENVIRONMENT IN WHICH THE PRODUCT WILL BE USED AND THEN DESIGN THE PRODUCT AGAINST THE REASONABLY FORESEEABLE RISKS ATTENDING THE PRODUCT'S USE IN THAT SETTING.  IT MUST USE REASONABLE CARE TO ELIMINATE FORESEEABLE DANGERS WHICH SUBJECT A USER TO AN UNREASONABLE RISK OF INJURY OR HARM.  IN EVALUATING THE DESIGN OF THE PRODUCT, THE PLAINTIFF MUST SHOW THAT THE DEFECT EXISTED AT THE TIME THE PRODUCT LEFT THE MANUFACTURER.

A MANUFACTURER, HOWEVER, DOES NOT HAVE A DUTY TO DEVELOP

18

SAFETY DEVICES TO PROTECT AGAINST EVERY REMOTELY POSSIBLE DANGER.
THE MANUFACTURER THEREFORE HAS NO OBLIGATION TO DEVELOP SAFETY
DEVICES TO PROTECT AGAINST DANGERS THAT ARE ONLY REMOTELY
POSSIBLE OR HIGHLY SPECULATIVE.

IN EVALUATING WHETHER THE PRODUCT WAS DESIGNED WITH
REASONABLE CARE TO ELIMINATE AVOIDABLE DANGERS, YOU MUST WEIGH
SEVERAL FACTORS.  THESE FACTORS INCLUDE THE GRAVITY OF THE DANGER
POSED BY THE CHALLENGED DESIGN, THE LIKELIHOOD THAT SUCH DANGER
WOULD OCCUR, THE MECHANICAL FEASIBILITY OF A SAFER ALTERNATIVE
DESIGN, THE FINANCIAL COST OF AN IMPROVED DESIGN AND THE ADVERSE
CONSEQUENCES TO THE PRODUCT AND TO THE CONSUMER THAT WOULD RESULT
FROM AN ALTERNATIVE DESIGN.  YOU SHOULD CONSIDER ALL OF THE
RELEVANT FACTORS INCLUDING WHETHER THE PRODUCT FUNCTIONED AS
INTENDED, WHETHER THERE WERE ADEQUATE WARNINGS GIVEN AND WHETHER
THE DANGERS WERE OPEN AND OBVIOUS.  FOR EXAMPLE, IF A SLIGHT
CHANGE IN DESIGN WOULD PREVENT SERIOUS, PERHAPS FATAL, INJURY,
THE DESIGNER MAY NOT AVOID LIABILITY BY SIMPLY WARNING OF THE
POSSIBLE INJURY.  IN SUCH CIRCUMSTANCES, THE BURDEN TO PREVENT A
NEEDLESS INJURY IS BEST PLACED ON THE DESIGNER OR MANUFACTURER
RATHER THAN ON THE INDIVIDUAL USER OF A PRODUCT.

IN EVALUATING THE ADEQUACY OF A WARNING, YOU SHOULD
RECOGNIZE THAT IN SOME CIRCUMSTANCES A WARNING MAY BE SUPERFLUOUS
INASMUCH AS IT MAY NOT REDUCE THE LIKELIHOOD OF AN INJURY.  THE

MANUFACTURER THEREFORE HAS NO DUTY TO WARN OF A DANGER THAT IS
OPEN AND OBVIOUS.  THE MANUFACTURER DOES, HOWEVER, HAVE A DUTY TO
WARN EXPECTED USERS OF ITS PRODUCT OF LATENT DANGERS IN ITS
NORMAL AND INTENDED USE.

A MANUFACTURER ALSO HAS NO DUTY TO PROVIDE A WARNING TO A
SOPHISTICATED OR KNOWLEDGEABLE USER OF THE PRODUCT.  THIS MEANS
THAT THE MANUFACTURER HAS NO DUTY TO WARN WHERE THE USER OF THE
PRODUCT APPRECIATED THE DANGER SUBSTANTIALLY TO THE SAME EXTENT
AS A WARNING WOULD HAVE PROVIDED.  IN SUCH CIRCUMSTANCES, A
WARNING HAS LITTLE DETERRENT EFFECT.  YOU SHOULD THEREFORE
CONSIDER AND EXAMINE THE PLAINTIFF'S LEVEL OF SOPHISTICATION WITH
RESPECT TO THE USE OF THE PRODUCT.

YOU MAY ALSO CONSIDER WHETHER THE DEFENDANT COMPLIED WITH
INDUSTRY STANDARDS OR CUSTOM ALTHOUGH I CAUTION YOU THAT
COMPLIANCE WITH INDUSTRY STANDARDS DOES NOT CONCLUSIVELY
ESTABLISH THAT THE MANUFACTURER DID NOT BREACH A DUTY OF CARE
OWED TO THE PLAINTIFF.  THE FACT THAT A CERTAIN DEVICE IS IN
COMMON USE IN AN INDUSTRY TENDS TO SHOW THAT ITS USE IS NOT
NEGLIGENT.  A MANUFACTURER'S CONFORMANCE WITH INDUSTRY STANDARDS
HOWEVER IS NEVER CONCLUSIVE PROOF OF DUE CARE BECAUSE A LARGE
NUMBER OF PERSONS OR AN ENTIRE INDUSTRY MAY BE WANTING IN DUE
CARE IN THEIR USUAL PRACTICES.  RATHER, IT IS ONLY SOME EVIDENCE
THAT THE MANUFACTURER WAS NOT NEGLIGENT.

20

SIMILARLY, YOU MAY ALSO CONSIDER WHETHER THE MANUFACTURER COMPLIED WITH A GOVERNMENT REGULATION OR STATUTE AS EVIDENCE THAT THE MANUAFCTURER WAS NOT NEGLIGENT.  SUCH EVIDENCE IS NOT, HOWEVER, CONLCUSIVE OF THE LACK OF NEGLIGENCE.  RATHER, IT IS ONE OF SEVERAL FACTORS THAT YOU MAY WEIGH AND CONSIDER IN THE COURSE OF DETERMINING WHETHER THE MANUFACTURRER WAS NEGLIGENT.

## PROXIMATE CAUSE

NOW, IF YOU FIND THAT THE PLAINTIFF HAS SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT WAS NEGLIGENT, YOU MUST NEXT CONSIDER WHETHER SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES.

YOU SHOULD RECOGNIZE THAT CAUSATION IS SOMETHING THAT YOU MUST EXAMINE SEPARATELY.  THE MERE FACT THAT THERE WAS AN INJURY OR THE MERE FACT THAT THERE WAS NEGLIGENCE IS NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT'S CONDUCT WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES AND THAT IT SHOULD BE HELD RESPONSIBLE FOR SUCH INJURIES.

ESTABLISHING PROXIMATE CAUSE REQUIRES THE PLAINTIFF TO ESTABLISH THAT THE INJURY WAS A FORESEEABLE CONSEQUENCE OF THE DEFENDANT'S NEGLIGENCE.  IN SHOWING FORESEEABILITY, THE PLAINTIFF DOES NOT HAVE TO SHOW THAT THE PARTICULAR OR EXACT HARM THAT RESULTED WAS FORESEEABLE TO THE DEFENDANT.  HOWEVER, THE PLAINTIFF MUST SHOW THAT A HARM OF THE SAME GENERAL CHARACTER WAS A FORESEEABLE RESULT OF THE DEFENDANT'S CONDUCT.  IN OTHER WORDS, THE PLAINTIFF'S INJURY WAS FORESEEABLE IN THE SENSE THAT IT WAS A NATURAL AND PROBABLE CONSEQUENCE OF THE DEFENDANT'S NEGLIGENT CONDUCT.

THE PLAINTIFF MUST ALSO SHOW ACTUAL CAUSATION, THAT IS, THAT THE DEFENDANT'S NEGLIGENCE WAS A BUT FOR CAUSE OF THE INJURY

AND THAT THE DEFENDANT'S ACT OR OMISSION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE PLAINTIFF'S INJURY.  ACTUAL CAUSATION OF AN INJURY IS GENERALLY DEFINED AS THAT CAUSE WHICH IN CONTINUOUS SEQUENCE, UNBROKEN BY ANY EFFICIENT, INTERVENING CAUSE, PRODUCES AN EVENT WITHOUT WHICH THE ACCIDENT WOULD NOT HAVE OCCURRED.  FOR EXAMPLE, A DESIGN DEFECT IS NOT A CAUSE IN FACT OF AN INJURY UNLESS THE BETTER DESIGN PROPOUNDED BY THE PLAINTIFF WOULD HAVE PREVENTED HIS INJURIES.

THIS IS NOT TO SAY THAT THERE CAN ONLY BE ONE PROXIMATE CAUSE OF AN INJURY.  ON THE CONTRARY, MANY FACTORS OR THINGS, OR THE CONDUCT OF TWO OR MORE PERSONS, MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE AND IN SUCH A CASE, EACH MAY BE A PROXIMATE CAUSE.  A PLAINTIFF NEED ONLY SHOW THAT THERE WAS A GREATER LIKELIHOOD OR PROBABILITY THAT THE HARM COMPLAINED OF WAS DUE TO CAUSES FOR WHICH THE DEFENDANT WAS RESPONSIBLE THAN FROM ANY OTHER CAUSE.

## COMPARATIVE NEGLIGENCE

IF YOU FIND THAT A PREPONDERANCE OF THE EVIDENCE DOES NOT SUPPORT THE PLAINTIFF'S CLAIM THAT THE DEFENDANT WAS NEGLIGENT, THEN YOUR VERDICT MUST BE FOR THE DEFENDANT.  IF, HOWEVER, A PREPONDERANCE OF THE EVIDENCE DOES SUPPORT THE PLAINTIFF'S CLAIM THAT THE DEFENDANT WAS NEGLIGENT, THEN YOU WILL NEED TO CONSIDER THE DEFENSE OF COMPARATIVE NEGLIGENCE RAISED BY THE DEFENDANT.

UNDER THIS DEFENSE, THE DEFENDANT HAS THE BURDEN OF PROOF TO SHOW, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE PLAINTIFF WAS NEGLIGENT AND THAT SUCH NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS INJURIES.

AS I NOTED EARLIER, NEGLIGENCE IS GENERALLY DEFINED AS THE FAILURE OF A PERSON TO EXERCISE THAT DEGREE OF CARE THAT A PERSON OF ORDINARY CARE AND PRUDENCE WOULD EXERCISE UNDER SIMILAR CIRCUMSTANCES IN ORDER TO AVOID INJURY.  IN GENERAL, THE PLAINTIFF IS PRESUMED TO ACT IN THE EXERCISE OF DUE CARE WITH REGARD TO HIS OWN WELL BEING.  WHAT I AM ASKING YOU TO DECIDE IS WHETHER THE PLAINTIFF FAILED TO EXERCISE THAT DEGREE OF CARE THAT AN ORDINARILY PRUDENT COMMERCIAL TRUCKER WOULD EXERCISE UNDER THE CIRCUMSTANCES EXISTING ON JUNE 27, 2002.

FOR EXAMPLE, THE PLAINTIFF'S NEGLIGENCE MAY CONSIST OF HIS UNFORESEEABLE MISUSE OF THE PRODUCT OR HIS FAILURE TO DISCOVER THE PRODUCT'S DEFECT OR HIS FAILURE TO GUARD AGAINST THE

24

POSSIBILITY THAT SUCH A DANGER EXISTS.  ESSENTIALLY, THE LAW
REQUIRES THE PLAINTIFF TO ACT REASONABLY WITH RESPECT TO THE
PRODUCT HE IS USING.  I FURTHER INSTRUCT YOU THAT THE STANDARD IS
OBJECTIVE.

IF YOU FIND THAT THE OCCURRENCE WAS PROXIMATELY CAUSED BY
NEGLIGENCE ON THE PART OF THE DEFENDANT, AND NOT BY NEGLIGENCE ON
THE PART OF THE PLAINTIFF, THEN THE PLAINTIFF IS ENTITLED TO
RECOVER THE FULL AMOUNT OF ANY DAMAGES THAT YOU MAY FIND HE HAS
SUSTAINED AS A RESULT OF THE OCCURRENCE.  IF, HOWEVER, YOU SHOULD
FIND THAT THE OCCURRENCE WAS PROXIMATELY CAUSED BY THE NEGLIGENCE
OF BOTH THE PLAINTIFF AND THE DEFENDANT, THEN YOU MUST COMPARE
THE PERCENTAGES OF THEIR NEGLIGENCE.

IF THE NEGLIGENCE OF THE PLAINTIFF IS OF LESSER OR EQUAL
DEGREE THAN THE NEGLIGENCE OF THE DEFENDANT, THEN THE PLAINTIFF
IS ENTITLED TO RECOVER ANY DAMAGES WHICH YOU MAY FIND HE HAS
SUSTAINED AS A RESULT OF THE OCCURRENCE, REDUCED BY THE AMOUNT OF
DAMAGES IN PROPORTION TO THE DEGREE OF THE PLAINTIFF'S OWN
NEGLIGENCE.  I CAUTION YOU THAT THE COURT WILL MAKE THE
APPROPRIATE REDUCTION TO ANY AMOUNT OF DAMAGES THAT YOU MAY FIND
UNDER A NEGLIGENCE THEORY.  I ASK YOU ONLY TO DETERMINE AN
APPROPRIATE PERCENTAGE FIGURE.  YOUR DAMAGE AWARD, IF ANY, SHOULD
NOT BE REDUCED BY ANY PERCENTAGE OR DEGREE OF FAULT ON THE PART
OF THE PLAINTIFF.

ON THE OTHER HAND, IF THE DEFENDANT WAS NOT NEGLIGENT OR IF THE NEGLIGENCE OF THE PLAINTIFF IS GREATER IN DEGREE THAN THE NEGLIGENCE OF THE DEFENDANT, THEN THE PLAINTIFF IS NOT ENTITLED TO RECOVER ANY DAMAGES AND YOU MUST FIND IN FAVOR OF THE DEFENDANT ON THE PLAINTIFF'S NEGLIGENCE CLAIM.  THE PLAINTIFF IS THEREFORE NOT ENTITLED TO RECOVER UNDER A NEGLIGENCE THEORY IF YOU FIND THAT HIS NEGLIGENCE PROXIMATELY CAUSED HIS INJURY AND THAT SUCH NEGLIGENCE, IN COMPARISON TO THAT OF THE DEFENDANT, IS GREATER THAN 50 PERCENT.

## DAMAGES

I WILL NOW INSTRUCT YOU ON THE SUBJECT OF DAMAGES.  THE FACT THAT I AM INSTRUCTING YOU NOW AND ELSEWHERE IN THESE INSTRUCTIONS ON THE SUBJECT OF DAMAGES IS NOT TO BE UNDERSTOOD AS AN OPINION BY ME AS TO WHETHER DAMAGES SHOULD OR SHOULD NOT BE ALLOWED. THIS IS A MATTER SOLELY WITHIN YOUR DISCRETION IN ACCORDANCE WITH THE RULES OF LAW THAT I AM NOW GIVING YOU.  AS WITH OTHER ELEMENTS, THE PLAINTIFF BEARS THE BURDEN OF PROVING HIS DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

GENERALLY SPEAKING, THE MEASURE OF DAMAGES IS THAT AMOUNT THAT WILL ADEQUATELY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THE INJURIES HE SUSTAINED WHICH RESULTED FROM THE DEFENDANT'S WRONGDOING.  ANY DAMAGES YOU MAY DECIDE TO AWARD SHOULD BE REASONABLE IN AMOUNT.

THE GENERAL PURPOSE OR GOAL OF AWARDING MONETARY DAMAGES IS TO RESTORE THE PLAINTIFF, TO THE EXTENT POSSIBLE, TO THE POSITION HE WOULD HAVE BEEN IN IF THE WRONG HAD NOT OCCURRED.  THE HALLMARK IS COMPENSATORY DAMAGES.  THE PURPOSE OF THE LAW IN AWARDING DAMAGES IS TO COMPENSATE THE PLAINTIFF FOR THE LOSSES INCURRED BECAUSE OF ANOTHER PERSON'S NEGLIGENT CONDUCT.  DAMAGES ARE MEANT TO BE COMPENSATORY AND ARE NOT MEANT TO BE A PUNISHMENT AGAINST THE DEFENDANT OR A WARNING FOR OTHERS.

I ALSO INSTRUCT YOU THAT DAMAGES SHOULD NOT BE SPECULATIVE

OR BASED ON CONJECTURE OR ON MERE POSSIBILITIES.  THE LAW DOES NOT, HOWEVER, REQUIRE THE PLAINTIFF TO ESTABLISH HIS DAMAGES WITH MATHEMATICAL PRECISION.  IN GENERAL, YOU SHOULD BE GUIDED BY YOUR COMMON SENSE.  DAMAGES SHOULD NOT BE BASED ON SYMPATHY, BIAS OR EMOTION.

WITH THESE PRINCIPLES IN MIND, YOU SHOULD CONSIDER THE FOLLOWING COMPONENTS OF A DAMAGES AWARD TO THE EXTENT YOU FIND THEM PROVEN BY A PREPONDERANCE OF THE EVIDENCE.  THUS, IN ARRIVING AT AN AMOUNT THAT WILL FAIRLY AND ADEQUATELY COMPENSATE THE PLAINTIFF FOR HIS INJURIES, YOU SHOULD INCLUDE THE REASONABLE VALUE OF THE PLAINTIFF'S PAST MEDICAL EXPENSES IF THESE EXPENSES WERE REASONABLY NECESSARY FOR HIS TREATMENT.  THE PLAINTIFF IS REQUIRED TO RECOVER FOR WHATEVER PAST EXPENSES HE PROVES ARE REASONABLY REQUIRED TO DIAGNOSE AND TREAT ANY CONDITION BROUGHT ON BY THE ACCIDENT OR THE RESULTING INJURIES.

IN ADDITION TO MEDICAL EXPENSES, YOU SHOULD AWARD THE PLAINTIFF HIS LOSS OF EARNING CAPACITY FROM THE TIME OF THE INJURIES TO THE PRESENT.  THE PLAINTIFF IS NOT SEEKING AN AWARD FOR FUTURE LOSS OF EARNING CAPACTITY.

RECOVERY FOR DAMAGES FOR LOSS OF EARNING CAPACITY IN THE PAST COMPENSATES A PLAINTIFF FOR THE DIFFERENCE BETWEEN THE INCOME HE COULD EARN BEFORE HIS INJURY AND THE INCOME HE COULD EARN AFTER THE INJURY DURING THE PERIOD OF PROVEN DISABILITY. ASSESSING DAMAGES FOR SUCH AN IMPAIRMENT RESTS LARGELY UPON YOUR

28

COMMON SENSE.  IN MAKING THIS ASSESSMENT, YOU MAY CONSIDER EVIDENCE SUCH AS EARNINGS OR WAGES BEFORE AND AFTER THE INJURY AS WELL AS THE PLAINTIFF'S OCCUPATIONAL EDUCATION AND EXPERIENCE. LOST EARNING CAPACITY CONSISTS OF THE DIFFERENCE BETWEEN WHAT THE PLAINTIFF WOULD HAVE BEEN CAPABLE OF EARNING IF NOT INJURED AND WHAT THE PLAINTIFF IS LIKELY TO BE ABLE TO EARN AFTER SUSTAINING THE INJURY.  IN OTHER WORDS, LOST EARNING CAPACITY IS THE AMOUNT BY WHICH THE PLAINTIFF'S ABILITY TO GENERATE EARNINGS HAS BEEN DIMINISHED AS A RESULT OF DEFENDANT'S NEGLIGENT CONDUCT.

YOU SHOULD ALSO AWARD SUCH SUM AS WILL REASONABLY COMPENSATE THE PLAINTIFF FOR HIS BODILY INJURY AND RESULTING PAIN AND SUFFERING, DISABILITY, DISFIGUREMENT, MENTAL ANGUISH AS WELL AS THE LOSS OF HIS ENJOYMENT OF LIFE THAT HE HAS EXPERIENCED IN THE PAST AND THAT HE IS REASONABLY CERTAIN TO EXPERIENCE IN THE FUTURE.  PAIN AND SUFFERING MAY THEREFORE INCLUDE EMOTIONAL PAIN AND SUFFERING INCLUDING INCREASED ANXIETIES AS A RESULT OF THE DEFENDANT'S NEGLIGENCE.

THERE IS NO EASY WAY TO PLACE A DOLLAR FIGURE ON PAIN AND SUFFERING AS WELL AS THE OTHER ABOVE ENUMERATED ITEMS.  WHAT I ASK YOU TO DO, HOWEVER, IS TO FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THESE DAMAGES ON THE BASIS OF THE EVIDENCE YOU HAVE RECEIVED IN THIS CASE.  YOU SHOULD FAIRLY AND IMPARTIALLY CONSIDER THE EVIDENCE AND YOU SHOULD NOT ALLOW SYMPATHY TO

INFLUENCE YOUR DETERMINATION.

## UNANIMOUS VERDICT AND CONCLUSION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE THERETO.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE ALREADY SELECTED PAUL SULLIVAN TO ACT AS YOUR FOREPERSON.  AS FOREPERSON, MR. SULLIVAN WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.  A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

31

YOU WILL TAKE THE SPECIAL VERDICT FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE THE FOREPERSON FILL IT IN, DATE AND SIGN IT, AND THEN RETURN TO THE COURTROOM.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE MARSHAL WHO WILL BRING IT TO MY ATTENTION.  I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT TIME.