UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH W. WALSH,<br>    Plaintiff,<br><br>V.<br><br>PACCAR, INC.,<br>    Defendant. | )<br>)<br>)<br>)   C.A. NO. 04-10304-MBB<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS AND
<u>MOTION TO REVIEW COURT'S TAXATION OF COSTS</u>**

Plaintiff hereby opposes defendant's bill of costs and moves this Honorable Court to review the taxation of costs in this matter. As grounds therefor, plaintiff states that the bills and allowance for fees and disbursements for witnesses and printing and exemplification of papers are unreasonable and unnecessary.

Plaintiff moves that the Court deny any costs to the defendant, as this was not a frivolous case and involved a close issue over the defendant's negligence in the design of the subject vehicle. As such, the defendant should not be allowed costs.

In the event the Court is amenable to awarding costs to the defendant, plaintiff objects and opposes the following items contained in defendant's bill of costs.

**I.    FEES FOR WITNESSES**

Plaintiff asks that the Court strike the costs associated with the appearance and attendance at trial, of defendant's employee, Richard Sedgley. Mr. Sedgley testified only one day for a short time and yet defendant seeks to have plaintiff foot the entire bill for his week-long stay in Boston to observe the trial. Plaintiff further disputes the obligation to pay any costs for the appearance of an employee of the defendant, called by the defendant.

In the event the Court does feel plaintiff is responsible for costs associated with the defendant's employee testifying at trial, plaintiff asserts that this responsibility should be limited to airfare and one night of hotel, for a total of approximately $600.

**II.    FEES AND DISBURSEMENTS FOR PRINTING**

In their bill of costs, defendant seeks $1,013.90 in costs associated with "Fees for disbursements for printing." In that breakdown, it claims that it needed 10,139 copies of documents for the defense of this case. It allegedly halved the number of copies actually

needed and came up with the number "5,069.5." It then multiplied that number by .20 (apparently 20 cents per page) and came up with $1,013.90.

The documents supplied by the plaintiff to defendant were copies of plaintiff's medical records and bills, which comprised approximately 170 pages. Defendant never issued or sought any subpoenae for other records and the only other records produced by either party were the documents defendant produced in response to plaintiff's requests. These documents, including the truck manual and other PACCAR documents, amounted to approximately 196 pages. As a result, the only documents truly in use during the trial and any preparation for the trial amounted to approximately 366 pages. Our costs for copying such documents would be approximately .05 per page, for a total of $18.30. As a result, plaintiff asks that the Court reject the award of costs for "Fees for disbursements for printing" and substitute a reasonable amount, to wit $18.30.

## III.   FEES FOR EXEMPLIFICATION OF PAPERS

Plaintiff also seeks review of the taxation of costs for "Fees for exemplification of papers." In the defendant's breakdown, it asserts that it needed 124 color photographs of the truck and 42 enlarged and mounted black & white copies of the operator's manual, for a total of $484.58. According to the attached bill, this included 124 color "blowbacks" and 42 enlarged and mounted "B&W" (assumed to mean black and white).

The first issue here is the number of copies. There were nowhere near 124 photographs, or 42 enlarged black & white images used at trial. In fact, at trial, defendant marked and/or introduced 20 exhibits. Of those, 14 were single blown-up and mounted photographs; 2 were single blown-up and mounted black & white images; three were actual truck parts; and, one was regular copies of 54 pages of the operator's manual. A copy of the Exhibit and Witness List is attached hereto as Exhibit A.

As a result, defendant should only be allowed the reasonable costs associated with these 16 blown-up images, which plaintiff would argue amounts to $31.50, according to the bill submitted, plus $6.26 for "tech time", which represents the percentage of time for 16 of the alleged 166 images on the bill. This would total 37.76.

Plaintiff disputes the charge for $2,066.55 for 78 enlargements and mountings of "color" (assumed to also mean color photographs). Plaintiff first questions how this bill is different than the previous bill, as that bill provided for "blowbacks" and enlargement of 166 images. In this outrageous bill, they seek an additional $2,006.55 ($24.50 each) for 78 enlargements and mounts. As noted above, only 14 enlarged and mounted color photographs were used at trial. Plaintiff would thus seek to strike this cost as unreasonable and duplicative. In the alternative, plaintiff would ask that the Court reduce this bill to reflect a reasonable charge for the 14 color enlargements actually used at trial. At most, this should be $343 (14 x 24.50).

Finally, plaintiff disputes the bill from Scientific Boston for additional photos, trial boards, courier fees and "test hardware." This is a bill from the defendant's expert,

who was not allowed to give testimony by the Court, due to defendant's late notice of the expert. As a result, none of the evidence about, or the photos of his testing, was admitted into evidence. Plaintiff would thus request that this bill be stricken in its entirety.

## IV.   CONCLUSION

As a result of the above, plaintiff moves defendant not be allowed costs, or, in the alternative, that the taxation of costs be reduced to a reasonable amount, not to exceed $2,017.41.

>
> Plaintiff,
> By his attorneys,
> WILLIAMS & ASSOCIATES
>
>
> s/Christopher S. Williams
> Christopher S. Williams
> BBO# 528465
> 11 Beacon Street, Suite 1100
> Boston, MA 02108
> (617) 303-0909

DATED: 04/02/06